LAW OFFICES OF BRETT CURLEE
Brett B. Curlee, Esq. (SBN 151058)
11377 W. Olympic Boulevard, Suite 200
Los Angeles, CA 90064
Telephone: (310) 203-3084
Facsimile: (310) 203-3071
Email: Brett.Curlee@TheCurleeLawFirm.com

Attorneys for the Movant and Chapter 7
Trustee, WESLEY H. AVERY

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LETITIA LOUISE WELLINGTON,<br><br>Debtor. | CASE NO. 2:17-bk-23651-NB<br><br>[Chapter 7]<br><br>NOTICE OF MOTION BY THE CHAPTER 7 TRUSTEE, WESLEY H. AVERY, FOR ORDER APPROVING COMPROMISE OF CONTROVERSY REGARDING STIPULATION FOR THE CHAPTER 7 TRUSTEE TO SELL THE SINGLE FAMILY RESIDENCE (1353 Hauser Boulevard, Los Angeles, CA 90036) AND TO CONTINUE THE HEARING ON THE MOTION TO CONSOLIDATE (Docket No. 43) BETWEEN THE CHAPTER 7 TRUSTEE, WESLEY H. AVERY, THE DEBTOR, LETITIA LOUISE WELLINGTON, THE DEBTOR'S SPOUSE, AMOS Q. WELLINGTON, AND MICHAEL DURAND MADISON, SR.<br><br>Date: October 2, 2018<br>Time: 10:00 a.m.<br>Courtroom: 1545<br>Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street<br>Los Angeles, CA 90012-3300 |

PLEASE TAKE NOTICE that Wesley H. Avery, as Chapter 7 Trustee ("Trustee"), for the bankruptcy estate of the Debtor, Letitia Louise Wellington (the "Debtor"), has filed the "Motion by the Chapter 7 Trustee, Wesley H. Avery, for Order Approving Compromise of Controversy Regarding Stipulation for the Chapter 7 Trustee to Sell the

Single Family Residence (1353 Hauser Boulevard, Los Angeles, CA 90036) and to Continue the Hearing on the Motion to Consolidate (Docket No. 43) between the Chapter 7 Trustee, Wesley H. Avery, the Debtor, Letitia Louise Wellington, the Debtor's Spouse, Amos Q. Wellington, and Michael Durand Madison, Sr.; Memorandum of Points and Authorities; Declaration of Wesley H. Avery In Support Thereof" ("Motion"), and the Trustee thereby moves to resolve this bankruptcy estate's claims regarding the below described real property as set forth in the "Stipulation for the Chapter 7 Trustee to Sell the Single Family Residence (1353 Hauser Boulevard, Los Angeles, CA 90036) and to Continue the Hearing on the Motion to Consolidate (Docket No. 43) between the Chapter 7 Trustee, Wesley H. Avery, the Debtor, Letitia Louise Wellington, the Debtor's Spouse, Amos Q. Wellington, and Creditor Michael Durand Madison, Sr." (the "Stipulation") attached to the Motion as Exhibit "1." In support thereof, the Trustee respectfully represents and states as follows:

I.
## INTRODUCTION

The Debtor, Letitia Louise Wellington (Debtor") and her spouse, Amos Q. Wellington ("Mr. Wellington") own a single family residence at 1353 Hauser Boulevard, in Los Angeles, CA 90036 (the "Property"). They contend their assets and liabilities are separate. The chapter 7 Trustee, Wesley H. Avery ("Trustee") determined all of their assets were community property, which the Debtor and Mr. Wellington disputed. The Debtor amended her schedules to claim a $175,000 homestead exemption in the Property. The Trustee disputed the Debtor's right to claim a homestead exemption in the Property.

Creditor, Michael Durand Madison, Sr. ("Mr. Madison"), filed a motion to consolidate the Estates of the Debtor and Mr. Wellington and contended that the assets of the Debtor and Mr. Wellington were not separate property. Mr. Madison holds a lien against the Subject Property, as explained below. Subsequently, the Trustee, the Debtor, Mr. Wellington, and Mr. Madison entered into settlement discussions and agreed to resolve the dispute pertaining to the Property and the Debtor's homestead exemption. Pursuant to the settlement, the Trustee will sell it. The Debtor and Mr. Wellington have agreed to move out of the Property so it can be staged and sold and to waive their homestead exemption in the amount of $55,000, of which $45,000 will go to the bankruptcy estate and $10,000 to the Debtor's attorney. The settlement pertains exclusively to the Property and not to any other assets of the bankruptcy estate.

The Trustee believes the settlement is in the Estate's best interest and should be approved by the Court pursuant to the Stipulation between the Trustee, the Debtor, Mr. Wellington, and Mr. Madison on the terms stated in the stipulation, which is attached to the Motion as Exhibit "1" ("Stipulation") for the reasons stated below.

II.
## STATEMENT OF FACTS

1. On November 4, 2017, the Debtor filed a voluntary petition under Chapter 13 to commence this bankruptcy case. On April 9, 2018, this bankruptcy case was converted to Chapter 7. Mr. Wellington is married to the Debtor but is not listed as a co-debtor in the petition.

2. In the "Voluntary Petition for Individual Filing for Bankruptcy," the Debtor stated the Property is her residence. In "Schedule A/B: Property" the Property is identified as a single family residence and the Debtor claims she is the only person with an interest in the Property pursuant to a "DEED OF TRUST." She gave the Property a fair market value of $1,200,000 and stated the value of her interest is $1,200,000. The Trustee's investigation showed the Debtor and Mr. Wellington own the Property, as husband and wife, joint tenants.

3. In "Schedule C: The Property You Claim as Exempt", the Debtor did not exempt any value in the Property. In "Schedule D: Creditors Who Have Claims Secured by Property", Debtor listed debts secured by the Property including a mortgage in favor of Rushmore Loan Management Services for $718,614. ("First Mortgage") and a disputed, contingent, secured claim in favor of Madison, for a mortgage in the amount of $96,000 ("Second Mortgage"). Madison's proofs of claim included a secured claim for monies due on the Second Mortgage and an unsecured claim for $126,768.44 for materials he purchased to renovate the Property. The Debtor disputed Madison's claims.

4. The Trustee also contends there are other assets belonging to the Estate not listed in the Debtor's Schedules, including, Blan Well Auto Sales, which is an auto resale and brokerage business the Debtor and Mr. Wellington own, and which Mr. Wellington operates.

5. At the May 7, 2018 341a creditors meeting the Debtor stated she would amend her schedules to, among other things, list Blan Well Auto Sales and its business bank account. The Amended Schedules were filed May 17, 2018 (Docket No. 47).

6. After the May 15, 2018 creditors meeting, Mr. Madison, filed the "Motion for Substantive Consolidation of the Estate of the Debtor and Non-Debtor Spouse Amos Q. Wellington" (Docket 43) (the "Motion") to consolidate this Estate with the estate of the non-debtor spouse, Mr. Wellington.

7. In the Motion, Mr. Madison argued both estates should be consolidated because the Debtor and Mr. Wellington were acting as a "joint economic unit" and held themselves out as such to obtain the loans noted above from Mr. Madison. Mr. Madison also argued the Debtor and Mr. Wellington's finances were so entangled their estate should not be treated as separate. Lastly, Mr. Madison argued that consolidation would benefit their creditors.

8. The Debtor opposed the Motion by Opposition (Docket No. 56), filed on May 29, 2018. In the Opposition, she argues her finances are separate from Mr. Wellington's, and Mr. Madison failed to show any jointly held debts by the Debtor and Mr. Wellington or to demonstrate they acted as a single "economic unit", and she argued there was no entanglement of their finances. Mr. Madison filed his reply (Docket No. 57) to the Opposition on June 4, 2018.

9. The Motion was set for hearing on June 12, 2018 at 11:00 a.m. but was continued on request of Mr. Madison and the Debtor to July 17, 2018 at 11:00 a.m. for the parties to engage in discussions to resolve all or some of the issues between them and with the Trustee. The hearing on the Motion is presently set for October 16, 2018 at 11:00 a.m.

10. On May 17, 2018, the Debtor filed Amended Schedules (Docket No. 47). In amended "Schedule A/B: Property", she listed several undeveloped raw real parcels of land, Blan Well Auto Sales and its bank account, none of which were listed in the original schedules. The Debtor also listed a claim for malpractice, breach of contract, and usury against Mr. Madison and he identified the claim as speculative and valued it at $00.00.

11. The Debtor did not list a homestead exemption in the original schedules. In amended "Schedules C: The Property You Claim as Exempt", Debtor claimed a homestead exemption in the amount of $175,000 under *C.C.P. §704.730*.

12. The Trustee disputes Debtor's right to claim a homestead exemption in the Property. The Trustee contends the Debtor and Mr. Wellington signed an agreement with Mr. Madison whereby they agreed Mr. Madison would renovate the Property for purposes of selling it for profit. Madison agreed to loan $96,000 on a secured basis, and contributed $126,768.44 on an unsecured basis for materials purchased to renovate the Property. The Trustee and Madison contend the Property was transformed from Debtor's residence into an investment property.

13. Mr. Madison contends the agreement regarding the Property calls for the profits from the sale to be split 70% for Madison and 30% for the Debtor and Mr. Wellington after the

loans are repaid. The Trustee contends the Debtor and Mr. Wellington moved out of the Property so it could be renovated and sold as an investment home to the highest bidder.

14. At the Trustee's request, Jan Neiman, a licensed real estate broker, and owner of Neiman Realty (the "Agent" or "Ms. Neiman") inspected the Property interior and exterior on May 1, 2018 and advised the Trustee its fair market value is $1,250,000.

15. The Trustee believes the Property has equity of approximately $133,509.90, or as much as $308,509.90 if the homestead exemption were to be disallowed after objection by the Trustee. The Agent determined the highest and best price for the Property would be realized if the Debtor and Mr. Wellington move out, so the Property can be stage for sale. The Debtor and Mr. Wellington agree the highest and best price will be obtained if the Property is staged.

16. The parties entered into discussions, and have now agreed to the terms of the Stipulation to resolve the disputes between them as to the Property. All of the parties agree it is in the best interest of all parties to this Stipulation for the Trustee to market and sell the Property.

17. Under the terms of the Stipulation the Debtor and Mr. Wellington agree that the Property is a community asset and 100% of the Property is a Bankruptcy Estate asset under 11 U.S.C. §541(a)(2) and that the Trustee can market and sell the Property to benefit the Estate.

18. Mr. Wellington waives the provisions of *11 U.S.C. §363(h)* regarding the sale and any claim he has against the estate concerning the Property, except for the homestead exemption claimed by the Debtor in the amended Schedules filed May 17, 2018 wherein the Debtor claimed a $175,000 homestead exemption under *C.C.P. §704.730*. The Debtor and Mr. Wellington agree they have one joint exemption for $175,000 in the Property as alleged in Debtor's Amended Schedules filed May 17, 2018 (Docket No. 47).

19. The Debtor and Mr. Wellington agree that, from the $175,000 homestead exemption proceeds, $45,000 will be paid to the Trustee at close of escrow for the Property sale (subject to certain restrictions stated below), and $10,000 shall be paid to the Debtor's attorney at close of escrow for attorney fees and costs owed to their attorney. The Debtor and Mr. Wellington will receive $120,000 pursuant to their homestead exemption under *C.C.P. §704.730*, which will be paid from escrow when the Property sale closes.

20. Ms. Neiman agrees to advance the cost of the moving company to move the Debtor and Mr. Wellington out of the Property if they cannot pay this cost themselves. If Ms. Neiman pays for the move out cost, the Agent will select the moving company. Separate from and in addition to any sale commission for the Agent to sell the Property that is approved by the Court, the Debtor and Mr. Wellington agree the cost of a moving company paid by the Agent shall be deducted from the homestead exemption proceeds of $120,000 and paid to the Agent at close of escrow for the Property to reimburse the Agent for costs advanced for the move out.

21. The Debtor and Mr. Wellington waive any exemption or other claim they have, to homestead exemption proceeds paid to the Trustee and the Bereliani Law Firm, PC, pursuant to the Stipulation. In exchange, the Trustee waives his claim to dispute the homestead exemption monies paid from escrow to the Debtor and Mr. Wellington in the amount of $120,000.

22. Mr. Wellington also waives the provisions of *11 U.S.C. §363(i)* regarding any right that he may have to purchase the Property at the price at which a sale is to be consummated once the Trustee obtains a buyer for the Property whose offer the Trustee has accepted.

23. All parties agree sale proceeds in excess of claims secured by the Property, the homestead exemption, cost of sale, and real estate commissions shall be used to pay creditors of the Estate in accordance with the Bankruptcy Code as permitted by the Bankruptcy Court.

24. The $45,000 paid from escrow to the Trustee shall be held and subordinated and used to pay administrative and unsecured claims, but only to the extent the Property sale produces insufficient funds to pay unsecured creditors and administrative claimholders. Any

-4-

portion of the $45,000 not used to pay unsecured creditors or administrative claimants shall be returned to the Debtor and Mr. Wellington when the Court approves the Trustee's final report.

25. The Debtor and Mr. Wellington agree to move out of the Property within 35 days after the date the Stipulation was signed by all of the parties, which is September 25, 2018. They may take the kitchen stove and microwave oven with them, if they choose, but all other fixtures shall not be detached from the Property or removed.

26. If the Debtor and/or Mr. Wellington do not turnover the Property by September 25, 2018, the Trustee is authorized to obtain a writ of possession to evict the Debtor, Mr. Wellington, and each of them, from the bankruptcy court on ex parte application and to utilize the U.S. Marshal Service to aid in enforcing any order the bankruptcy court issues.

27. The Motion to Consolidate shall be continued for 120 days from and after October 16, 2018 at 11:00 a.m. to a date and time convenient to the Court's calendar so that the Property can be sold.

28. The Stipulation pertains only to the Property and shall not affect any of the rights, claims, or defenses thereto, or assets, or rights to assets that are held by the Debtor, Mr. Wellington, Mr. Madison, or the Estate, except as stated in the Stipulation.

III.

ARGUMENT

A. Upon Court approval, a chapter 7 trustee may compromise claims of the Estate.

The power of the Court to review and approve settlements is expressly recognized in the Federal Rule of Bankruptcy Procedure, Rule 9019(a), which provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

[*Federal Rule of Bankruptcy Procedure 9019(a)*.] Approval of a compromise is a core matter. [28 U.S.C. §157(b)(2)(A) and (O); *In re Carla Leather, Inc.*, 50 B.R. 764, 775 (S.D.N.Y. 1985)]

B. The Court may approve the compromise if it is in the Estate's best interest and is fair and equitable to creditors.

The purpose of compromising a claim held by a bankruptcy estate is to allow parties to avoid the expense and burden associated with litigation. (*Martin v. Kale (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. denied sub nom, Martin v. Robinson*, 479 U.S. 854 (1985).) The bankruptcy court has great latitude in approving compromise agreements as long as it is fair and equitable. (*Id.* at 1382; *see also, Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988).) Generally, the benchmark in determining a settlement's propriety is whether it is in the best interest of the bankruptcy estate and its creditors. (*In re Energy Cooperative, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989).)

To be approved, a settlement need not represent the highest possible return, but merely fall within a "range of reasonableness." (*In re Mailman Stem Carpet Cleaning Corp., 212 F.3d 632 (1st Cir.), cert. denied, 531 U.S. 960, 120 S.Ct. 2661, 147 L.Ed.2d 275 (2000).*) In making this determination, a bankruptcy court need not conduct a trial or "mini-trial" on the merits. (*In re Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1992).) To determine fairness, reasonableness, and adequacy of a proposed settlement, the following factors are considered:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the latter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, an delay necessarily attending it; (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises.

(*In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cr. 1986); *Woodson*, 839 F.2d at 620.) The

Court weighs the above factors to determine if the compromise is in the Estate's best interest. (*A & C Properties*, 784 F.2d at 1382.)

The Trustee believes the Stipulation is in the Estate's best interest and is the most cost-effective expeditious method to resolve the dispute between the parties regarding the Property and the sale thereof. The Trustee believes the benefit of the Stipulation outweigh the costs of proceeding with litigation. The Trustee has therefore determined the settlement is fair based on his desire to minimize legal fees and costs. The Trustee contends the Court should approve the Stipulation after weighing *A & C Properties* factors, (a.), (c.), and (d.) as set forth above.

1. <u>Probability of success in litigating the Adversary Action.</u>

While the Trustee believes he would prevail in litigation to demonstrate Debtor's exemption in the Property does not apply, the Trustee must show the Debtor and Mr. Wellington did not live in the Property when the Debtor filed bankruptcy and that they moved out of the Property prior to Debtor's bankruptcy causing the Property's status to be transmuted from a homestead into an investment/speculation property exclusively for purposes of sale. In addition, the Trustee might also be required to engage in litigation with Mr. Madison regarding the extent and priority of his lien against the Property before selling the Property, and in particular in regards to the interest rate charged on the promissory note, including, but not limited to claims of usury.

2. <u>Difficulty in collection and complexity of litigation and expense, delay, and inconvenience attending it.</u>

The Stipulation provides a fair resolution of the disputes regarding the Debtor's homestead exemption vis-a-vie unsecured creditors in that it provides for a carve-out of $45,000 from the Debtor's homestead exemption to benefit the Estate. In addition, if the sale is completed at $1,250,000, the Estate would benefit by receiving at least $133,509.90, in addition to the $45,000 to resolve unsecured creditor claims. Importantly, the Stipulation provides for the Trustee to immediate proceed to sell the Property without the need to first litigate over the homestead exemption or the claim and liens of Mr. Madison. This eliminates the attendant delay caused by litigation in selling the Property. The Stipulation provides for the Debtor and Mr. Wellington to move out of the Property which will allow it to be staged and sold for maximum value.

3. <u>Paramount interests of creditors and benefit to the Estate.</u>

The Stipulation is in the Estate's best interest as it will eliminate the cost and delay associated with litigation and will maximize the recovery to the Estate.

## IV.
## CONCLUSION

Accordingly, the Trustee requests the Court grant this Motion, approve the Stipulation attached to the Motion as Exhibits "1", authorize the Trustee to execute all documents and take such actions as are reasonably necessary to effectuate the Stipulation without further court order, and that the Court grant such other and further relief as it deems just and proper.

PLEASE TAKE NOTICE that a copy of the Motion may be requested in writing and directed to the Brett B. Curlee at the Law Offices of Brett Curlee, at the address below.

PLEASE TAKE FURTHER NOTICE, that any response to the Motion must be in the form as required by Local Bankruptcy Rule 9013-1(o) and filed with the Clerk of the above-entitled Bankruptcy Court no later than fourteen (14) days from the date of service of this Notice and served on Brett B. Curlee, Esq., at the Law Offices of Brett Curlee, 11377 West Olympic Boulevard, Suite 200, Los Angeles, CA 90064 and the Office Of The United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017.

//
//

  Failure to timely respond may be deemed as acceptance of this settlement as proposed in the Motion and pursuant to the terms set forth in the Stipulation attached thereto as Exhibit "1."

Dated: September 4, 2018          LAW OFFICES OF BRETT CURLEE
                     BRETT B. CURLEE

                     By: /s/ Brett B. Curlee
                       Brett B. Curlee
                       Attorney for the Movant and Chapter 7
                       Trustee, WESLEY H. AVERY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Law Offices Of Brett Curlee, 11377 West Olympic Boulevard, Suite 200, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled: NOTICE OF MOTION BY THE CHAPTER 7 TRUSTEE, WESLEY H. AVERY, FOR ORDER APPROVING COMPROMISE OF CONTROVERSY REGARDING STIPULATION FOR THE CHAPTER 7 TRUSTEE TO SELL THE SINGLE FAMILY RESIDENCE (1353 Hauser Boulevard, Los Angeles, CA 90036) AND TO CONTINUE THE HEARING ON THE MOTION TO CONSOLIDATE (Docket No. 43) BETWEEN THE CHAPTER 7 TRUSTEE, WESLEY H. AVERY, THE DEBTOR, LETITIA LOUISE WELLINGTON, THE DEBTOR'S SPOUSE, AMOS Q. WELLINGTON, AND MICHAEL DURAND MADISON, SR. will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 4, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Chapter 7 Trustee: Wesley H Avery (TR)    wes@averytrustee.com, C117@ecfcbis.com;lucy@averytrustee.com;alexandria@averytrustee.com

- Attorney for the Chapter 7 Trustee:  Brett B Curlee    brett.curlee@thecurleelawfirm.com

- Debtor's Attorney:  Sanaz S Bereliani    berelianilaw@gmail.com, chris@berelianilaw.com;r48595@notify.bestcase.com

- Creditor's Attorney:  Stella A Havkin    stella@havkinandshrago.com, havkinlaw@earthlink.net;r49306@notify.bestcase.com

- Creditor's Attorney:  Michael F Chekian    mike@cheklaw.com

- Creditor's Attorney:  Merdaud Jafarnia    bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com

- United States Trustee:  United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On September 4, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

-8-

Case 2:17-bk-23651-NB    Doc 87    Filed 09/04/18    Entered 09/04/18 12:10:09    Desc
Main Document    Page 9 of 10

Debtor:
Letitia Louise Wellington
P.O. Box 351000
Los Angeles, CA 90035-9400

Other Parties:
Amos Q. Wellington
P.O. Box 351000
Los Angeles, CA 90035-9400

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 4, 2018 | Brett B. Curlee | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

## SERVICE LIST

Employment Development Dept
Bankruptcy Group MIC 92E
P.O. BOX 826880
Sacramento, CA 94280-0001

Equifax
PO Box 144717
Orlando, FL 32814-4717

Equifax
PO Box 740241
Atlanta, GA 30374-0241

Equifax Info Services LLC
Box 740256
Atlanta, GA 30374-0256

Experian
475 Anton Blvd
Costa Mesa, CA 92626-7037

Experian
Profile Management
PO Box 9558
Allen, TX 75013-9558

Experian
NCAC
PO Box 9556
Allen, TX 75013

Experian
NCAC
PO Box 9556
Allen, TX 75013-9556

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. BOX 2952
Sacramento, CA 95812-2952

Franchise Tax Board
Bankruptcy Section MS A340
P.O. BOX 2952
Sacramento, CA 95812-2952

Franchise Tax Board
PO Box 942867
Sacramento, CA 94267-0001

Internal Revenue Service
Centralized Insolvency Operations
PO BOX 7346
Philadelphia, PA 19101-7346

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

MTGLQ Investors, LP
C/O McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101-2607

MTGLQ Investors, LP
c/o Rushmore Loan Management Services
P.O. Box 55004
Irvine, CA 92619-5004

Rushmore Loan Management Services
PO Box 52708
Irvine, CA 92619-2708

Transunion Consumer Relations
PO Box 2000
Chester, PA 19016-2000

Trans Union Corporation
Attn: Public Records Department
555 W. Adams St.
Chicago, IL 60661-3631

Michael Durand Madison, SR
10736 Jefferson Blvd #633
Culver City, CA 90230-4933

Michael S. Madison, Sr.
10736 Jefferson Blvd #633
Culver City, CA 90230-4933

Michael D. Madison, Sr.
10736 Jefferson Blvd #633
Culver City, CA 90230-4933

Michael D. Madison Sr.
c/o Stella Havkin
5950 Canoga Avenue, Ste 400
Woodland Hills, CA 91367-5037