1  BRETT B. CURLEE (SBN 151058)
   LAW OFFICES OF BRETT CURLEE
2  11377 W. Olympic Blvd, Suite 200
   Los Angeles, California 90064
3  Telephone: (310) 203-3084
   E-mail: Brett.Curlee@TheCurleeLawFirm.com
4
   Attorney for the Movant and Chapter 7
5  Trustee, WESLEY H. AVERY

6                 UNITED STATES BANKRUPTCY COURT

7                 CENTRAL DISTRICT OF CALIFORNIA

8                      LOS ANGELES DIVISION

9

10  In re:                          Bankr. Case No. 2:17-bk-23651-NB

    LETITIA LOUISE WELLINGTON,
11                                  [Chapter 7]

12                    Debtor.       MOTION FOR ISSUANCE OF ORDER
                                    DIRECTING AMOS Q. WELLINGTON,
13                                  KOUSHA BEROKIM, AND BEROKIM & DUEL
                                    P.C. TO SHOW CAUSE WHY THEY SHOULD
14                                  NOT BE HELD IN CIVIL CONTEMPT OF
                                    COURT (FRBP 9020); MEMORANDUM OF
15                                  POINTS AND AUTHORITIES;
                                    DECLARATIONS OF BRETT B. CURLEE
16                                  AND WESLEY H. AVERY IN SUPPORT
                                    THEREOF
17
                                    Date:  [To be set by the Court]
18                                  Time:  [To be Set by the Court]
                                    Courtroom: 1545
19                                  Edward R. Roybal Federal
                                    Building and Courthouse
20                                  255 E. Temple Street
                                    Los Angeles, CA 90012-3300
21
    TO THE HONORABLE NEIL W. BASON:
22
         The Chapter 7 Trustee, Wesley H. Avery ("Trustee"), hereby
23
24  moves the Court to issue an Order to Show Cause why Amos Q.

25  Wellington ("Wellington"), Kousha Berokim ("Berokim"), and Berokim

26  & Duel, P.C. (Wellington, Berokim, and Berokim & Duel, P.C. are

27  collectively referred to as "Respondents", unless otherwise

28
                                   -1-

stated.) should not be held in civil contempt for violating the automatic stay that took effect when the Debtor in the above-referenced bankruptcy case, Mrs. Letitia Louise Wellington ("Debtor"), filed bankruptcy on November 4, 2017.

This Motion is made and is based on this Motion, the attached Memorandum of Points and Authorities, and the Declarations of Brett B. Curlee and Wesley H. Avery attached to hereto.

1. On November 4, 2017 the Debtor filed a chapter 13 petition to commence this Bankruptcy Case. The chapter 13 was converted to chapter 7 on April 9, 2018.

2. The moving party is the duly appointed and acting chapter 7 trustee for this bankruptcy case.

3. The Debtor and her spouse, Wellington, own a single family residence at 1353 Hauser Boulevard, Los Angeles, CA 90019 ("Hauser"). Hauser became an estate asset when the Debtor filed bankruptcy. They both acknowledged Hauser is a community asset, but they disputed a $96,000 promissory note in favor of Michael Durand Madison, Sr. ("Madison") that is secured by a second trust deed against Hauser.

4. Madison filed two proofs of claim in this bankruptcy case. Proof of Claim No. 2, is a secured claim for $119,580 based on his secured note and a $126,768.44 unsecured claim for monies he claims he advanced to renovate Hauser. Madison broke out the unsecured claim separately in Proof of Claim No. 3.

5. This bankruptcy court has exclusive jurisdiction over Hauser, Madison's claims filed in the bankruptcy case, Madison's lien against Hauser pursuant to the Second Mortgage, and any claims held by the Debtor and/or Wellington arising from the Second Mortgage. Both the Debtor and Wellington have acknowledged that all of their assets are community property. The claims are listed as Estate assets in Debtor's amended "Schedule A/B: Property", filed May 17, 2018.

6. Regardless, on August 28, 2018, in violation of the automatic stay, Wellington caused to be filed the complaint to commence the state court action, entitled, Amos Wellington v. Michael Madison, L.A.S.C. Case No. BC719604 ("Lawsuit"), which alleges causes of action that are assets of this bankruptcy estate, including, causes of action for usury, quiet title, and declaratory relief all based on the Second Mortgage. Berokim and Berokim & Duel, P.C. are the attorneys for Wellington in the Lawsuit. As set forth in the attached declaration of Brett B. Curlee the Respondents are aware of this bankruptcy case, the automatic stay, and that the causes of action they are asserting belong to the Estate. Nevertheless, they are knowingly and intentionally proceeding with the Lawsuit in disregard of the fact that they are assets of the Estate.

7. The Trustee has claimed the causes of action identified in the Lawsuit complaint for the Estate. Since September 12,

-3-

2018, and as detailed in the attached declaration of Brett B. Curlee, the Trustee has made repeated demands via letter, email, and telephone messages that the Respondents, and each of them, must cease and desist from prosecuting the Lawsuit because it violates the automatic stay and must be dismiss.

8.     Despite the Trustee's repeated demands, the Respondents have refused to dismiss the Lawsuit and are proceeding with litigation. Berokim mispresented to Trustee's counsel that they had not served the complaint. The true facts are that the Lawsuit was served on Madison, Madison has answered, and a case management conference is scheduled in the Lawsuit for December 10, 2018 at 8:30 a.m. in Department 32 of the Los Angeles Superior Court at 111 North Hills Street, Los Angeles, CA 90012.

9.     The Estate is now being damaged and adversely affected by the Lawsuit. As a result of the violation of the automatic stay, the Trustee has been unable to resolve the Madison claims filed in the Bankruptcy Case, which is also directly affecting administration of Hauser which is "for sale", but cannot be sold because the Trustee cannot advise escrow of the amount of Madison's claim to pay, if anything due to the Lawsuit. The Respondents are interfering with the Trustee's powers under the Bankruptcy Code to administer assets, and to object to claims via the Lawsuit in a forum without jurisdiction over the assets or causes of action in issue.

-4-

1      10.    The actions of Wellington, Berokim, and Berokim & Duel,

2   P.C. constitute civil contempt and justify issuance of Order to

3   Show Cause re Civil Contempt.    An order holding the Respondents

4   and each of them in contempt is necessary to protect the

5   interests of the Estate in Hauser and the causes of action

6   
7   alleged in the Lawsuit, all of which pertain to Hauser and the

8   Second Mortgage against Hauser.

9      11.    The Trustee requests the Court issue an order to show

10   cause why Respondents should not be held in contempt, and then

11   issue an order holding them in contempt as follows: (1.) void any

12   action taken by the Respondents in the Lawsuit; (2.) order the

13   Respondents to dismiss the state court action without prejudice;

14   and, (3.) order the Respondents to pay the fees and costs of

15   Trustee's counsel to bring this contempt motion.

16   
17      WHEREFORE, Wesley H. Avery, Chapter 7 Trustee, prays that

18   the Court issue its Order to Show Cause pursuant to *11 U.S.C.*

19   *§105, Federal Rule of Bankruptcy Procedure 8020* and *Local*

20   *Bankruptcy Rule 9020-1* in substantially the form of the Proposed

21   Order to Show Cause separately lodged with the Court.

22   Dated:   November 1, 2018        LAW OFFICES OF BRETT CURLEE
23                                    BRETT B. CURLEE

24
25
                              By: _____
26                                    Brett B. Curlee
                                  Attorneys for the Movant
27                                and Chapter 7 Trustee,
                                  WESLEY H. AVERY
28

-5-

1  BRETT B. CURLEE (SBN 151058)
   LAW OFFICES OF BRETT CURLEE
2  11377 W. Olympic Blvd, Suite 200
   Los Angeles, California 90064
3  Telephone: (310) 203-3084
   E-mail: Brett.Curlee@TheCurleeLawFirm.com
4
   Attorney for the Movant and Chapter 7
5  Trustee, WESLEY H. AVERY

6              UNITED STATES BANKRUPTCY COURT

7              CENTRAL DISTRICT OF CALIFORNIA

8                  LOS ANGELES DIVISION

9

10 In re:                          Bankr. Case No. 2:17-bk-23651-NB

   LETITIA LOUISE WELLINGTON,
11                                 [Chapter 7]

12              Debtor.            MEMORANDUM     OF     POINTS     AND
                                   AUTHORITIES  IN  SUPPORT  OF  MOTION
13                                 FOR    ORDER    DIRECTING    AMOS    Q.
                                   WELLINGTON,   KOUSHA   BEROKIM,   AND
14                                 BEROKIM & DUEL P.C. TO SHOW CAUSE
                                   WHY  THEY  SHOULD  NOT  BE  HELD  IN
15                                 CIVIL   CONTEMPT   OF   COURT   (FRBP
                                   9020)  AND  FOR  ORDER  HOLD  AMOS  Q.
16                                 WELLINGTON,   KOUSHA   BEROKIM,   AND
                                   BEROKIM & DUEL P.C. IN CONTEMPT OF
17                                 COURT;  MEMORANDUM  OF  POINTS  AND
                                   AUTHORITIES; DECLARATIONS OF BRETT
18                                 B.  CURLEE AND WESLEY H. AVERY IN
                                   SUPPORT THEREOF
19
                                   Date:  [To be set by the Court]
20                                 Time:  [To be Set by the Court]
                                   Courtroom: 1545
21                                 Edward R. Roybal Federal
                                   Building and Courthouse
22                                 255 E. Temple Street
                                   Los Angeles, CA 90012-3300
23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

I.

INTRODUCTION

The Chapter 7 Trustee, Wesley H. Avery ("Trustee"), requests

that the Court issue its order to show cause re: contempt, and for

order holding Mr. Amos Q. Wellington ("Wellington"), Kousha

Berokim, Esq. ("Berokim"), and Berokim & Duel, P.C. (Wellington,

Berokim, and Berokim & Duel, P.C. are collectively referred to as

"Respondents", unless otherwise stated.) in contempt of court.

The Trustee requests the Court issue an order to show cause

why Respondents should not be held in contempt, and then issue an

order holding them in contempt as follows: (1.) void any action

taken by the Respondents in the state court action they filed,

that is described below, which pertains to causes of action

belonging to the bankruptcy estate; (2.) order the Respondents to

dismiss the state court action without prejudice; and, (3.) order

the Respondents to pay the fees and costs of Trustee's counsel to

bring this contempt motion.

The Debtor, Letitia Louise Wellington ("Debtor"), and her

spouse, Wellington, own a single family residence at 1353 Hauser

Boulevard, Los Angeles, CA 90019 ("Hauser"). Hauser became an

estate asset when the Debtor filed bankruptcy. They acknowledged

Hauser is a community asset, but they disputed a $96,000

promissory note in favor of Michael Durand Madison, Sr.

1  ("Madison") that is secured by a second trust deed against Hauser.

2  Post-bankruptcy, Wellington filed a state court action
3  alleging claims for usury, quiet title, and declaratory relief
4  against Madison based on the note and second trust deed, which
5  resulted in the Trustee demanding dismissal of the lawsuit.
6

7  The Trustee has asserted the right to these claims and given
8  the Respondents notice the state court action must be dismissed.
9  They have refused after repeated demand by the Trustee.   They
10 continue to prosecute claims in state court that belong to the
11 estate and which are subject to this Court's jurisdiction, and
12 which resulted in the necessity of this motion.

13
14 Accordingly, and for the reasons more fully stated herein
15 below and the evidence attached hereto, the Trustee requests the
16 Court grant this Motion and hold Respondents in contempt.

17                                 II.

18                         STATEMENT OF FACTS

19 1.    This bankruptcy case was filed November 4, 2017 and
20 was converted from chapter 13 to chapter 7 on April 9, 2018.   In
21 the petition, Debtor states she owns Hauser which is security for
22
23 a   mortgage   for   $718,614   ("First   Mortgage")   and   a   disputed,
24 contingent, promissory note for $96,000 in favor of Madison for
25 monies lent ("Second Mortgage").   [**Exhibit ("Ex.") "1"**]

26 2.    Madison filed two proofs of claim.   Proof of Claim No.
27 2, is a secured claim for $119,580 based on his secured note and

28

- 2 -

1  a $126,768.44 unsecured claim for monies he claims he advanced to

2  renovate Hauser.   [**Ex. "2"**]   Madison broke out the unsecured

3  claim separately in Proof of Claim No. 3.   [**Exs. "3", "4"**]

4      3.   Real property records show the Debtor and Wellington

5  own Hauser as husband and wife, joint tenants.  [**Ex. "5"**]  On May

6  17, 2018, the Debtor amended "Schedule A/B: Property" to list

7  additional estate assets, including, potential claims she and

8  Wellington have against Madison "who is currently a lienholder"

9  on Hauser, including claims for malpractice, breach of contract,

10 and usury.   The Debtor disputes amounts owed to Madison in

11 "Schedule D: Creditors Who Have Claims Secured by Property".

12 [**Ex. "1"**]   The Debtor claimed a $175,000 homestead exemption in

13 the Amended Schedule "C" under *C.C.P. §704.730*.   [**Ex. "6"**]

14     4.   The  Trustee  disputed  the  homestead  exemption.    A

15 settlement was reached as of August 21, 2018 whereby the Debtor

16 and Wellington agreed Hauser is a community asset of the estate

17 under *11 U.S.C. §541(a)(2)* that the Trustee can liquidate for the

18 estate's  benefit.    [**Ex. "7"**]   The  order  approving  the

19 Stipulation, entered October 3, 2018, is final.  [**Ex. "8"**]

20     5.   On  August  28,  2018,  a  week  after  signing  the

21 Stipulation, without Trustee or Court authorization, Respondents

22 inexplicably filed a complaint for usury, quiet title, and

23 declarative relief against Madison in state court:   Amos

24 Wellington v. Michael Madison, L.A.S.C. Case No. BC719604

- 3 -

("Lawsuit") based on Second Mortgage. [**Ex. "9"**]

6. The Lawsuit complaint alleges Wellington signed a note with Madison secured by second trust deed against Hauser and he seeks damages for usury, attorney fees, and costs based on the note. He seeks to quiet title to Hauser by having Madison's deed of trust reconveyed. He seeks a declaration the interest rate provisions of note are null and void, and for a credit from Madison of all interest, fees, and attorney fees against the principle due on the promissory note, and a declaration releasing the deed of trust securing the note. He seeks \$750,000 in damages on the usury claim. [**Ex. "9"**]

7. On September 11, 2018, Trustee's attorney wrote Berokim that the causes of action stated in the Lawsuit belonged to the estate and are subject to Bankruptcy Court jurisdiction, the Lawsuit violated the stay, a motion for contempt would be filed if the Lawsuit wasn't dismissed, and the Trustee would seek attorney fees as part of a contempt motion. [**Ex. "10"**]

8. Berokim responded by email September 12, 2018 at 3:45 p.m. to advise he would discuss the matter with his client. He acknowledged the declaratory relief and quiet title claims applied to Hauser, but he refused to acknowledge the usury claim was an estate asset. He stated his client was entitled to legal damages as to the balance of the loan. He argued the usury claim were Wellington's aside from the estate. [**Ex. "11"**]

9.     Trustee's counsel responded September 14, 2018 at 7:59 a.m. and advised the usury claim arose from Second Mortgage and deed of trust, and as such was a claim concerning an estate asset and again stating the bankruptcy court has exclusive jurisdiction over claims affecting Hauser.     He advised the Trustee did not agree Wellington could amend his complaint to pursue usury "to the extent of determining his legal damages and the balance of the note, without referencing or seeking remedies as to the underlying deed of trust and the Property".    [**Ex. "11"**]    As acknowledge at the continued 341a creditors meeting held on August 23, 2018, both the Debtor and Wellington acknowledged all of their assets were community property.

10.     The Lawsuit wasn't dismissed so Trustee's attorney sent a second letter September 20, 2018 reiterating that prosecuting the Lawsuit violated the automatic stay and warning the Lawsuit must be dismissed.    [**Ex. "12"**]

11.     Berokim responded September 27, 2018 by email and advised he would inform Trustee's counsel of their decision how they would proceed by next week.    He asked to speak with Trustee's counsel on Monday afternoon.    Trustee's counsel sent an email that day at 11:23 a.m. advising he was unavailable and stating he could speak with Berokim that afternoon.    Berokim responded at 3:11 p.m. that he was in depositions and asked to speak Tuesday afternoon.    Trustee's counsel advised at 3:27 p.m.

- 5 -

1  that he was available after 4:00 p.m. on Tuesday and he warned no
2  action must be taken in the Lawsuit. [**Ex. "11"**]

3      12.  Berokim did not call on Tuesday, October 2, 2018, nor
4  did he leave any voice mail message with Trustee's counsel.
5  Trustee's counsel called Berokim on Thursday, October 4, 2018.
6  He did not answer so Trustee's counsel left a voice message
7  advising the Lawsuit must be withdrawn and email or voice mail
8  confirmation must be provided or the Trustee would proceed with
9  civil contempt. Berokim did not respond. [**Ex. "11"**]

10      13.  October 5, 2018 at 1:26 p.m., Trustee's counsel called
11  Berokim who did not answer. Trustee's counsel left a voice
12  message followed by an email at 4:18 p.m. confirming the voice
13  message and again advising Berokim and Wellington were violating
14  the stay and no further warnings would be given. [**Ex. "11"**]

15      14.  Berokim responded October 10, 2018 at 7:13 p.m. by
16  email, confirming the Lawsuit wasn't served and would be
17  dismissed later this week. On October 11, 2018 at 11:15 a.m.,
18  Trustee's counsel sent an email to Berokim confirming the
19  complaint was served, the Lawsuit wasn't dismissed, and Madison
20  had answered. [**Ex. "11"**] Berokim did not respond.

21      15.  On October 18, 2018 at 1:00 p.m., Trustee's counsel
22  sent an email giving Berokim final warning the Lawsuit must be
23  dismissed by Monday October 22, 2018 at 5:00 p.m. or the Trustee
24  would take action by seeking to hold you and your client in

- 6 -

contempt of court for refusing to dismiss the Lawsuit and the Trustee would seek his attorney fees and costs. [**Ex. "11"**]

16. As of the date of this Motion, the Lawsuit has not been dismissed. A case management conference is scheduled in the Lawsuit for December 10, 2018 at 8:30 a.m. [**Ex. "13"**].

17. Trustee's counsel has incurred attorney fees and costs totaling $4,994.40, including, $4,865 in attorney fees and $129.40 for costs in regards to this contempt motion.

## III.

## LEGAL ARGUMENT

A. This Court has jurisdiction to void an action taken regarding the Lawsuit, to order the Respondents to dismiss the Lawsuit, and to award attorney fees and costs on contempt motion to enforce the automatic stay.

18. By filing the Lawsuit, Respondents seek to assert causes of action that are estate assets. The causes of action pertain to and arise from the Second Mortgage and affect assets of the estate and the Trustee's ability to administer Hauser. The Trustee now seeks to void all actions taken by the Respondents regarding the Lawsuit, an order requiring the Respondents to dismiss the Lawsuit, and an award of attorney fees and costs.

19. Bankruptcy courts have civil contempt power under *11 U.S.C. §105.* [*Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 284-285 (9thCir.2011); In re Dyer, 322 F.3d 1178, 1192(9thCir.2003)*] A contempt order may issue if the automatic stay is violated. [*MA Salazar, Inc. Vill. of Atl.*

- 7 -

1 | *Beach, 499 B.R. 268, 274 U.S.D.C. E.D.N.Y. (2013)*]

2     20. A chapter 7 trustee may obtain civil contempt sanctions
3 by motion including an order dismissing a state court action and
4 awarding attorney fees and costs for violating the automatic stay
5
6 on motion without an adversary proceeding. [*11 U.S.C. §105;*
7 *F.R.B.Ps 9014, 9020; Havelock v. Taxel (In re Pace), 67 F.3d 197,*
8 *193-194 (9thCir.1995)(A trustee may obtain civil contempt*
9 *sanctions, including attorney fees and costs, for violation of the*
10 *stay under §105.); Std. Indus. V. Aquila Inc. (In re C.W. Mining*
11 *Co.), 625 F.3d 1240, 1244-1247 (10thCir.2010)(As part of a*
12 *contempt order the Court may order the return of an asset to the*
13 *bankruptcy estate and dismissal of a state court action.)*]
14

15     21. The Respondents are knowingly acting in bad faith by
16 prosecuting the Lawsuit. Wellington and the Debtor acknowledged
17 in the Stipulation that Hauser is an estate asset community
18 property. At the continued 341a creditors meeting, they
19 acknowledged all of their assets were community property. The
20 amended schedules show claims stated in the Lawsuit are estate
21 assets. The Lawsuit concerns claims arising from the Second
22
23 Mortgage secured by deed of trust against Hauser.

24     22. Madison has filed a proof of claim, Claim No. 2, which
25 pertains to his Second Mortgage and deed of trust against Hauser.
26 The "Note Secured by Deed of Trust" and "Short Form Deed of Trust
27 and Assignment of Rents" were signed by the Debtor and Wellington
28

1 and the Deed of Trust was signed by them as husband and wife, as

2 joint tenants. **[Ex. "3"]** As such, Madison's secured claim is a

3 community claim for which Hauser and the estate are liable. [*11*

4 *U.S.C. §541(a)(2)(A) and (B); 11 U.S.C. §101(7)*]

5

6 23. The Court has exclusive jurisdiction to adjudicate

7 Madison's proof of claim and his lien against Hauser. [*28 U.S.C.*

8 *§157(b)(2)(A), (B), and (K)*] The estate also has the benefit of a

9 usury defense as to Madison's secured claim for the Second

10 Mortgage. [*11 U.S.C. §558*]

11 24. The Respondents have repeatedly been advised and known

12 that Hauser and causes of action pertaining to it belong to the

13 estate at least since August 21, 2018 when Wellington signed the

14 Stipulation. **[Ex. "7"]**

15

16 25. Simply breaking out Wellington separately a plaintiff

17 in the complaint, as the Respondents have done does not make the

18 Lawsuit any less of a violation of the stay as any ruling by the

19 state court will directly affect Hauser and liens against it. The

20 complaint shows the Lawsuit is based entirely on the Second

21 Mortgage and the deed of trust against Hauser. **[Ex. "9", ¶. 6]**

22

23 26. In the first cause of action for usury, Wellington

24 seeks damages for usury based on the interest rate charged in the

25 Second Mortgage and he seeks damages arising out of a community

26 claim, the Second Mortgage, against a community asset, Hauser,

27 which both the Debtor and Wellington have acknowledged is a

28

- 9 -

community asset under 11 U.S.C. §541(a)(2). [**Ex. "9", ¶.s 11, 12**]

27. The second cause of action for quiet title asserts the Second Mortgage and deed of trust "cloud title" to Hauser, Wellington therefore seeks to have Madison's lien against Hauser released. [**Ex. "9", ¶.s 32, 34, 35**] The bankruptcy court has exclusive jurisdiction over the lien and Hauser as noted above.

28. The third cause of action, for declaratory relief, seeks to have the Second Mortgage declared usurious and thus null and void. [**Ex. "9", ¶. 37**] The complaint seeks a declaration of the rights and duties regarding Hauser based on the Second Mortgage and deed of trust. [**Ex. "9", ¶. 40**] It is the Trustee's duty is to administer Hauser, not Wellington. [*11 U.S.C. §704(a)(1) and (2)*] Here again, the bankruptcy court has exclusive jurisdiction over the declaratory relief action.

29. The Trustee claims each of these causes of action for the estate; however, the Respondents refuse to cooperate, are ignoring the Trustee's demands to dismiss the Lawsuit, and are continuing to litigate in state court in disregard of the bankruptcy court jurisdiction and the Trustee administrative authority under the Bankruptcy. They are attempting to collect damages for usury too which the estate is entitled.

B. The Respondents conduct constitutes egregious behavior justifying holding each of them in contempt of court.

30. The Trustee is aware of the usury claims, the quiet title claim, and the declaration relief claims, but as a result of

- 10 -

the Lawsuit, the Trustee has been unable to resolve Madison's disputed, secured claim as Respondents have interfered by filing the Lawsuit in an effort to take control over estate assets from the Trustee. Respondents are also interfering with the Trustee's ability to administer the Hauser vis-a-vie the Lawsuit. Berokim has acknowledged the declaratory relief and quiet title action belong to the estate, regardless he refuses to dismiss those causes of action. Instead, Respondents are acting in bad faith to assert estate causes of action for their own benefit, and in particular, are seeking $750,000 in usury damages based on the Second Mortgage interest of 12%.

31. While the Trustee is attempting the sell Hauser pursuant to the Stipulation, the Lawsuit makes it impossible to do so as Madison's lien and the estate's claims have been hijacked by Respondents. The Trustee cannot discuss resolution of Wellington's claims as a result. The Trustee has been disposed of his authority under the Bankruptcy Code by the Lawsuit to administer Hauser and to resolve proofs of claim and liens against estate assets. Any sale of Hauser will also be affected because the Trustee can no longer resolve the amount of to be paid through escrow on Madison's secured claim due to the Lawsuit. The Respondents have inserted themselves improperly into administrative estate assets.

32. The Respondents are aware of Debtor's bankruptcy but

they are knowingly acting in "bad faith" by refusing to terminate the Lawsuit despite Trustee's considerable efforts to obtain their cooperation. The Lawsuit was filed August 28, 2018 after Wellington signed the Stipulation on August 21, 2018. He attended the Debtor's 341a creditors meeting on August 23, 2018. He participated on the record regarding assets listed and not listed in Debtor's schedules and he acknowledged any assets they owned are community property. Wellington knew of Debtor's bankruptcy and that Hauser was an estate asset when the Lawsuit was filed.

33. Berokim and Berokim & Duel, P.C., are also well-aware of the stay and are knowingly violating it. Wellington's state court counsel have been repeatedly advised by letter, email, and telephonically of Debtor's bankruptcy and that the Lawsuit violated the stay and must be dismissed as demonstrated by the statement of facts above, and the attached declaration of Trustee's attorney and the evidence attached thereto.

34. Respondents, acts were willful and intentional. They have continue to prosecute the causes of action in the Lawsuit, all of which belong to the estate and which are subject to oversight of the Trustee and the exclusive jurisdiction of the bankruptcy court. Intervention of the Court is now required to protect the estate from continued violation of the automatic stay.

C. The Trustee's attorney is entitled to recover his attorney fees and costs as damages to bring a contempt motion.

35. The estate has been damaged by having had to incur

- 12 -

1  attorney fees and costs totaling $4,994.40, including, $4,865 in
2  attorney fees and costs of $129.40 to enforce the automatic stay.
3  The estate should be made whole.  The Court should therefore award
4  Trustee's counsel attorney fees and costs totaling $4,994.40 to
5  communicate with the Respondents regarding their violation of the
6
7  stay and to bring this motion for civil contempt.

8                                  IV.

9                             CONCLUSION

10         36.  Accordingly, and based on the foregoing, the Trustee
11  requests the Court issue an order to show cause why Respondents
12  should not be held in contempt, and then issue an order holding
13  them in contempt as follows: (1.) void any action taken by the
14
15  Respondents in the Lawsuit; (2.) order the Respondents to dismiss
16  the Lawsuit without prejudice; and, (3.) order the Respondents to
17  pay fees and costs of Trustee's counsel to bring this contempt
18  motion in the amount of $4,994.40.

19  Dated:  November 1, 2018      LAW OFFICES OF BRETT CURLEE
                                   BRETT B. CURLEE
20

21

22                               By: _Butt B. Curlee_
                                     Brett B. Curlee
23                                   Attorneys for the Movant
                                     and Chapter 7 Trustee,
24                                   WESLEY H. AVERY

25

26

27

28
                               - 13 -

MOTION FOR OSC RE: CONTEMPT AND FOR CONTEMPT ORDER - BANKR. CASE NO. 2:17-BK-23651-NB

1   attorney fees and costs totaling $4,994.40, including, $4,865 in

2   attorney fees and costs of $129.40 to enforce the automatic stay.

3   The estate should be made whole. The Court should therefore award

4   Trustee's counsel attorney fees and costs totaling $4,994.40 to

5
6   communicate with the Respondents regarding their violation of the

7   stay and to bring this motion for civil contempt.

8                                    IV.

9                                CONCLUSION

10      36. Accordingly, and based on the foregoing, the Trustee

11  requests the Court issue an order to show cause why Respondents

12  should not be held in contempt, and then issue an order holding

13  them in contempt as follows: (1.) void any action taken by the
14
15  Respondents in the Lawsuit; (2.) order the Respondents to dismiss

16  the Lawsuit without prejudice; (3.) and order the Respondents to

17  pay fees and costs of Trustee's counsel to bring this contempt

18  motion in the amount of $4,994.40.

19  Dated:  November 1, 2018      LAW OFFICES OF BRETT CURLEE
                                   BRETT B. CURLEE
20

21

22                              By: Butt B. Curlee
                                   _____
23                                 Brett B. Curlee
                                   Attorneys for the Movant
                                   and Chapter 7 Trustee,
24                                 WESLEY H. AVERY

25

26

27

28
                                - 13 -

MOTION FOR OSC RE: CONTEMPT AND FOR CONTEMPT ORDER - BANKR. CASE NO. 2:17-BK-23651-NB

## DECLARATION OF BRETT B. CURLEE

I, Brett B. Curlee, declare and state as follows:

1.   I am the attorney for the Chapter 7 Trustee, Wesley H. Avery ("Trustee"), in the chapter 7 bankruptcy case, In re Letitia Louise Wellington, Bankr. Case No. 2:17-bk-23651-NB ("Estate" or "Bankruptcy Case"). I have personal knowledge of the facts stated in this declaration. If I am called as a witness, I would competently testify to the facts stated below.

2.   On November 4, 2017, the Debtor, Letitia Louise Wellington ("Debtor"), filed a voluntary petition under Chapter 13 to commence this Bankruptcy Case. On April 9, 2018, this Bankruptcy Case was converted to Chapter 7. Wesley H. Avery is the duly appointed and acting chapter 7 trustee for the Estate.

3.   In the "Voluntary Petition for Individual Filing for Bankruptcy" Debtor stated her residence is 1353 Hauser Boulevard, Los Angeles, CA 90036 ("Hauser"). In "Schedule A/B: Property" Debtor states Hauser is a single family residence and she holds the only interest in Hauser pursuant to "DEED OF TRUST". She valued Hauser at $1,200,000 and stated her interest in Hauser is valued at $1,200,000. Attached hereto as **"Exhibit "1"** are true and correct copies of the "Voluntary Petition for Individual Filing for Bankruptcy," "Schedule A/B: Property", and "Schedule D: Creditors Who Have Claims Secured by Property".

4.   In "Schedule D: Creditors Who Have Claims Secured by

- 14 -

1 Property" Debtor listed a debt to Rushmore Loan Management
2 Services for $718,614 ("First Mortgage") that is secured by
3 Hauser. The Debtor also listed a disputed, contingent, secured
4 claim for Michael Durand Madison, Sr. ("Madison"), for $96,000
5
6 lent pursuant to a promissory note ("Second Mortgage") that is
7 secured by Hauser.

8   5.   Madison filed two proofs of claim in the Bankruptcy
9 Case.  Proof of Claim No. 2, alleges a secured claim for
10 $119,580 based on the promissory note and a $126,768.44
11 unsecured claim for monies Madison allegedly advanced to
12 renovate Hauser.  A true and correct copy of Claim No. 2 in the
13 Claims Register, filed March 14, 2018, is attached hereto as
14
15 **Exhibit "2"**.  The Trustee has a claim for usury, declaratory
16 relief, and quiet title based on the promissory note.

17   6.   Madison subsequently separately broke out the
18 unsecured claims for $126,768.44 for materials he purchased to
19 renovate Hauser into a separate proof of claim, Claim No. 3 in
20 the Claims Register, filed April 30, 2018, which is attached
21 hereto as **Exhibit "3"**.

22
23   7.   A true and correct copy of the Claims Register as of
24 October 25, 2018 is attached hereto as **Exhibit "4"**.

25   8.   The Trustee's investigation of title showed the Debtor
26 and her spouse, Amos Q. Wellington ("Wellington") own Hauser as
27 husband and wife, joint tenants.  Attached hereto **Exhibit "5"** is

28

- 15 -

1  a true and correct copy of the Preliminary Title Report for

2  Hauser, dated April 12, 2018, showing Wellington and the Debtor

3  own Hauser as husband and wife, joint tenants, and confirming

4  recording of the trust deeds for the First and Second Mortgage.

5

6  9.  On May 17, 2018, the Debtor amended her schedules.  In

7  Amended Schedule "Schedule A/B: Property" she listed additional

8  assets, including, but not limited to, potential claims she and

9  Wellington held against Madison "who is currently a lienholder

10  on the Property", including claims for malpractice, breach of

11  contract, and usury.

12  10.  The Debtor and Wellington disputed the amount owed to

13  Madison in "Schedule D: Creditors Who Have Claims Secured by

14  Property".  In Amended "Schedule C: The Property You Claim as

15  Exempt" Debtor alleged a $175,000 homestead exemption under

16  C.C.P. §704.730.  Attached hereto as **Exhibit "6"** are the

17  relevant portions of the Amended Schedules filed May 17, 2017,

18  including Amended "Schedule A/B: Property", Amended "Schedule C:

19  The Property You Claim as Exempt".

20

21  11.  The Trustee disputed Debtor's right to a homestead

22  exemption in Hauser, among other issues.  As of August 21, 2018,

23  a settlement was reached regarding Hauser whereby the Debtor and

24  Wellington agreed 100% of Hauser was a community asset under *11*

25  *U.S.C.* §541(a)(2) and the Trustee could market and sell Hauser

26  to benefit the Estate.  A true and correct copy of the

27

28

- 16 -

Stipulation signed as of August 21, 2018 ("Stipulation"), which was attached to Motion to Compromise Controversy (Docket No. 86), is attached hereto as **Exhibit "7"**.

12. The continued meeting of creditors was held on August 23, 2018 at 1:30 p.m. I was present to question the Debtor. The Debtor, her attorney, Ms. Sanaz Bereliani, Counsel for Madison, Ms. Stella Havkin, and Wellington were present. The Debtor and Wellington both testified that all of their assets are community property assets.

13. The Stipulation was approved by order entered October 3, 2018 (Docket No. 94). A true and correct copy of the order approving the Stipulation is attached hereto as **Exhibit "8."** The order approving the Stipulation is now final.

14. In the interim, on August 28, 2018, without the Trustee's consent or Court authorization, Wellington through his attorney, Kousha Berokim ("Berokim") and Berokim & Duel, P.C., filed a complaint against Madison in Los Angeles Superior Court, entitled, Amos Wellington v. Michael Madison, et al., L.A.S.C. Case No. BC719604 ("Lawsuit").

15. In the Lawsuit complaint, Wellington alleged the Estate's causes of action for Usury, Quiet Title, and Declaratory Relief. The basis for the claims is that Wellington entered into the promissory note with Madison that is secured by the second trust deed against Hauser. The complaint seeks

damages for usury arising from the promissory note and attorney fees and costs pursuant to the promissory note under *Cal.Civ.Code* §1717. In the second cause of action for quiet title, Wellington seeks to quiet title to Hauser by releasing Madison's deed of trust. In the third cause of action, Wellington seeks a judicial declaration of the rights and duties of the parties pursuant to Madison's promissory note and the deed of trust securing it.

16. Mr. Wellington seeks $750,000 in damages for usury, plus attorney fees and costs. He seeks judgment for quiet title to Hauser by way of reconveyance of the deed of trust securing the Second Mortgage. Lastly, he seeks a judgment declaring interest rate provisions of Madison's promissory note are null and void. He seeking a credit from Madison for all the interest and fees paid, and attorney fees against the principle due on the promissory note, and a declaration that Madison's deed of trust is released. In regards to the usury claim, Respondents seek $750,000 based on the terms of the Second Mortgage.

17. On September 11, 2018, I wrote to Kousha Berokim to advise him that Hauser and the claims he alleged in the complaint for usury, quiet title, and declaratory relief were Estate assets subject to oversight by the Bankruptcy Court and prosecution by the Trustee. The letter advised Berokim that Wellington was in violation of the automatic stay because he was

- 18 -

1  asserting controlled over claims belonging to the Estate. I
2  further advised Berokim that the Trustee would bring a Motion
3  for Contempt to have the Lawsuit dismissed and that the Trustee
4  would seek attorney fees if the Lawsuit was not dismissed. A
5  true and correct copy of my letter dated September 11, 2018,
6  with attachments, is attached hereto as **Exhibit "10"**. The
7  correspondence was sent via regular First Class U.S. Mail,
8  postage prepaid and via email on September 11, 2018. Attached
9  hereto as **Exhibit "11"** are true and correct copies of my email
10  correspondences with Berokim between September 11, 2018 and
11  October 18, 2018.

12  18. Berokim responded by email on September 12, 2018 at
13  3:45 p.m. He advise he would review and discuss the matter with
14  his client and he acknowledged the actions for declaratory
15  relief and quiet title applied to Hauser, but he refused to
16  acknowledge the usury claim, which arose out of the Second
17  Mortgage, belonged to the Estate. He maintained the usury claim
18  belonged to Wellington aside from the Estate. Despite the
19  acknowledgement, Berokim subsequently refused to dismiss all or
20  any of the causes of action in the Lawsuit complaint.

21  19. I responded via email on September 14, 2018 at 7:59
22  a.m. and advised that the usury claim arose out of Madison's
23  promissory note and that such contract claims concerning Estate
24  assets belonged to the Estate and the Bankruptcy Court has

- 19 -

1    exclusive jurisdiction over Estate assets including claims

2    affecting the Property. I further advised Berokim the Trustee

3    was not agreeable to Mr. Wellington filing an amended complaint

4    in the Lawsuit to pursue a usury claim "to the extent of

5    determining his legal damages and the balance of the note,

6    without referencing or seeking remedies as to the underlying

7    deed of trust and the Property". As stated in the Stipulation,

8    

9    Hauser is deemed a community asset belonging to the Estate.

10   Under the Stipulation, Wellington's recourse is to receive a

11   homestead exemption in accordance with the Stipulation.

12       20. Berokim did not dismiss the Lawsuit. I sent the

13   Trustee's second demand letter to Berokim via email on September

14   20, 2018 at 12:30 p.m. and by regular First Class U.S. Mail

15   postage prepaid. I again reiterated any attempt to prosecute

16   the Lawsuit violated the automatic stay as the causes of action

17   therein were based on contracts that pertained to Estate

18   Property. I again warned Berokim the Lawsuit must be

19   immediately dismissed without prejudice. A true and correct

20   copy of my letter dated September 20, 2018 to Berokim is

21   attached hereto as **Exhibit "12"**.

22       21. On September 27, 2018 at 10:32 a.m. Berokim responded

23   via email and advised he discussed the matter with Wellington,

24   considered my letter, and spoke to bankruptcy counsel, and he

25   would advise me of their decision by next week. He asked if he

26   

27   

28   

- 20 -

1  could speak with me on Monday afternoon.  I sent him an email
2  that day at 11:23 a.m. indicating I was out of town through
3  Monday and I advised I could speak with him that afternoon if
4  convenience.   Berokim responded at 3:11 p.m.   He was in
5  depositions and asked if we could speak Tuesday afternoon.  I
6  responded via email at 3:27 p.m. and advised I would be
7  available after 4:00 p.m. on Tuesday.  I requested confirmation
8  he would not take any action in the Lawsuit as the deadline for
9  Madison to respond to the complaint was approaching.  I once
10 again reminded Berokim proceeding with the Lawsuit was a
11 violation of the automatic stay.  I received no confirmation.

12      22.  Berokim did not call on Tuesday, October 2, 2018, nor
13 did he leave any voice mail message.  On Thursday, October 4,
14 2018 I called Berokim.  He did not answer his phone so I left a
15 voice mail message advising the Lawsuit must be withdrawn and
16 that he provide email or voice confirmation that he had
17 dismissed it or the Trustee would proceed with a civil contempt
18 action to have the matter dismissed and the Trustee would seek
19 attorney fees and costs to prosecute civil contempt matters.
20 Berokim did not respond to my voice mail message.

21      23.  October 5, 2018 at 1:26 p.m., I again called Berokim
22 to demand that he provide written or telephonic confirmation the
23 Lawsuit was dismissed or would be dismissed.  I sent an email to
24 Berokim at 4:18 p.m. confirming my telephone message and again

- 21 -

1  advising that he and his client were in violation of the

2  automatic stay and were improperly exercising dominion and

3  controlled over Estate assets. I advised him no further

4  warnings would be given before action was taken.

5

6  24. On October 10, 2018 at 7:13 p.m., Berokim sent an

7  email confirming the Lawsuit was not served and would be

8  dismissed later this week. On October 11, 2018 at 11:15 a.m., I

9  sent an email to Berokim to advise him the complaint in the

10 Lawsuit was served, had not been dismissed, and Madison had

11 answered. I subsequently received no confirmation of dismissal.

12 25. On October 18, 2018 at 1:00 p.m., I sent an email

13 giving Berokim final warning the Lawsuit must be dismissed by

14 Monday October 22, 2018 at 5:00 p.m. or the Trustee would take

15 action in the Bankruptcy Court to hold you and your client in

16 contempt of court for refusing to dismiss the Lawsuit. The

17

18 email warned the Trustee would seek his attorney fees and costs.

19 26. Since October 18, 2018, I have received no

20 confirmation the Lawsuit has been dismissed. A case management

21 conference has been scheduled in the Lawsuit for December 10,

22 2018 at 8:30 a.m. in Department 32 of the Los Angeles Superior

23 Court located at 111 North Hills Street, Los Angeles, CA 90012.

24 Attached hereto as **Exhibit "13"** is a true and correct copy of

25 the "Case Information" report from the Los Angeles County

26 Superior Court as of the date the Motion for Contempt was filed.

27

28

- 22 -

1   It shows that the Lawsuit has not been dismissed.

2       27.   As a result of the refusal of Wellington, Berokim, and
3   Berokim's law firm, Berokim & Duel, P.C., to dismiss the
4   Lawsuit, the Estate has been damaged by incurring attorney fees
5   and costs for my firm to communicate with the Respondents in an
6   effort to resolve this matter without the need for a motion and
7
8   to bring the Motion for OSC and Contempt.

9       28.   My attorney fees and costs total $4,994.40, including,
10  $4,865 in attorney fees and costs of $129.40 to enforce the
11  automatic stay.   My hourly rate in this Bankruptcy Case is $350
12  per an hour.    I expended 13.9 hours of attorney time to
13
14  communicate with the Respondents in an effort to resolve this
15  matter and to prepare this Motion.    I request that the Court
16  award me my attorney fees and costs totaling $4,994.40 from the
17  Respondents and each of them so the Estate can be made whole.
18  Attached hereto as **Exhibit "14"** are true and correct copies of
19  my redacted billing statements showing the attorney fees and
20  costs that I have billed regarding this matter.

21      I declare under penalty of perjury under the laws of the
22
23  United States of America that the foregoing is true and correct
24  and that this declaration was executed this 1st day of November
25  of 2018, at Los Angeles, California.

26                                      
27                                      Brett B. Curlee
28

MOTION FOR OSC RE: CONTEMPT AND FOR CONTEMPT ORDER - BANKR. CASE NO. 2:17-BK-23651-NB

DECLARATION

## DECLARATION OF WESLEY H. AVERY

I, WESLEY H. AVERY, declare and state as follows:

1. I am the duly appointed and acting chapter 7 trustee for the bankruptcy case In re Letitia Louise Wellington, Bankr. Case No. 2:17-bk-23651-NB (Chapter 7) ("Bankruptcy Case" or "Estate"). I have personal knowledge of the facts stated in this declaration. If I am called as a witness, I would competently testify to the facts stated below.

2. I have reviewed the complaint attached to this motion as Exhibit "9" that pertains to the state court lawsuit, entitled, Amos Wellington v. Michael Madison, et al., L.A.S.C. Case No. BC719604 ("Lawsuit"). The complaint asserts causes of action for usury, quiet title, and declaratory relief.

3. All of the causes of action in the complaint relate to the real property located at 1353 Hauser Boulevard, Los Angeles, CA 90019 ("Hauser"), and to the claim of Michael Durand Madison, Sr. ("Madison"), for $96,000 lent pursuant to a promissory note ("Second Mortgage") that is secured by Hauser.

4. The claims identified in the complaint are assets of the Estate and I have claimed them for the Estate. The Respondents, including, Mr. Amos Q. Wellington ("Wellington"), Kousha Berokim, Esq. ("Berokim"), and Berokim's law firm, Berokim & Duel, P.C. (Wellington, Berokim, and Berokim & Duel, P.C. are collectively referred to as "Respondents", unless

- 24 -

otherwise stated.) are refusing my demands that they cease and desist from prosecuting those claims in state court and to dismiss the Lawsuit without prejudice.

5. Wellington was very aware of the Debtor's bankruptcy before the Lawsuit was filed. At the 341a creditors meeting on August 23, 2018 at 1:30 p.m., Wellington appeared and stated on the record that all of the assets owned by the Debtor and Wellington are community assets. On August 21, 2018, he signed the Stipulation at Exhibit "7" which states Hauser is an Estate asset I can sell. As such, there is no separate interest held by him in causes of action stated in the Lawsuit or in any real or personal property assets owned by Wellington and the Debtor.

6. The Estate is being damaged by the Lawsuit. Madison has filed a secured claim, Claim No. 2 in the Claims Register, which is based on the Second Mortgage. I am unable to resolve Madison's secured claim via settlement discussions or litigation in the bankruptcy court, which is the court with exclusive jurisdiction to hear such matters, due to the interference and control of such matters by Respondents in the Lawsuit.

7. The Lawsuit is likewise interfering with my ability to administer Hauser as required by the Bankruptcy Code. Hauser is indisputably an asset of the Estate. As of yet, I do not have an offer for Hauser. Regardless, I cannot close escrow on any sale because I cannot resolve amounts owed on Second Mortgage

1   and that would have to be paid through escrow pending the

2   outcome of the Lawsuit.

3       8.   Also, Wellington is seeking to recover damages that

4   belong to the Estate.  In the Lawsuit complaint, Wellington

5   seeks $750,000 in damages for usury arising out of the interest

6

7   rate charged according to the terms of the Second Mortgage.

8   Wellington is not entitled to those damages as they are

9   community property belonging to the Estate.  He is not entitled

10  to prosecute them on behalf of the Estate.

11      9.   The Estate has also been damaged because it has

12  incurred $4,994.40 professional fees and costs for my attorney,

13  Law Offices of Brett Curlee to bring this motion for civil

14

15  contempt.   These fees and costs would not have been incurred,

16  but for the refusal of the Respondents to comply with my demands

17  that they dismiss the Lawsuit.  The Estate should not have to

18  bear the costs of this expense as the Respondents have caused

19  these attorney costs to be incurred by the Estate.   I am the

20  proper party in that regard as they arise out of Second Mortgage

21  pertaining to Hauser and liens against Hauser.

22

23      10.  To make the Estate whole, I request that the Court

24  issue an order to show cause why Respondents should not be held

25  in contempt, and then issue an order holding them in contempt as

26  follows: (1.) void any action taken by the Respondents in the

27  Lawsuit; (2.) order Respondents to dismiss the Lawsuit without

28

- 26 -

prejudice; (3.) and order the Respondents to pay fees and costs of Trustee's counsel to bring this contempt motion in the amount of $4,994.40.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 31st day of October of 2018, at Pasadena, California.

_____
Wesley H. Avery

**EXHIBIT 1**

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☒ Chapter 13

☐ Check if this an amended filing

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy

12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** | | |
| Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | Letitia <br> First name | _____ <br> First name |
| | Louise <br> Middle name | _____ <br> Middle name |
| Bring your picture identification to your meeting with the trustee. | Wellington <br> Last name and Suffix (Sr., Jr., II, III) | _____ <br> Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** <br> Include your married or maiden names. | | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-0186 | |

Debtor 1    Letitia Louise Wellington _____    Case number *(if known)* _____

|  | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|

**4.** Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years

Include trade names and *doing business as* names

■ I have not used any business name or EINs.

Business name(s)

EINs

□ I have not used any business name or EINs.

Business name(s)

EINs

**5.** Where you live

1353 Hauser Blvd
Los Angeles, CA 90036
Number, Street, City, State & ZIP Code

Los Angeles
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

Box 351000
Los Angeles, CA 90035
Number, P.O. Box, Street, City, State & ZIP Code

If Debtor 2 lives at a different address:

Number, Street, City, State & ZIP Code

County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**6.** Why you are choosing *this district* to file for bankruptcy

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

□ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

*Check one:*

□ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

□ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

-29-

Debtor 1   __Letitia Louise Wellington__ _____   Case number _(if known)_ _____

| Part 2: | Tell the Court About Your Bankruptcy Case |

7.  The chapter of the Bankruptcy Code you are choosing to file under

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

8.  How you will pay the fee

■ I will pay the entire fee when I file my petition. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ I need to pay the fee in installments. If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ I request that my fee be waived (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

9.  Have you filed for bankruptcy within the last 8 years?

■ No.

☐ Yes.

| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

10.  Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?

■ No

☐ Yes.

| Debtor _____ | | Relationship to you _____ |
| District _____ | When _____ | Case number, if known _____ |
| Debtor _____ | | Relationship to you _____ |
| District _____ | When _____ | Case number, if known _____ |

11.  Do you rent your residence?

■ No.   Go to line 12.

☐ Yes.   Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

—30—

Debtor 1   Letitia Louise Wellington                                     Case number *(if known)* _____

---

| **Part 3:** | Report About Any Businesses You Own as a Sole Proprietor |

12. Are you a sole proprietor
of any full- or part-time
business?

   ■ **No.**   Go to Part 4.

   ☐ **Yes.**   Name and location of business

A sole proprietorship is a
business you operate as
an individual, and is not a
separate legal entity such
as a corporation,
partnership, or LLC.

   Name of business, if any

   _____

If you have more than one
sole proprietorship, use a
separate sheet and attach
it to this petition.

   Number, Street, City, State & ZIP Code

   *Check the appropriate box to describe your business:*

   ☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

   ☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

   ☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

   ☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

   ☐  None of the above

13. Are you filing under
Chapter 11 of the
Bankruptcy Code and are
you a *small business
debtor*?

For a definition of *small
business debtor*, see 11
U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).*

   ■ **No.**   I am not filing under Chapter 11.

   ☐ **No.**   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

   ☐ **Yes.**   I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| **Part 4:** | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |

14. Do you own or have any
property that poses or is
alleged to pose a threat
of imminent and
identifiable hazard to
public health or safety?
Or do you own any
property that needs
immediate attention?

*For example, do you own
perishable goods, or
livestock that must be fed,
or a building that needs
urgent repairs?*

   ■ **No.**

   ☐ **Yes.**   What is the hazard?   _____

   If immediate attention is
   needed, why is it needed?   _____

   Where is the property?   _____

   Number, Street, City, State & Zip Code

---

—31—

Debtor 1   Letitia Louise Wellington _____   Case number (if known) _____

**Part 5:** **Explain Your Efforts to Receive a Briefing About Credit Counseling**

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| 15. Tell the court whether you have received a briefing about credit counseling.<br><br>The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.<br><br>If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again. | *You must check one:*<br><br>■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days. | *You must check one:*<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br><br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days. |
| | ☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.**<br>I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court. | ☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.**<br>I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. |

-32-

Debtor 1   **Letitia Louise Wellington**                                  Case number *(if known)*

| **Part 6:** | **Answer These Questions for Reporting Purposes** |

| 16. What kind of debts do you have? | 16a. | Are your debts primarily consumer debts? *Consumer debts are* defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." |
| | | ☐ No. Go to line 16b. |
| | | ■ Yes. Go to line 17. |
| | 16b. | Are your debts primarily business debts? *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment. |
| | | ☐ No. Go to line 16c. |
| | | ☐ Yes. Go to line 17. |
| | 16c. | State the type of debts you owe that are not consumer debts or business debts |

| 17. Are you filing under Chapter 7? | ■ No. | I am not filing under Chapter 7. Go to line 18. |
| Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors? | ☐ Yes. | I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors? |
| | | ☐ No |
| | | ☐ Yes |

| 18. How many Creditors do you estimate that you owe? | ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| | ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| | ☐ 200-999 | | |

| 19. How much do you estimate your assets to be worth? | ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| 20. How much do you estimate your liabilities to be? | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | ■ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| **Part 7:** | **Sign Below** |

For you

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Letitia Louise Wellington

| Letitia Louise Wellington | |
| Signature of Debtor 1 | Signature of Debtor 2 |

Executed on   **November 4, 2017**                  Executed on _____
　　　　　　　　**MM / DD / YYYY**                              MM / DD / YYYY

-33-

Debtor 1    Letitia Louise Wellington _____    Case number *(if known)* _____

For your attorney, if you are represented by one

If you are not represented by an attorney, you do not need to file this page.

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

/s/ Scott Kosner _____    Date    November 4, 2017 _____
Signature of Attorney for Debtor                          MM / DD / YYYY

Scott Kosner _____
Printed name

Law Offices of Tyson Takeuchi _____
Firm name

1055 Wilshire Blvd
Suite 850
Los Angeles, CA 90017 _____
Number, Street, City, State & ZIP Code

Contact phone    213-637-1566 _____    Email address    tyson@tysonfirm.com _____

172379 _____
Bar number & State

**Fill in this information to identify your case and this filing:**

| Debtor 1 | Letitia Louise Wellington | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number _____        ☐ Check if this is an
                                                      amended filing

## Official Form 106A/B
# Schedule A/B: Property                                              12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

☑ Yes. Where is the property?

| 1.1 | | What is the property? Check all that apply | |
|---|---|---|---|
| **1353 Hauser Blvd** | ☑ Single-family home | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Street address, if available, or other description | ☐ Duplex or multi-unit building | |
| | ☐ Condominium or cooperative | |
| | ☐ Manufactured or mobile home | Current value of the entire property? / Current value of the portion you own? |
| **Los Angeles    CA    90036-0000** | ☐ Land | $1,200,000.00 / $1,200,000.00 |
| City    State    ZIP Code | ☐ Investment property | |
| | ☐ Timeshare | Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| | ☐ Other _____ | |
| | Who has an interest in the property? Check one | **DEED OF TRUST** |
| **Los Angeles** | ☑ Debtor 1 only | |
| County | ☐ Debtor 2 only | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ Check if this is community property (see instructions) |
| | ☐ At least one of the debtors and another | |
| | Other information you wish to add about this item, such as local property identification number: | |

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.........................................................=>      $1,200,000.00

**Part 2:**   Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☑ No

☐ Yes

— 35 —

Debtor 1    **Letitia Louise Wellington**                                    Case number *(if known)* _____

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
  *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

  ■ No
  ☐ Yes

**5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
pages you have attached for Part 2. Write that number here..........................................................................=>**      $0.00

| **Part 3:** | Describe Your Personal and Household Items |
|---|---|

Do you own or have any legal or equitable interest in any of the following items?                       Current value of the
                                                                                                        portion you own?
                                                                                                        Do not deduct secured
                                                                                                        claims or exemptions.

**6. Household goods and furnishings**
  *Examples:* Major appliances, furniture, linens, china, kitchenware
  ☐ No
  ■ Yes. Describe.....

| misc. household furnishings | $1,500.00 |
|---|---|

**7. Electronics**
  *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices
  including cell phones, cameras, media players, games
  ☐ No
  ■ Yes. Describe.....

| misc. electronics | $1,000.00 |
|---|---|

**8. Collectibles of value**
  *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections;
  other collections, memorabilia, collectibles
  ■ No
  ☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
  *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools;
  musical instruments
  ■ No
  ☐ Yes. Describe.....

**10. Firearms**
  *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
  ■ No
  ☐ Yes. Describe.....

**11. Clothes**
  *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
  ☐ No
  ■ Yes. Describe.....

| misc. clothing | $1,000.00 |
|---|---|

**12. Jewelry**
  *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
  ☐ No
  ■ Yes. Describe.....

| misc. jewelry | $1,000.00 |
|---|---|

Official Form 106A/B                          Schedule A/B: Property                                    page 2

Debtor 1    Letitia Louise Wellington _____    Case number *(if known)* _____

13. Non-farm animals
  *Examples: Dogs, cats, birds, horses*
  ■ No
  ☐ Yes.  Describe.....

14. Any other personal and household items you did not already list, including any health aids you did not list
  ■ No
  ☐ Yes.  Give specific information.....

15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
    for Part 3. Write that number here .................................................................................

| | |
|---|---|
| | **$4,500.00** |

---

**Part 4:**  Describe Your Financial Assets

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

16. Cash
  *Examples: Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition*
  ■ No
  ☐ Yes.............................................................................................

17. Deposits of money
  *Examples: Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.*
  ☐ No
  ■ Yes........................                Institution name:

|  | |  |
|---|---|---|
| 17.1.  checking | **Union Bank** | $220.00 |

---

18. Bonds, mutual funds, or publicly traded stocks
  *Examples: Bond funds, investment accounts with brokerage firms, money market accounts*
  ■ No
  ☐ Yes..................                Institution or issuer name:

19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture
  ■ No
  ☐ Yes.  Give specific information about them...................
                Name of entity:                                % of ownership:

20. Government and corporate bonds and other negotiable and non-negotiable instruments
  *Negotiable instruments include personal checks, cashiers' checks, promissory notes, and money orders.*
  *Non-negotiable instruments are those you cannot transfer to someone by signing or delivering them.*
  ■ No
  ☐ Yes. Give specific information about them
                Issuer name:

21. Retirement or pension accounts
  *Examples: Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans*
  ☐ No
  ■ Yes. List each account separately.
                Type of account:                Institution name:

| | | |
|---|---|---|
| Pension | **Union Bank - 156 a month** | $156.00 |

---

Debtor 1      **Letitia Louise Wellington**                                    Case number *(if known)* _____

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
    ■ No
    ☐ Yes. ....................                                        Institution name or individual:

23. **Annuities (A contract for a periodic payment of money to you, either for life or for a number of years)**
    ■ No
    ☐ Yes............      Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ■ No
    ☐ Yes............      Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes.  Give specific information about them...

**Money or property owed to you?**                                                                Current value of the
                                                                                                  portion you own?
                                                                                                  Do not deduct secured
                                                                                                  claims or exemptions.

28. **Tax refunds owed to you**
    ■ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......
                                                                                                  _____

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ■ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
        benefits; unpaid loans you made to someone else
    ■ No
    ☐ Yes. Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
                        Company name:                          Beneficiary:                       Surrender or refund
                                                                                                  value:

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
    someone has died.
    ■ No
    ☐ Yes.  Give specific information..

Official Form 106A/B                          Schedule A/B: Property                                        page 4

Debtor 1    Letitia Louise Wellington    Case number *(if known)* _____

33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment
    *Examples: Accidents, employment disputes, insurance claims, or rights to sue*
    ■ No
    ☐ Yes.  Describe each claim.........

34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims
    ■ No
    ☐ Yes.  Describe each claim.........

35. Any financial assets you did not already list
    ■ No
    ☐ Yes.  Give specific information..

36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
    for Part 4. Write that number here.................................................................................................... | $376.00

| **Part 5:** | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |

37. Do you own or have any legal or equitable interest in any business-related property?
    ■ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

| **Part 6:** | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.<br>If you own or have an interest in farmland, list it in Part 1. |

46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?
    ■ No. Go to Part 7.
    ☐ Yes.  Go to line 47.

| **Part 7:** | Describe All Property You Own or Have an Interest in That You Did Not List Above |

53. Do you have other property of any kind you did not already list?
    *Examples: Season tickets, country club membership*
    ■ No
    ☐ Yes. Give specific information.........

54. Add the dollar value of all of your entries from Part 7. Write that number here  ..................................... | $0.00

| **Part 8:** | List the Totals of Each Part of this Form |

| 55. Part 1: Total real estate, line 2 .......................................................................................................... | | $1,200,000.00 |
|---|---|---|
| 56. Part 2: Total vehicles, line 5 | $0.00 | |
| 57. Part 3: Total personal and household items, line 15 | $4,500.00 | |
| 58. Part 4: Total financial assets, line 36 | $376.00 | |
| 59. Part 5: Total business-related property, line 45 | $0.00 | |
| 60. Part 6: Total farm- and fishing-related property, line 52 | $0.00 | |
| 61. Part 7: Total other property not listed, line 54 + | $0.00 | |
| 62. Total personal property. Add lines 56 through 61... | $4,876.00 | Copy personal property total  $4,876.00 |

63. Total of all property on Schedule A/B. Add line 55 + line 62 | $1,204,876.00

Fill in this information to identify your case:

| Debtor 1 | Letitia Louise Wellington | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:** List All Secured Claims

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|---|
| **2.1** Michael Durand Madison, SR | Describe the property that secures the claim: | $96,000.00 | $1,200,000.00 | $0.00 |

Creditor's Name

1353 Hauser Blvd Los Angeles, CA
90036  Los Angeles County

10736 Jefferson Blvd
#633
Culver City, CA 90230

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
■ Unliquidated
■ Disputed

Who owes the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Nature of lien. Check all that apply.

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred  06/29/2016        Last 4 digits of account number      69SG

| **2.2** Rushmore Loan Management Services | Describe the property that secures the claim: | $718,614.00 | $1,200,000.00 | $0.00 |
|---|---|---|---|---|

Creditor's Name

1353 Hauser Blvd Los Angeles, CA
90036  Los Angeles County

PO Box 52708
Irvine, CA 92619-2708

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Who owes the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Nature of lien. Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

-40-

Debtor 1    Letitia Louise Wellington                                    Case number (if know) _____
            First Name        Middle Name        Last Name

Date debt was incurred    05/19/2008        Last 4 digits of account number    0018

| | |
|---|---|
| Add the dollar value of your entries in Column A on this page. Write that number here: | $814,614.00 |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $814,614.00 |

**Part 2:    List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

EXHIBIT 2

| Fill in this information to identify the case: |
| --- |

Debtor 1    Letitia Louise Wellington

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number   2:17-bk-23651-NB

## Official Form 410

# Proof of Claim

4/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Michael D. Madison, Sr.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Michael D. Madison, Sr.
Name

10736 Jefferson Blvd., #633
Number   Street

Culver City    CA    90230
City    State    ZIP Code

Contact phone   c/o 818 9991568

Contact email   c/o stella@havkinandshrago.com

Where should payments to the creditor be sent? (if different)

Name

Number   Street

City    State    ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

Official Form 410        **Proof of Claim**        page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**    $_____ 246,568.44 . Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Deed of trust, money loaned and services performed.

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.    The claim is secured by a lien on property.

Nature of property:

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                  $_____ 992,000.00

Amount of the claim that is secured:            $_____ 119,580.00

Amount of the claim that is unsecured: $_____ 126,768.44 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____ 246,568.44

Annual Interest Rate (when case was filed) 10.00 %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

−43−

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐  I am the creditor.

☑  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    03/14/2018
                    MM  /  DD  /  YYYY

/s/ Stella Havkin
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Stella | | Havkin |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | |
|---|---|

| Company | |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 5950 Canoga Avenue, Suite 400 | | |
|---|---|---|---|
| | Number        Street | | |
| | Woodland Hills | CA | 91367 |
| | City | State | ZIP Code |

| Contact phone | 818 999-1568 | Email stella@havkinandshrago.com |
|---|---|---|

## Mortgage Proof of Claim Attachment

**(12/15)**

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|
| Case number: 2:17-23651-NB | Principal balance: | $96,000 | Principal & interest due: | $106,905.60 | Principal & interest: | $800.00 |
| Debtor 1: Wellington | Interest due: | $6,400 | Prepetition fees due: | | Monthly escrow: | |
| Debtor 2: | Fees, costs due: | $11,405.60 | Escrow deficiency for funds advanced: | | Private mortgage insurance: | |
| Last 4 digits to identify: __ __ __ __ | Escrow deficiency for funds advanced: | | Projected escrow shortage: | | Total monthly payment: | $800.00 |
| Creditor: Madison | Less total funds on hand: − | | Less funds on hand: − | | | |
| Servicer: | Total debt: | 119,580 | Total prepetition arrearage: | $106,905.60 | | |
| Fixed accrual/daily simple interest/other: | | | | | | |

### Part 5 : Loan Payment History from First Date of Default

| | | Account Activity | | | | How Funds Were Applied/Amount Incurred | | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| 7/17 | $800.00 | | | | 7/1/17 | | | | | | | | | | | |
| 8/17 | $800.00 | | | | 8/1/17 | | | | | | | | | | | |
| 9/17 | $800.00 | | | | 9/1/17 | | | | | | | | | | | |
| 10/17 | $800.00 | | | | 10/1/17 | | | | | | | | | | | |
| 11/17 | $800.00 | | | | 11/1/17 | | | | | | | | | | | |
| 12/17 | $800.00 | | | | 12/1/17 | | | | | | | | | | | |
| 1/18 | $800.00 | | | | 1/1/18 | | | | | | | | | | | |
| 2/18 | $800.00 | | | | 2/1/18 | | | | | | | | | | | |
| 3/18 | $800.00 | | | | 3/1/18 | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |

# ATTACHMENT TO PROOF OF CLAIM

**I.    Deed of Trust:**

| | |
|---|---|
| Principal | $96,000 |
| Interest after breach at 10% | $6,400.00  ($800 per month for 8 months) |
| Foreclosure fees | $3,065.60 |
| Attorneys fees | $8,340.00 |
| Total: | $119,580 |

**II.    Loan to pay mortgage to Debtor (not tendered to first trust deed by Debtor):**

| | |
|---|---|
| 12/5/2016 | $4,600 |

**III.    Cost of materials and laborers to rehabilitate the property:**

$89,592.64

TOTAL FOR THIS PAGE:  **$213,772.64**

-46-

## PROJECTED PROFIT FROM SALE OF PROPERTY

| | |
|---|---|
| Sale price: | $992,000.00 |
| First deed of trust: | $721,690.10 (through March, 2018) |
| Madison DOT: | $119,580.00 (through March, 2018) |
| Est. Costs of sale: | $10,000.00 |
| Balance remaining: | $140,729.90 |
| Minus labor/loan: (see II & III above) | $94,192.64 |
| Gross profit: | $46,536.86 |
| 70% to Madison: | $32,575.80 |
| 30% to Debtor: | $13,961.06 |

## CREDITOR IS ENTITLED TO 10% INTEREST ON THE SECURED AMOUNT
## PURSUANT TO CALIFORNIA LAW

Pursuant to the promissory note between the Debtor and Creditor Michael Madison, the entire principal sum of $96,000 was due by June 30, 2017. The Debtor did not pay the entire sum by such a date. Upon the breach of the promissory note, Creditor became entitled to damages on the retention of the principal balance of the loan at the California permissible interest rate of 10%. California courts have found that even if a promissory note contains a provision for usurious interest, the lender is still entitled to recover interest upon the principal from the date of the breach. That is, California courts have ruled that when the promissory note becomes overdue, interest may be awarded in the nature of damages for the retention of the principal amount of the note and not by virtue of any provision in the note. *Epstein v. Frank*, 125 Cal.App.3rd 111 (1981); *Green v. Future Two*, 179 Cal.App.3rd 738, 744 (1986), *Mark McDowell Corp. v. LSM 128,* 214 Cal.App.3rd 1427, 1432 (1989); *Cannon v. Von Honenberg*, 2015 WL 6470560 (2015).

Further, California *Code of Civil Procedure* §3287(a) provides that:

"A person who is entitled to recover damages certain, or capable of being made **certain** by calculation, and the right to recover which is **vested in the person upon a particular day**, is entitled to recover interest thereon from that day is entitled also to recover interest thereon from that day..." [Emphasis added]

Here, there is no dispute as to the principal balance of the note. It is certain. The Debtor listed Creditor in her schedules. The amount of the promissory note is clear. It is $96,000. Therefore, the amount of damages arising from the breach of the promissory note was certain on the date of the breach of June 30, 2017.

In addition, California *Code of Civil Procedure* §3289(b) provides:

"If a contract entered into after January 1, 1986, does not stipulate to a legal interest
rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after
a breach."

Bankruptcy courts have permitted the award of interest on delinquent payments
pursuant to California *Civil Code* §3289(b) at the rate of 10% interest in connection with proofs
of claim. *In re Cukierman*, 242 B.R. 486 (BAP. 9th Cir. 1999) *affirmed in part, reversed in part
and remanded In re Cukierman*, 265 F.3rd 846 (9th Cir. 2001).

The filing of a proof of claim is an action to collect a debt. *Crawford v. LVNV
Funding*, LLC, 758 F.3rd 1254, 1262 (11th Cir. 2014.)  A proof of claim is defined broadly
pursuant to 11 U.S.C. §101(5) to include right to payment whether or not such right is reduced to
judgment, liquidated, unliquidated, contingent, matures unmatured etc.  Moreover, in *Travelers
Cas. Sur. Co. of Am. V. Cac. Gas & Elec Co.*, 549 U.S.C. 443, 444, 127 S.Ct. 1199, 167 L.Ed 2d
178 (2007), the Supreme Court stated that creditors entitlements in bankruptcy court arise from
the underlying substantive law creating the debtor's obligations.   Courts have allowed interest as
part of the proof of claim if the creditor is entitled to interest or the interest is vested in the
creditor as of the petition date.

Thus, even if this Court were to find that the promissory note contained a usurious
provision, upon the breach of the note on June 30, 2007, Creditor became entitled to 10% interest
for the Debtor's wrongful retention of the principal amount of the note from the date of the
breach to the date.   On June 30, 2017, Creditor's right to interest arising from the breach vested
and pursuant to California law, Creditor became entitled to 10% interest upon the principal sum
owed due to the Debtor's wrongful retention of the principal amount of the note.

Attached to the proof of claim is form 410A which is calculations of interest on the $96,000 loan providing for payment of $6,400 towards interest at the monthly rate of $800 per month for eight months and calculating interest from the date of the breach of July 1, 2017 at the California legal rate of 10%. The proof of claim also includes as well costs of collection (foreclosure) and attorney's fees.

**EXHIBIT 1**

## NOTE SECURED BY DEED OF TRUST
### STRAIGHT NOTE

**$96,000.00**                                                          **Date:  June 29, 2016**

Los Angeles, California.

ON OR BEFORE <u>**June 30, 2017**</u> For Value Received, I promise to pay to **Michael Durand Madison, Sr.**, or order, at **place designated by Beneficiary**

the principal sum of **NINETY-SIX THOUSAND AND 00/100  ($96,000.00),**

with **simple interest** from **July 29, 2016** until paid at the rate of **10.0000 per cent, per quarter, NINE THOUSAND SIX HUNDRED AND 00/100 ($9,600.00/every 3 months)** payable at the time the loan is paid in full.

"A late charge of 10.0000 percent of the total amount shall be due if full payment is not received by Beneficiary within five (5) days of the due date."

"Should the trustor or his successors in interest, without the consent in writing of the beneficiary, sell, transfer or convey or permit to be sold, transferred or conveyed, his interest in the property, or any part thereof, then the beneficiary may, at his option, declare all sums secured hereby immediately due and payable."

Should default be made in payment of interest when due, the whole sum of principal and interest shall become immediately due at the option of the Holder of this Note.  Principal and interest payable in lawful money of the United States.  If action be instituted on this note, I promise to pay such sum as the Court may fix as attorney's fees.  This note is secured by a Deed of Trust to Michael Durand Madison, Sr., as Beneficiary and Trustee.

Amos Q. Wellington

Letitia L. Wellington

LAWYERS TITLE

RECORDING REQUESTED BY:
Lawyers Title

AND WHEN RECORDED MAIL TO:

Michael Durand Madison, Sr.
10736 Jefferson Blvd #633
Culver City, CA 90230



THIS SPACE FOR RECORDER'S USE ONLY:

Escrow No.: 13969-SG                                                    Title Order No.: 116055517

SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made June 29, 2016                          A.P. #5085-031-012

Amos Q. Wellington and Letitia L. Wellington, Husband and Wife as Joint Tenants, herein called Trustor,
whose address is 1353 Hauser Boulevard, Los Angeles, CA 90036 and Michael Durand Madison, Sr., herein called Trustee, and Michael
Madison, herein called BENEFICIARY.

WITNESSETH: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE
that Property in the City of Los Angeles, County of Los Angeles County, California, described as:
LOT 21 OF TRACT NO. 8818, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER
MAP RECORDED IN BOOK 114, PAGES 94 AND 95 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

EXCEPT THEREFROM THE MINERALS, OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW THE SURFACE
OF SAID LAND.
Also Known as:  1353 Hauser Blvd., Los Angeles, CA  90019

"Should the trustor or his successors in interest, without the consent in writing of the beneficiary, sell, transfer or convey or permit to be sold,
transferred or conveyed, his interest in the property, or any part thereof, then the beneficiary may, at his option, declare all sums secured
hereby immediately due and payable."

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right power and authority given to and conferred upon
Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits. For the
Purpose of Securing:  1. Performance of each agreement of Trustor incorporated by reference or contained herein.  2. Payment of the
indebtedness evidenced by one promissory note of even date herewith, and any extensions or renewal thereof, in the principal sum of
$96,000.00 executed by Trustor in favor of Beneficiary or order.  3. Payment of such further sums as the then record owner of said property
may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

DATED June 29, 2016

_____
Amos Q Wellington

_____
Letitia L. Wellington

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF Los Angeles
On June 29, 2016
before me, Sullivan E Garrett
A Notary Public personally appeared
Amos Q. Washington and Letitia L. Wellington

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____                        (Seal)

SULLIVAN E. GARRETT
COMM. # 2411077
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Exp. May 11, 2019

-53-

## DO NOT RECORD

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county of California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

To Protect the Security of This Deed of Trust, Trustor Agrees:

1.     To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and material furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2.     To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3.     To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4.     To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purpose; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5.     To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

6.     That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such money(ies) received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

7.     That by accepting payment of any sum secured hereby its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

8.     That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

9.     That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

10.     That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

11.     That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any convenant or warranty express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

12.     Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

13.     That this Deed applies to inures, to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby whether, or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

14.     That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that the provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County October 18, 1961, and in all other counties October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| County | Book | Page | County | Book | Page | County | Book | Page | County | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 34 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 389 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| Eldorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 181 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glenn | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 5327 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2 Book 1961 Page 183887 | | | | | |

(which provisions, identical in all counties are printed on the reverse hereof) are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

---

DO NOT RECORD

## REQUEST FOR FULL RECONVEYANCE
### To be used only when note has been paid

To: _, Trustee:                                   Dated:_____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed , on payment to you any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

| MAIL RECONVEYANCE TO | |
|---|---|
| | |
| | |
| | |

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must
be delivered to the Trustee for cancellation before reconveyance will be made.

**EXHIBIT 3**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Letitia Louise Wellington |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 2:17-bk-23651-NB |

## Official Form 410

# Proof of Claim

4/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

Michael D. Madison, Sr.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Michael D. Madison, Sr.
Name

10736 Jefferson Blvd., #633
Number        Street

Culver City        CA        90230
City        State        ZIP Code

Contact phone  c/o 818 9991568

Contact email  c/o stella@havkinandshrago.com

Where should payments to the creditor be sent? (if different)

Name

Number        Street

City        State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known) 2

Filed on  03/24/2018
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $ _____ 126,768.84 . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned, services rendered and joint venture

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.   $_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   04/30/2018
                   MM / DD / YYYY

Signature   /s/ Stella Havkin

Print the name of the person who is completing and signing this claim:

| Name | Stella | | Havkin |
|---|---|---|---|
| | First name | Middle name | Last name |

Title   _____

Company   _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   5950 Canoga Avenue, Suite 400
          Number        Street
          Woodland Hills                CA        91367
          City                          State     ZIP Code

Contact phone   818 999-1568          Email   stella@havkinandshrago.com

## ATTACHMENT TO PROOF OF CLAIM

**I.**    **Loan to pay mortgage to Debtor (not tendered to first trust deed by Debtor):**

12/5/2016                         $4,600


**II.**    **Cost of materials and laborers to rehabilitate the property:**

$89,592.64


**III.**                **PROJECTED PROFIT FROM SALE OF PROPERTY**

Sale price:           $992,000.00

First deed of trust:   $721,690.10 (through March, 2018)

Madison DOT:        $119,580.00 (through March, 2018)

Est. Costs of sale:    $10,000.00

Balance remaining:   $140,729.90

Minus labor/loan:    $94,192.64
(see I & II above)

Gross profit:         $46,536.86

70% to Madison:      $32,575.80

30% to Debtor:       $13,961.06


**TOTAL:**           **$126,768.84**

**EXHIBIT 4**

# Central District of California
# Claims Register

<u>2:17-bk-23651-NB Letitia Louise Wellington</u> **Converted** 04/09/2018

| | |
|---|---|
| **Judge:** Neil W. Bason | **Chapter:** 7 |
| **Office:** Los Angeles | **Last Date to file claims:** 07/16/2018 |
| **Trustee:** Wesley H Avery (TR) | **Last Date to file (Govt):** 05/03/2018 |

| | | |
|---|---|---|
| *Creditor:* (38384228)<br>MTGLQ Investors, LP<br>c/o Rushmore Loan Management<br>Services<br>P.O. Box 55004<br>Irvine, CA 92619-2708 | **Claim No: 1**<br>*Original Filed*<br>*Date:* 03/12/2018<br>*Original Entered*<br>*Date:* 03/12/2018 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Merdaud Jafarnia<br>*Modified:* |

| Amount | claimed: | $721690.10 | ▥ |
|---|---|---|---|
| Secured | claimed: | $721690.10 | ▥ |

*History:*

| Details | 1-1 | 03/12/2018 | Claim #1 filed by MTGLQ Investors, LP, Amount claimed: $721690.10 (Jafarnia, Merdaud) |
|---|---|---|---|

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (38389682)<br>Michael D. Madison, Sr.<br>10736 Jefferson Boulevard, #633<br>Culver City, CA 90230 | **Claim No: 2**<br>*Original Filed*<br>*Date:* 03/14/2018<br>*Original Entered*<br>*Date:* 03/14/2018<br>*Last Amendment*<br>*Filed:* 04/30/2018<br>*Last Amendment*<br>*Entered:* 04/30/2018 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Stella A Havkin<br>*Modified:* |

| Amount | claimed: | $246568.44 | ▥ |
|---|---|---|---|
| Secured | claimed: | $119580.00 | ▥ |

*History:*

| Details | 2-1 | 03/14/2018 | Claim #2 filed by Michael D. Madison, Sr., Amount claimed: $246568.44 (Havkin, Stella) |
|---|---|---|---|
| Details | 2-2 | 03/24/2018 | Amended Claim #2 filed by Michael D. Madison, Sr., Amount claimed: $246568.44 (Havkin, Stella) |
| Details | 2-3 | 04/30/2018 | Amended Claim #2 filed by Michael D. Madison, Sr., Amount claimed: $246568.44 (Havkin, Stella) |

*Description:*

*Remarks:* (2-3) this is related to the unsecured claim

– 60 –

| Creditor: (38389682)<br>Michael D. Madison, Sr.<br>10736 Jefferson Boulevard, #633<br>Culver City, CA 90230 | Claim No: 3<br>Original Filed<br>Date: 04/30/2018<br>Original Entered<br>Date: 04/30/2018 | Status:<br>Filed by: CR<br>Entered by: Stella A Havkin<br>Modified: |
|---|---|---|

Amount claimed: $126768.84

| History: | | | |
|---|---|---|---|
| Details | 3-1 | 04/30/2018 | Claim #3 filed by Michael D. Madison, Sr., Amount claimed: $126768.84 (Havkin, Stella) |

Description:

Remarks: (3-1) this claim is related to claim 2 (secured)

| Creditor: (38497290)<br>FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION MS A340<br>PO BOX 2952<br>SACRAMENTO CA 95812-2952 | Claim No: 4<br>Original Filed<br>Date: 05/03/2018<br>Original Entered<br>Date: 05/03/2018<br>Last Amendment<br>Filed: 06/13/2018<br>Last Amendment<br>Entered: 06/13/2018 | Status:<br>Filed by: CR<br>Entered by: Kim Tho Nguyen<br>Modified: |
|---|---|---|

Amount claimed: $0.00
Priority claimed: $0.00

| History: | | | |
|---|---|---|---|
| Details | 4-1 | 05/03/2018 | Claim #4 filed by FRANCHISE TAX BOARD, Amount claimed: $2131.90 (Guido, George) |
| Details | 4-2 | 06/13/2018 | Amended Claim #4 filed by FRANCHISE TAX BOARD, Amount claimed: $0.00 (Nguyen, Kim Tho) |

Description: (4-1) Claim Filed
(4-2) Claim Filed

Remarks:

## Claims Register Summary

**Case Name:** Letitia Louise Wellington
**Case Number:** 2:17-bk-23651-NB
**Chapter:** 7
**Date Filed:** 11/04/2017
**Total Number Of Claims:** 4

| Total Amount Claimed* | $1095027.38 |
|---|---|
| Total Amount Allowed* | |

*Includes general unsecured claims

– 61 –

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

|  | Claimed | Allowed |
|---|---|---|
| Secured | $841270.10 |  |
| Priority | $0.00 |  |
| Administrative |  |  |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/25/2018 12:51:38 | | | |
| **PACER Login:** | atty151058:2800077:0 | **Client Code:** |  |
| **Description:** | Claims Register | **Search Criteria:** | 2:17-bk-23651-NB Filed or Entered From: 10/5/2016 Filed or Entered To: 12/31/2018 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

$-62-$

**EXHIBIT 5**

 **First American Title**

# First American Title Company

**207 Goode Avenue, Suite 410**
**Glendale, CA 91203**
California Department of Insurance License No. 151

Sebastian Amirian
Better Escrow Service
3115 West Olive Avenue
Burbank , CA 91505
Phone: (818)381-5646
Fax:
Customer Reference: 4814-SA
Order Number: TOR-5684905 (MP)

| | |
|---|---|
| Title Officer: | Michelle Pascual |
| Phone: | (818)550-2517 |
| Fax No.: | (866)878-7977 |
| E-Mail: | michelle.pascual@firstam.com |
| Property: | 1353 Hauser Boulevard |
| | Los Angeles, CA 90019 |

### PRELIMINARY REPORT

In response to the above referenced application for a policy of title insurance, this company hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a Policy or Policies of Title Insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an Exception below or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations of said Policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Exhibit A attached. *The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties.* Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Exhibit A. Copies of the policy forms should be read. They are available from the office which issued this report.

**Please read the exceptions shown or referred to below and the exceptions and exclusions set forth in Exhibit A of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.**

**It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.**

This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.

Dated as of April 12, 2018 at 7:30 A.M.

The form of Policy of title insurance contemplated by this report is:

ALTA/CLTA Homeowner's (EAGLE) Policy of Title Insurance (2013) and ALTA Ext Loan Policy 1056.06 (06-17-06) if the land described is an improved residential lot or condominium unit on which there is located a one-to-four family residence; or ALTA Standard Owner's Policy 2006 (WRE 06-17-06) and the ALTA Loan Policy 2006 (06-17-06) if the land described is an unimproved residential lot or condominium unit

A specific request should be made if another form or additional coverage is desired.

Title to said estate or interest at the date hereof is vested in:

> Amos Q. Wellington and Letitia L. Wellington, husband and wife as joint tenants, subject to proceedings pending in the Bankruptcy Court of the Central District of the U. S. District Court, California, entitled in re: Letitia Louise Wellington, debtor, Case No. 17-023651, wherein a petition for relief was filed on November 4, 2017

The estate or interest in the land hereinafter described or referred to covered by this Report is:

> FEE

The Land referred to herein is described as follows:

(See attached Legal Description)

At the date hereof exceptions to coverage in addition to the printed Exceptions and Exclusions in said policy form would be as follows:

1.  General and special taxes and assessments for the fiscal year 2018-2019, a lien not yet due or payable.

2.  The lien of supplemental taxes, if any, assessed pursuant to Chapter 3.5 commencing with Section 75 of the California Revenue and Taxation Code.

3.  An easement for public utilities and incidental purposes in the document recorded  as BOOK 4454, PAGE 269 of Official Records.

4.  Covenants, conditions, restrictions and easements in the document recorded  as BOOK 4890, PAGE 352  of Official Records, which provide that a violation thereof shall not defeat or render invalid the lien of any first mortgage or deed of trust made in good faith and for value, but deleting any covenant, condition, or restriction indicating a preference, limitation or discrimination based on race, color, religion, sex, sexual orientation, familial status, disability, handicap, national origin, genetic information, gender, gender identity, gender expression, source of income (as defined in California Government Code § 12955(p)) or ancestry, to the extent such covenants, conditions or restrictions violation 42 U.S.C. § 3604(c) or California Government Code § 12955.  Lawful restrictions under state and federal law on the age of occupants in senior housing or housing for older persons shall not be construed as restrictions based on familial status.

5.  A subsurface oil and gas lease, executed by JOHN F. JUAREZ AND MARGIE F. JUAREZ, HUSBAND AND WIFE as lessor and STANDARD OIL COMPANY OF CALIFORNIA, A CALIFORNIA as lessee, recorded December 23, 1964 as INSTRUMENT NO. 3403 of Official Records, affecting the land lying below a depth of 500 feet from the surface thereof, without the right of surface entry.

    Defects, liens, encumbrances or other matters affecting the leasehold estate, whether or not shown by the public records.

6.  A deed of trust to secure an original indebtedness of $272,000.00 recorded DECEMBER 18, 2007 as INSTRUMENT NO. 07-2771371 OF OFFICIAL RECORDS.
    Dated:                  DECEMBER 11, 2007
    Trustor:                AMOS Q. WELLINGTON AND LETITIA L. WELLINGTON,
                            HUSBAND AND WIFE AS JOINT TENANTS
    Trustee:                PRLAP, INC.
    Beneficiary:            BANK OF AMERICA, N.A.

    The above deed of trust states that it secures an equity line/revolving line of credit. Prior to the payment and suspension of the equity line/revolving line of credit, an instruction to suspend and close the equity line/revolving line of credit pursuant to CA Civil Code Section 2943.1 must be executed by the borrower.

    The effect of a document entitled "SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE", recorded NOVEMBER 28, 2012 as INSTRUMENT NO. 12-1813290 of Official Records.

    Note: The Company will require satisfactory proof of full payment of the debt secured by said mortgage or deed of trust prior to removing this exception or insuring the contemplated transaction.

    A document recorded JANUARY 22, 2013 as INSTRUMENT NO. 13-104321 OF OFFICIAL RECORDS provides that the lien or charge of the deed of trust was subordinated to the lien or charge of the deed of trust recorded June 02, 2008 as INSTRUMENT NO. 08-965741 OF OFFICIAL RECORDS.

7.  A deed of trust to secure an original indebtedness of $666,000.00 recorded June 02, 2008 as INSTRUMENT NO. 08-965741 OF OFFICIAL RECORDS.
    Dated:                  May 19, 2008
    Trustor:                AMOS Q. WELLINGTON AND LETITIA L. WELLINGTON,
                            HUSBAND AND WIFE AS JOINT TENANTS
    Trustee:                PRLAP, INC.
    Beneficiary:            BANK OF AMERICA, N.A.

$- 65 -$

A document recorded May 02, 2014 as INSTRUMENT NO. 14-457439 OF OFFICIAL RECORDS provides that the deed of trust or the obligation secured thereby has been modified.

According to the public records, the beneficial interest under the deed of trust has been assigned to MTGLQ INVESTORS, L.P., by various assignments, the last of which was recorded November 03, 2015 as INSTRUMENT NO. 15-1348183 of Official Records.

A document recorded May 26, 2017 as INSTRUMENT NO. 17-588415 OF OFFICIAL RECORDS provides that QUALITY LOAN SERVICE CORPORATION was substituted as trustee under the deed of trust.

A notice of default recorded June 12, 2017 as INSTRUMENT NO. 17-642535 OF OFFICIAL RECORDS.

A notice of trustee's sale recorded October 13, 2017 as INSTRUMENT NO. 17-1173461 OF OFFICIAL RECORDS.

8.  A deed of trust to secure an original indebtedness of $96,000.00 recorded June 30, 2016 as INSTRUMENT NO. 16-758922 OF OFFICIAL RECORDS.
    Dated:                    June 29, 2016
    Trustor:                  AMOS Q. WELLINGTON AND LETITIA L. WELLINGTON, HUSBAND AND WIFE AS JOINT TENANTS
    Trustee:                  MICHAEL DURAND MADISON, SR.,
    Beneficiary:              MICHAEL MADISON

Notes:
a. If this deed of trust is to be eliminated in the policy or policies contemplated by this report/commitment, we will require all of the following prior to the recordation of any documents or the issuance of any policy of title insurance:
i. Original note and deed of trust.
ii. Payoff demand statement signed by all present beneficiaries.
iii. Request for reconveyance signed by all present beneficiaries.
b. If the payoff demand statement or the request for reconveyance is to be signed by a servicer, we will also require a full copy of the loan servicing agreement executed by all present beneficiaries.
c. If any of the beneficial interest is presently held by trustees under a trust agreement, we will require a certification pursuant to Section 18500.5 of the California Probate Code in a form satisfactory to the Company

A notice of default recorded July 05, 2017 as INSTRUMENT NO. 17-744391 OF OFFICIAL RECORDS.

A document recorded October 16, 2017 as INSTRUMENT NO. 17-1179979 OF OFFICIAL RECORDS provides that MERIDIAN PRIVATE LENDER SERVICES, INC. was substituted as trustee under the deed of trust.

A notice of trustee's sale recorded October 16, 2017 as INSTRUMENT NO. 17-1179980 OF OFFICIAL RECORDS.

9.  Proceedings pending in the Bankruptcy Court of the CENTRAL District of the U.S. District Court, California, entitled in re: LETITIA LOUISE WELLINGTON, debtor, Case No. 17-023651, wherein a petition for relief was filed under Chapter 7 on November 04, 2017.

10. This transaction may be subject to the FinCEN Geographic Targeting Order affecting residential sale transactions. This company must be provided with information prior to the closing sufficient to determine if IRS/FinCEN Form 8300 must be completed and filed and must be provided information sufficient to meet the records retention requirements of the FinCEN Geographic Targeting Order. This transaction will not be insured, and this company and/or its underwriter will not be involved in a Covered Transaction (as defined by the FinCEN Geographic Targeting Order) until this information is submitted and reviewed by this company.

## INFORMATIONAL NOTES

Note: The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than the certain dollar amount set forth in any applicable arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. If you desire to review the terms of the policy, including any arbitration clause that may be included, contact the office that issued this Commitment or Report to obtain a sample of the policy jacket for the policy that is to be issued in connection with your transaction.

1.  General and special taxes and assessments for the fiscal year 2017-2018.

    | | |
    |---|---|
    | First Installment: | $798.34, PAID |
    | Penalty: | $0.00 |
    | Second Installment: | $798.33, PAID |
    | Penalty: | $0.00 |
    | Tax Rate Area: | 44-00067 |
    | A. P. No.: | 5085-031-012 |

2.  This report is preparatory to the issuance of an ALTA Loan Policy. We have no knowledge of any fact which would preclude the issuance of the policy with CLTA endorsement forms 100 and 116 and if applicable, 115 and 116.2 attached.

    When issued, the CLTA endorsement form 116 or 116.2, if applicable will reference a(n) Single Family Residence  known as 1353 HAUSER BOULEVARD, LOS ANGELES, CA.

3.  According to the public records, there has been no conveyance of the land within a period of twenty-four months prior to the date of this report, except as follows:

    None

    NOTE to proposed insured lender only: No Private transfer fee covenant, as defined in Federal Housing Finance Agency Final Rule 12 CFR Part 1228, that was created and first appears in the Public Records on or after February 8, 2011, encumbers the Title except as follows: None

The map attached, if any, may or may not be a survey of the land depicted hereon. First American expressly disclaims any liability for loss or damage which may result from reliance on this map except to the extent coverage for such loss or damage is expressly provided by the terms and provisions of the title insurance policy, if any, to which this map is attached.

## **LEGAL DESCRIPTION**

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

LOT 21 OF TRACT NO. 8818, AS PER MAP RECORDED IN BOOK 114, PAGES 94 AND 95 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT "ALL MINERAL RIGHTS" AS EXCEPTED IN DEED FROM JOHN F. JUAREZ, RECORDED NOVEMBER 6, 1978 AS INSTRUMENT NO. 78-1236138, OFFICIAL RECORDS.

APN: 5085-031-012

5085 | 31 | 1997

SCALE 1" = 100'

Revised
2-8-62
56538
70536
962827
56690906006001-09



CODE
67
401

TRACT NO. 7574
M.B. 99-41-42

TRACT NO. 8643
M.B. 151-65-66

TRACT NO. 8818
M.B. 114-94-95

FOR PREV. ASSM'T. SEE 1048-31

ASSESSOR'S MAP
COUNTY OF LOS ANGELES, CALIF..

## *NOTICE*

Section 12413.1 of the California Insurance Code, effective January 1, 1990, requires that any title insurance company, underwritten title company, or controlled escrow company handling funds in an escrow or sub-escrow capacity, wait a specified number of days after depositing funds, before recording any documents in connection with the transaction or disbursing funds. This statute allows for funds deposited by wire transfer to be disbursed the same day as deposit. In the case of cashier's checks or certified checks, funds may be disbursed the next day after deposit. In order to avoid unnecessary delays of three to seven days, or more, please use wire transfer, cashier's checks, or certified checks whenever possible.

**EXHIBIT A**
**LIST OF PRINTED EXCEPTIONS AND EXCLUSIONS (BY POLICY TYPE)**

## CLTA STANDARD COVERAGE POLICY – 1990
EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a) Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
    (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3.  Defects, liens, encumbrances, adverse claims or other matters:
    (a) whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
    (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
    (c) resulting in no loss or damage to the insured claimant;
    (d) attaching or created subsequent to Date of Policy; or
    (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.
4.  Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.
5.  Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6.  Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
    Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public, records.
2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the public records.
4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.
6.  Any lien or right to a lien for services, labor or material not shown by the public records.

## CLTA/ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1.  Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:
    a. building;
    b. zoning;
    c. land use;

    d. improvements on the Land;

    e. land division; and

    f. environmental protection.

    This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.

2. The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.

3. The right to take the Land by condemning it. This Exclusion does not limit the coverage described in Covered Risk 17.

4. Risks:

    a. that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;

    b. that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;

    c. that result in no loss to You; or

    d. that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.

5. Failure to pay value for Your Title.

6. Lack of a right:

    a. to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and

    b. in streets, alleys, or waterways that touch the Land.

    This Exclusion does not limit the coverage described in Covered Risk 11 or 21.

7. The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.

8. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.

9. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:
For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.
The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

| | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1% of Policy Amount Shown in Schedule A or $2,500 (whichever is less) | $10,000 |
| Covered Risk 18: | 1% of Policy Amount Shown in Schedule A or $5,000 (whichever is less) | $25,000 |
| Covered Risk 19: | 1% of Policy Amount Shown in Schedule A or $5,000 (whichever is less) | $25,000 |
| Covered Risk 21: | 1% of Policy Amount Shown in Schedule A or $2,500 (whichever is less) | $5,000 |

## 2006 ALTA LOAN POLICY (06-17-06)
### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

    (i) the occupancy, use, or enjoyment of the Land;

    (ii) the character, dimensions, or location of any improvement erected on the Land;

    (iii) the subdivision of land; or

    (iv) environmental protection;

or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.

(b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3. Defects, liens, encumbrances, adverse claims, or other matters

(a) created, suffered, assumed, or agreed to by the Insured Claimant;

(b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

(c) resulting in no loss or damage to the Insured Claimant;

(d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13, or 14); or

(e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.

4.  Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.

5.  Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.

6.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is

(a) a fraudulent conveyance or fraudulent transfer, or

(b) a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.

7.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records. This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

[Except as provided in Schedule B - Part II,[ t[or T]his policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

## [PART I

[The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2.  Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.

4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.

5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.

6.  Any lien or right to a lien for services, labor or material not shown by the public records.

## PART II

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:]

## 2006 ALTA OWNER'S POLICY (06-17-06)
### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

(i) the occupancy, use, or enjoyment of the Land;

(ii) the character, dimensions, or location of any improvement erected on the Land;

(iii) the subdivision of land; or

(iv) environmental protection;

or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.

(b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3.  Defects, liens, encumbrances, adverse claims, or other matters

(a) created, suffered, assumed, or agreed to by the Insured Claimant;

(b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

(c) resulting in no loss or damage to the Insured Claimant;

(d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 or 10); or

(e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.

4. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is

(a) a fraudulent conveyance or fraudulent transfer, or

(b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.

5. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:
[The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1. (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2. Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3. Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6. Any lien or right to a lien for services, labor or material not shown by the Public Records.
7. [Variable exceptions such as taxes, easements, CC&R's, etc. shown here.]

## ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY (07-26-10)
### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

    (i) the occupancy, use, or enjoyment of the Land;

    (ii) the character, dimensions, or location of any improvement erected on the Land;

    (iii) the subdivision of land; or

    (iv) environmental protection;

    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.

    (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.

2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3. Defects, liens, encumbrances, adverse claims, or other matters

    (a) created, suffered, assumed, or agreed to by the Insured Claimant;

    (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

    (c) resulting in no loss or damage to the Insured Claimant;

    (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or

    (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.

4. Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.

5. Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.

6. Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the

Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.

7. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.

8. The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes. This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.

9. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is

(a) a fraudulent conveyance or fraudulent transfer, or

(b) a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.

10. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.

11. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

 *First American Title*

**Privacy Information**
**We Are Committed to Safeguarding Customer Information**
In order to better serve your needs now and in the future, we may ask you to provide us with certain information. We understand that you may be concerned about what we will do with such information - particularly any personal or financial information. We agree that you have a right to know how we will utilize the personal information you provide to us. Therefore, together with our subsidiaries we have adopted this Privacy Policy to govern the use and handling of your personal information.

**Applicability**
This Privacy Policy governs our use of the information that you provide to us. It does not govern the manner in which we may use information we have obtained from any other source, such as information obtained from a public record or from another person or entity. First American has also adopted broader guidelines that govern our use of personal information regardless of its source. First American calls these guidelines its Fair Information Values.

**Types of Information**
Depending upon which of our services you are utilizing, the types of nonpublic personal information that we may collect include:
- Information we receive from you on applications, forms and in other communications to us, whether in writing, in person, by telephone or any other means;
- Information about your transactions with us, our affiliated companies, or others; and
- Information we receive from a consumer reporting agency.

**Use of Information**
We request information from you for our own legitimate business purposes and not for the benefit of any nonaffiliated party. Therefore, we will not release your information to nonaffiliated parties except: (1) as necessary for us to provide the product or service you have requested of us; or (2) as permitted by law. We may, however, store such information indefinitely, including the period after which any customer relationship has ceased. Such information may be used for any internal purpose, such as quality control efforts or customer analysis. We may also provide all of the types of nonpublic personal information listed above to one or more of our affiliated companies. Such affiliated companies include financial service providers, such as title insurers, property and casualty insurers, and trust and investment advisory companies, or companies involved in real estate services, such as appraisal companies, home warranty companies and escrow companies. Furthermore, we may also provide all the information we collect, as described above, to companies that perform marketing services on our behalf, on behalf of our affiliated companies or to other financial institutions with whom we or our affiliated companies have joint marketing agreements.

**Former Customers**
Even if you are no longer our customer, our Privacy Policy will continue to apply to you.

**Confidentiality and Security**
We will use our best efforts to ensure that no unauthorized parties have access to any of your information. We restrict access to nonpublic personal information about you to those individuals and entities who need to know that information to provide products or services to you. We will use our best efforts to train and oversee our employees and agents to ensure that your information will be handled responsibly and in accordance with this Privacy Policy and First American's Fair Information Values. We currently maintain physical, electronic, and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**Information Obtained Through Our Web Site**
First American Financial Corporation is sensitive to privacy issues on the Internet. We believe it is important you know how we treat the information about you we receive on the Internet.
In general, you can visit First American or its affiliates' Web sites on the World Wide Web without telling us who you are or revealing any information about yourself. Our Web servers collect the domain names, not the e-mail addresses, of visitors. This information is aggregated to measure the number of visits, average time spent on the site, pages viewed and similar information. First American uses this information to measure the use of our site and to develop ideas to improve the content of our site.
There are times, however, when we may need information from you, such as your name and email address. When information is needed, we will use our best efforts to let you know at the time of collection how we will use the personal information. Usually, the personal information we collect is used only by us to respond to your inquiry, process an order or allow you to access specific account/profile information. If you choose to share any personal information with us, we will only use it in accordance with the policies outlined above.

**Business Relationships**
First American Financial Corporation's site and its affiliates' sites may contain links to other Web sites. While we try to link only to sites that share our high standards and respect for privacy, we are not responsible for the content or the privacy practices employed by other sites.

**Cookies**
Some of First American's Web sites may make use of "cookie" technology to measure site activity and to customize information to your personal tastes. A cookie is an element of data that a Web site can send to your browser, which may then store the cookie on your hard drive.
FirstAm.com uses stored cookies. The goal of this technology is to better serve you when visiting our site, save you time when you are here and to provide you with a more meaningful and productive Web site experience.
------------------------------------------------------------------------

**Fair Information Values**
**Fairness** We consider consumer expectations about their privacy in all our businesses. We only offer products and services that assure a favorable balance between consumer benefits and consumer privacy.
**Public Record** We believe that an open public record creates significant value for society, enhances consumer choice and creates consumer opportunity. We actively support an open public record and emphasize its importance and contribution to our economy.
**Use** We believe we should behave responsibly when we use information about a consumer in our business. We will obey the laws governing the collection, use and dissemination of data.
**Accuracy** We will take reasonable steps to help assure the accuracy of the data we collect, use and disseminate. Where possible, we will take reasonable steps to correct inaccurate information. When, as with the public record, we cannot correct inaccurate information, we will take all reasonable steps to assist consumers in identifying the source of the erroneous data so that the consumer can secure the required corrections.
**Education** We endeavor to educate the users of our products and services, our employees and others in our industry about the importance of consumer privacy. We will instruct our employees on our fair information values and on the responsible collection and use of data. We will encourage others in our industry to collect and use information in a responsible manner.
**Security** We will maintain appropriate facilities and systems to protect against unauthorized access to and corruption of the data we maintain.

Form 50-PRIVACY (9/1/10)                    Page 1 of 1                    Privacy Information (2001-2010 First American Financial Corporation)

EXHIBIT 6

| Attorney or Party Name, Address, Telephone & FAX Nos.,State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Sanaz Sarah Bereliani, Esq. 256465**<br>**11400 W. Olympic Blvd., Suite 200**<br>**Los Angeles, CA 90064**<br>**(818) 920-8352 Fax: (888) 876-0896**<br>**256465 CA**<br>**berelianilaw@gmail.com** | |
| ☐ *Individual appearing without attorney*<br>☑ *Attorney for Debtor* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>    **Letitia Wellington**<br><br><br><br><br><br><br>    Debtor(s) | CASE NO.: **2:17-bk-23651-NB**<br><br>CHAPTER: **7**<br><br><br>**SUMMARY OF AMENDED SCHEDULES,<br>MASTER MAILING LIST,<br>AND/OR STATEMENTS<br>[LBR 1007-1(c)]** |
|---|---|

A filing fee is required to amend Schedules D, or E/F (see Abbreviated Fee Schedule on the Court's website www.cacb.uscourts.gov). A supplemental master mailing list (do not repeat any creditors on the original) is also required as an attachment if creditors are being added to the Schedule D or E/F. Are one or more creditors being added? ☐ Yes ☒ No

The following schedules, master mailing list or statements are being amended (check all that apply):

☑ Schedule A/B        ☑ Schedule C        ☐ Schedule D        ☐ Schedule E/F        ☐ Schedule G

☑ Schedule H        ☑ Schedule I        ☐ Schedule J        ☐ Schedule J-2        ☑ Statement of Financial Affairs

☐ Statement About Your Social Security Number(s)        ☐ Statement of Intentions        ☐ Master Mailing List

☐ Other (*specify*) _____

I/we declare under penalty of perjury under the laws of the United States that the amended schedules, master mailing list, and or statements are true and correct.

Date:    **5/17/2018**

_____
**Letitia Wellington**
Debtor 1 Signature

_____
Debtor 2 (Joint Debtor) Signature (if applicable)

**NOTE:** It is the responsibility of the Debtor, or the Debtor's attorney, to serve copies of all amendments on all creditors listed in this Summary of Amended Schedules, Master Mailing List, and/or Statements, and to complete and file the attached Proof of Service of Document.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| Fill in this information to identify your case and this filing: |
|---|

| Debtor 1 | **Letitia Wellington** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 2:17-bk-23651-NB | | |

■ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                          12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

■ Yes. Where is the property?

1.1

**1353 Hauser Blvd.**
_____
Street address, if available, or other description

**Los Angeles     CA     90019-0000**
City         State      ZIP Code

**Los Angeles**
_____
County

**What is the property?** Check all that apply
- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ■ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$1,200,000.00** | **$1,200,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

■ Check if this is community property (see instructions)

**Debtors have a buyer currently interested in purchasing their home for $976,000. This is the best offer they have received, although they believed their home value to be much higher. They have not found any buyers anywhere close to the $1.2MM range.**

Debtor 1   **Letitia Wellington**                                    Case number *(if known)*   **2:17-bk-23651-NB**

---

**If you own or have more than one, list here:**

1.2

Street address, if available, or other description

| City | State | ZIP Code |

County

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☑ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$3,000.00** | **$3,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

☑ **Check if this is community property**
(see instructions)

**Non-Debtor Spouse purchased land that are subject to tax liens.
Vic 200 St E Camino Val Mount Waterman, California 94544
Parcel 3062-023-001**

---

**If you own or have more than one, list here:**

1.3

Street address, if available, or other description

| City | State | ZIP Code |

County

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☑ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$3,000.00** | **$3,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

☑ **Check if this is community property**
(see instructions)

**Non-Debtor Spouse purchased land that are subject to tax liens.
Vic  Ave F2/28th Street W. Lancaster, California 94544
Parcel 3114-001-056**

---

- 80 -

Debtor 1    **Letitia Wellington**                                    Case number (*if known*)    **2:17-bk-23651-NB**

| | |
|---|---|

**If you own or have more than one, list here:**

**1.4**

Street address, if available, or other description

_____

_____

City _____ State ___ ZIP Code _____

_____

County _____

**What is the property?** Check all that apply

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

■ Land

☐ Investment property

☐ Timeshare

☐ Other _____

**Who has an interest in the property?** Check one

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Non-Debtor Spouse purchased land that are subject to tax liens. Parcel 3272-033-103**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$3,000.00** | **$3,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

■ Check if this is community property (see instructions)

---

**If you own or have more than one, list here:**

**1.5**

Street address, if available, or other description

_____

_____

City _____ State ___ ZIP Code _____

_____

County _____

**What is the property?** Check all that apply

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

■ Land

☐ Investment property

☐ Timeshare

☐ Other _____

**Who has an interest in the property?** Check one

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Non-Debtor Spouse purchased land that are subject to tax liens. Parcel 3218-020-054**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$3,000.00** | **$3,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

■ Check if this is community property (see instructions)

---

2.  **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.............................................................=>**

| |
|---|
| **$1,212,000.00** |

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3.  **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

■ No

☐ Yes

~ 81 ~

Debtor 1    **Letitia Wellington**                                                  Case number *(if known)*    **2:17-bk-23651-NB**

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ☒ No
   ☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
   pages you have attached for Part 2. Write that number here.............................................................=>    |  **$0.00**  |

<table>
<tr><td>**Part 3:**  Describe Your Personal and Household Items</td><td></td></tr>
<tr><td>Do you own or have any legal or equitable interest in any of the following items?</td><td>Current value of the portion you own?<br>Do not deduct secured claims or exemptions.</td></tr>
</table>

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ☒ Yes. Describe.....

   | Household goods and furnishings | **$2,500.00** |

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ☒ Yes. Describe.....

   | Misc. electronics - Tv, cell phone, fax machine, computer, etc | **$1,000.00** |

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☒ No
   ☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☒ No
   ☐ Yes. Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ☒ No
    ☐ Yes. Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ☒ Yes. Describe.....

    | Clothing, shoes, and other apparel | **$1,000.00** |

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ☒ Yes. Describe.....

    | misc. jewelry | **$1,000.00** |

Debtor 1    __Letitia Wellington__    Case number *(if known)*  __2:17-bk-23651-NB__

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ☑ No
   ☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
   ☑ No
   ☐ Yes. Give specific information.....

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ...........................................................................

| |
|---|
| **$5,500.00** |

---

| Part 4: | Describe Your Financial Assets |
|---|---|

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**16. Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
   ☑ No
   ☐ Yes.........................................................................................................

**17. Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
   ☐ No
   ☑ Yes.........................                    Institution name:

| | | | |
|---|---|---|---:|
| 17.1. | **Debtor's Personal Checking** | **Union Bank** | $220.00 |
| 17.2. | **Joint Checking/Savings** | **Wescom Credit Union** | $174.45 |
| 17.3. | **Spouse Business Checking for Blanwell Auto Sales** | **US Bank** | $40.81 |
| 17.4. | **Joint Checking** | **Bank of America** | $450.52 |

**18. Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
   ☑ No
   ☐ Yes..................                    Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
   ☐ No
   ☑ Yes.  Give specific information about them..................
                    Name of entity:                                  % of ownership:

---

Debtor 1    __Letitia Wellington__    Case number *(if known)*  __2:17-bk-23651-NB__

Blanwell Auto Sales, dba

| Non-filing spouse is in the business of buying and selling used vehicles. At any given time, including time of filing on or about November 2017, non-filing spouse had 3-4 vehicles for sale. Total price being $25k for all four. Debtor rents auto lot as needed to stage his vehicles. | 100 | % | $0.00 |
|---|---|---|---|

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
   ■ No
   ☐ Yes. Give specific information about them
          Issuer name:

21. **Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ☐ No
   ■ Yes. List each account separately.
          Type of account:          Institution name:

| **Pension** | **Debtor has a retirement account being administered by Union Bank. She gets paid $156/month.** | $156.00 |
|---|---|---|

22. **Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   ■ No
   ☐ Yes. .....................          Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
   ■ No
   ☐ Yes.............          Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
   ■ No
   ☐ Yes.............          Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
   ■ No
   ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ■ No
   ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ■ No
   ☐ Yes.  Give specific information about them...

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

Debtor 1    __Letitia Wellington__    Case number *(if known)* __2:17-bk-23651-NB__

28. **Tax refunds owed to you**
☑ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

_____

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
☑ No
☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
☑ No
☐ Yes. Give specific information..

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
☑ No
☐ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|

32. **Any interest in property that is due from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
☑ No
☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
☐ No
☑ Yes. Describe each claim.........

| | |
|---|---|
| Debtor and non-filing spouse have a potential claim against Michael Durand Madison, Sr., who is a current lienholder on their residence. The claims are for malpractice, breach of contract, and usury. They are also disputing the balance claimed on Schedule D.<br><br>Debtor has retainer Attorney Kousha Berokim to pursue this claim, however, given the bankruptcy Mr. Berokim has yet to proceed. Contact information for Mr. Berokim can be furnished upon request.<br><br>**Value of claim is unknown and speculative at this time.** | **$0.00** |

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
☑ No
☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
☑ No
☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.......................................................................................................................**

| |
|---|
| **$1,041.78** |

---

**Part 5:** Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

| Debtor 1 | **Letitia Wellington** | | Case number *(if known)* | **2:17-bk-23651-NB** |

**37. Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.

☐ Yes.  Go to line 38.

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes.  Go to line 47.

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |

**53. Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific information.........

**54.  Add the dollar value of all of your entries from Part 7. Write that number here** ......................................

|  | **$0.00** |

| **Part 8:** | **List the Totals of Each Part of this Form** |

| | | | |
|---|---|---:|---:|
| 55. | **Part 1: Total real estate, line 2** ................................................................................................. | | **$1,212,000.00** |
| 56. | **Part 2: Total vehicles, line 5** | $0.00 | |
| 57. | **Part 3: Total personal and household items, line 15** | $5,500.00 | |
| 58. | **Part 4: Total financial assets, line 36** | $1,041.78 | |
| 59. | **Part 5: Total business-related property, line 45** | $0.00 | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | |
| 61. | **Part 7: Total other property not listed, line 54** + | $0.00 | |
| 62. | **Total personal property. Add lines 56 through 61...** | $6,541.78 | Copy personal property total    **$6,541.78** |
| 63. | **Total of all property on Schedule A/B. Add line 55 + line 62** | | **$1,218,541.78** |

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Letitia Wellington** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse if, filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | |
| Case number | **2:17-bk-23651-NB** | |
| (if known) | | |

■ Check if this is an
amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt

**4/16**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| **1353 Hauser Blvd. Los Angeles, CA 90019  Los Angeles County** Debtors have a buyer currently interested in purchasing their home for $976,000. This is the best offer they have received, although they believed their home value to be much higher. They have no Line from *Schedule A/B*: **1.1** | $1,200,000.00 | ■ _____ $175,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| **Household goods and furnishings** Line from *Schedule A/B*: **6.1** | $2,500.00 | ■ _____ $2,500.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Misc. electronics - Tv, cell phone, fax machine, computer, etc** Line from *Schedule A/B*: **7.1** | $1,000.00 | ■ _____ $1,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Clothing, shoes, and other apparel** Line from *Schedule A/B*: **11.1** | $1,000.00 | ■ _____ $1,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

- 87 -

Debtor 1    **Letitia Wellington**    Case number (if known)    **2:17-bk-23651-NB**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **misc. jewelry**<br>Line from *Schedule A/B*: **12.1** | $1,000.00 | ■ $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.040** |
| **Debtor's Personal Checking: Union Bank**<br>Line from *Schedule A/B*: **17.1** | $220.00 | ■ $220.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.080** |
| **Joint Checking/Savings: Wescom Credit Union**<br>Line from *Schedule A/B*: **17.2** | $174.45 | ■ $174.45<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.080** |
| **Spouse Business Checking for Blanwell Auto Sales: US Bank**<br>Line from *Schedule A/B*: **17.3** | $40.81 | ■ $40.81<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.070** |
| **Joint Checking: Bank of America**<br>Line from *Schedule A/B*: **17.4** | $450.52 | ■ $450.52<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.070** |
| **Pension: Debtor has a retirement account being administered by Union Bank. She gets paid $156/month.**<br>Line from *Schedule A/B*: **21.1** | $156.00 | ■ $156.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.115(a)(1) & (2), (b)** |

3. **Are you claiming a homestead exemption of more than $160,375?**
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ■ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ■ No

       ☐ Yes

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

− 88 −

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Letitia Wellington** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 2:17-bk-23651-NB | | |
| (if known) | | | |

■ Check if this is an amended filing

## Official Form 106H
## Schedule H: Your Codebtors                                                        12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

   ☐ No
   ■ Yes.

   In which community state or territory did you live?    **California**    . Fill in the name and current address of that person.
   **Amos Q. Wellington**

   Name of your spouse, former spouse, or legal equivalent
   Number, Street, City, State & Zip Code

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| *Column 1: Your codebtor* Name, Number, Street, City, State and ZIP Code | *Column 2:* The creditor to whom you owe the debt Check all schedules that apply: |
|---|---|
| **3.1** | ☐ Schedule D, line _____ |
| Name | ☐ Schedule E/F, line _____ |
| | ☐ Schedule G, line _____ |
| Number    Street | |
| City            State            ZIP Code | |
| **3.2** | ☐ Schedule D, line _____ |
| Name | ☐ Schedule E/F, line _____ |
| | ☐ Schedule G, line _____ |
| Number    Street | |
| City            State            ZIP Code | |

**EXHIBIT 7**

1  BRETT B. CURLEE (SBN 151058)
   LAW OFFICES OF BRETT CURLEE
2  11377 W. Olympic Blvd. Suite 200
   Los Angeles, CA 90064
3  Telephone: (310)203-3084
   Facsimile: (310) 203-3071
4  Email: Brett.Curlee@TheCurleeLawFirm.com

5  Attorney for the Movant and Chapter
   7 Trustee, WESLEY H. AVERY

6
                    UNITED STATES BANKRUPTCY COURT
7
                    CENTRAL DISTRICT OF CALIFORNIA
8
                        LOS ANGELES DIVISION
9
   In re                          ) CASE NO. 2:17-bk-23651-NB
10                                 )
   LETITIA LOUISE WELLINGTON,      ) [Chapter 7]
11                                 )
                    Debtor.        ) STIPULATION FOR THE CHAPTER 7
12                                 ) TRUSTEE  TO  SELL  THE  SINGLE
                                   ) FAMILY RESIDENCE (1353 Hauser
13                                 ) Boulevard,  Los  Angeles,  CA
                                   ) 90036)  AND  TO  CONTINUE  THE
14                                 ) HEARING  ON  THE  MOTION  TO
                                   ) CONSOLIDATE  (Docket  No.  43)
15                                 ) BETWEEN    THE    CHAPTER    7
                                   ) TRUSTEE, WESLEY H. AVERY, THE
16                                 ) DEBTOR,    LETITIA    LOUISE
                                   ) WELLINGTON,   THE   DEBTOR'S
17                                 ) SPOUSE,  AMOS  Q.  WELLINGTON,
                                   ) AND  CREDITOR  MICHAEL  DURAND
18                                 ) MADISON, SR.
                                   )
19                                 ) Date: October 2, 2018
                                   ) Time: 10:00 a.m.
20 _____) Courtroom: 1545
                                     Edward R. Roybal Federal
21                                   Building
                                     and Courthouse
22                                   255 E. Temple Street
                                     Los Angeles, CA 90012-3300
23

24

25

26

27

28

                              -1-

1    STIPULATION TO COMPROMISE CONTROVERSY

2    This "Stipulation for the Chapter 7 Trustee to Sell the

3    Single Family Residence (1353 Hauser Boulevard, Los Angeles, CA

4    90036) and to continue the hearing on the Motion to Consolidate

5    (Docket No. 43) between the Chapter 7 Trustee, Wesley H. Avery,

6

7    the Debtor, Letitia Louise Wellington, the Debtor's Spouse, Amos

8    Q.   Wellington,   and   Michael   Durand   Madison,   SR."   (the

9    "Stipulation") is made by and between, Wesley H. Avery, Chapter 7

10   trustee (the "Trustee"), as Trustee for the bankruptcy estate, In

11   re Letitia Louise Wellington, Bankr. Case No. 2:17-bk-23651-NB

12   (the "Bankruptcy Case" or "Estate"), on the one hand, and the

13   Debtor, Letitia Louise Wellington (the "Debtor"), and his spouse,

14

15   Amos Q. Wellington ("Mr. Wellington"), and Michael Durand Madison,

16   SR., ("Mr. Madison") on the other.   This Stipulation is made

17   pursuant to the recitals and terms stated below, as follows:

18                              Recitals

19   A.  Bankruptcy

20       1.   On November 4, 2017, the Debtor filed a voluntary

21   petition under Chapter 13 to commence this Bankruptcy Case.  Mr.

22   Wellington is married to the Debtor but was not listed as a co-

23   debtor in the petition.

24

25       2.   On April 9, 2018, this Bankruptcy Case was converted to

26   Chapter 7.   Wesley H. Avery is the duly appointed and acting

27   chapter 7 trustee for the Estate.

28       3.   In the "Voluntary Petition for Individual Filing for

-2-

1  Bankruptcy," the Debtor stated her residence is 1353 Hauser
2  Boulevard, Los Angeles, CA 90036 (the "Property"). In "Schedule
3  A/B: Property" the Debtor states the Property is a single family
4  residence and that she is the only person who has an interest in
5  the Property pursuant to a "DEED OF TRUST." The Debtor gave the
6  Property a fair market value of $1,200,000 and stated the current
7  value of her interest is $1,200,000. The Trustee's investigation
8  showed the Property is owned by the Debtor and her spouse, Mr.
9  Wellington, as husband and wife, joint tenants.
10

11     4.   In "Schedule C: The Property You Claim as Exempt," the
12  Debtor did not claim any exemption in the value of the Property.
13  In "Schedule D: Creditors Who Have Claims Secured by Property" the
14  Debtor listed a debt in favor of Rushmore Loan Management Services
15  for $718,614. ("First Mortgage") that is secured by the Property.
16  The Debtor also listed a disputed, contingent, secured claim in
17  favor of Michael Durand Madison, SR. ("Mr. Madison"), for a
18  mortgage in the amount of $96,000 ("Second Mortgage") that is
19  secured by the Property. The Second Mortgage is for monies lent
20  pursuant to a promissory note. In addition, Mr. Madison's proof
21  of claim also alleges an unsecured claim for $126,768.44 for
22  materials he purchased to renovate the Property. The Debtor
23  disputes Mr. Madison's Second Mortgage and his unsecured claim.
24  Debtor further contends she has a homestead exemption of $175,000
25  in the Property and she so amended "Schedule C: The Property You
26  Claim as Exempt" once Debtor retained new counsel.

-3-

-92-

5.    The Trustee investigated the Debtor's assets and he contends there are other assets that belong to the Estate that were not listed in the Debtor's Schedules.  One such asset is a business called Blan Well Auto Sales.  The Trustee is informed and believes the Debtor and Mr. Wellington own Blan Well Auto Sales, which Mr. Wellington operates.  The Debtor disputes the Trustee's assertions regarding Blan Well Auto Sales.

6.    On May 7, 2018, the Debtor represented to the Trustee at the 341a creditors meeting that she would amend her schedules to, among other things, list Blan Well Auto Sales and its business bank account which are not listed in the original petition.  The Amended Schedules were filed May 17, 2018 (Docket No. 47).

7.    After the meeting of creditors, on May 15, 2018, Creditor, Mr. Madison, filed the "Motion for Substantive Consolidation of the Estate of the Debtor and Non-Debtor Spouse Amos Q. Wellington" (Docket 43) (the "Motion") to consolidate this Estate with the estate of the non-debtor spouse, Mr. Wellington.

8.    In the Motion, Mr. Madison argued both estates should be consolidated because the Debtor and Mr. Wellington were acting as a "joint economic unit" and held themselves out as such to obtain the loans noted above from Mr. Madison.  Mr. Madison also argued the Debtor and Mr. Wellington's finances were so entangled that their estate should not be treated as separate.  Lastly, Mr. Madison argued that consolidation would benefit their creditors.

9.    The Debtor opposed the Motion by Opposition (Docket No.

-4-
-93-

1  56), filed on May 29, 2018.   In the Opposition, the Debtor argues

2  her finances were separate from Mr. Wellington's and that Mr.

3  Madison failed to show any jointly held debts by the Debtor and

4  Mr. Wellington or to demonstrate that they acted as a single

5

6  "economic unit".   The Debtor also argued her assets and debts are

7  separate from her husbands and there was no entanglement.

8      10.   Mr. Madison filed his reply (Docket No. 57) to the

9  Opposition on June 4, 2018.

10      11.   The Motion was set for hearing on June 12, 2018 at

11  11:00 a.m. before this Court, but was continued on request of Mr.

12  Madison and the Debtor to July 17, 2018 at 11:00 a.m. for the

13  parties to engage in discussions that may resolve all or some of

14

15  the issues between them and with the Trustee regarding the Motion.

16  The hearing on the Motion was subsequently continued and is

17  presently set for October 16, 2018 at 11:00 a.m.

18      12.   On May 17, 2018, the Debtor filed Amended Schedules

19  (Docket No. 47).   In amended "Schedule A/B: Property", she listed

20  several undeveloped raw real parcels of land, Blan Well Auto Sales

21  and its bank account, all of which were not listed in the original

22

23  schedules.   The Debtor also listed a claim for malpractice, breach

24  of contract, and usury against Mr. Madison and he identified the

25  claim as speculative and valued it at $00.00.

26      13.   The Debtor did not list a homestead exemption in the

27  original schedules.   In amended "Schedules C: The Property You

28  Claim as Exempt", the Debtor claimed a homestead exemption in the

1 amount of $175,000 under *C.C.P.* §*704.730.*

2    14.   The Trustee is informed and believes the Property is
3 not subject to a homestead exemption and he disputes the Debtor's
4 right to claim all or any homestead exemption in the Property.
5 The Trustee contends the Debtor and Mr. Wellington signed an
6 agreement with Mr. Madison whereby the Debtor, Mr. Wellington, and
7
8 Mr. Madison agreed to renovate the Property for purposes of
9 selling it for profit.  Mr. Madison agreed to loan $96,000 on a
10 secured basis to renovate the Property.  In addition Mr. Madison
11 contends he has an unsecured claim for $126,768.44 for materials
12 purchased to renovate the Property for purposes of selling it
13 pursuant to an agreement that transformed the Property from the
14
15 Debtor's home into an investment property for purposes of selling
16 it.  The Debtor and Mr. Wellington dispute each of the allegations
17 in this paragraph.

18    15.   Mr.  Madison  contends  the  agreement  regarding  the
19 Property calls for the profits from the sale to be split 70% for
20 Mr. Madison and 30% for the Debtor and Mr. Wellington after the
21 loans were repaid.  The Trustee contends the Debtor and Mr.
22
23 Wellington moved out for this purpose so Mr. Madison could
24 renovate the Property so it could be sold as an investment home to
25 the highest bidder.  The Debtor and Mr. Wellington dispute each of
26 the allegations in this paragraph.

27    16.   The Trustee is also informed and believes there are
28 other real property assets in which the Debtor holds community

1  property interests, including several parcels of raw land (which
2  the Debtor listed in the amended schedules), a 50% interest in a
3  real property located at 2131 S. Orange Drive, Los Angeles,
4  California owned by Amos and Jonathan Wellington, a 100% interest
5  owned by Mr. Wellington in a real property at 40408 Milan Drive,
6
7  Palmdale, CA, and an interest in a real property at 38975 Yucca
8  Street, Palmdale, CA that is owned by Mr. Wellington and Tiffany
9  Wellington, as husband and wife joint tenants.   The Trustee
10 believes these assets and interests therein belong to the Estate.
11 The Debtor and Mr. Wellington dispute each of the allegations in
12 this paragraph.
13
14     17.   The Debtor and Mr. Wellington dispute the allegations
15 in paragraphs 14 to 16 above.
16     18.   At the Trustee's request, Jan Neiman, a licensed real
17 estate broker, and owner of Neiman Realty (the "Agent" or "Ms.
18 Neiman") inspected the Property interior and exterior on May 1,
19 2018 and advised the Trustee its fair market value is $1,250,000.
20     19.   The Property is a single family residential unit
21 located in a high demand area of Los Angeles.   The Trustee
22 believes there is equity in the Property of at least $133,509.90,
23
24 and as much as $308,509.90 if the Court disallows the Debtor's
25 homestead exemption after objection by the Trustee.
26     20.   Despite the disputes between them, as noted above, all
27 of the parties to this Stipulation agree that it is in the best
28 interest of all of the parties to this Stipulation for the Trustee

1 | to market and sell the Property.

2 |     21.  The Agent has determined the highest and best price for

3 | the Property will be obtained if the Debtor and Mr. Wellington

4 | move out of the Property, again, so the Agent can stage the

5 |
6 | Property for sale to the prospective buyers and hold open houses.

7 | The Debtor and Mr. Wellington agree with the Agent that the

8 | highest and best price will be obtained if they move out of the

9 | Property and they agree to do so on the terms stated below.

10 |                                 Terms of Settlement

11 |     22.  Ownership and Sale of the Property: The Debtor and Mr.

12 | Wellington agree that the Property is community property and that

13 | 100% of the Property is a Bankruptcy Estate asset under 11 U.S.C.

14 | §541(a)(2) and the Trustee as chapter 7 trustee for the Estate is

15 | authorized to market and sell the Property to benefit the Estate

16 | pursuant to the Bankruptcy Code.

17 |     23.  Mr. Wellington waives the provisions of 11 U.S.C.

18 | §363(h) in regards to the sale of the Property.  Mr. Wellington

19 | further agrees to waive any claim he has against the Bankruptcy

20 | Estate concerning the Property, except for the homestead exemption

21 | claimed by the Debtor in the amended Schedules filed May 17, 2018

22 | wherein the Debtor claimed a $175,000 homestead exemption under

23 | C.C.P. §704.730.  The Debtor and Mr. Wellington agree that, to the

24 | extent they can claim a homestead exemption, they have one joint

25 | exemption in the amount of $175,000 as alleged in Debtor's Amended

26 | Schedules filed May 17, 2018 (Docket No. 47).

27 |     24.  The Debtor and Mr. Wellington agree that, from the

28 | homestead exemption proceeds of $175,000, $45,000 shall be paid

1  from escrow to the Trustee at close of escrow for the sale of the
2  Property.  Also from the homestead exemption proceeds, the Debtor
3  and Mr. Wellington agree $10,000 shall be paid to the Debtor's
4  attorney, Sanaz Sarah Bereliani, Esq., to the Bereliani Law Firm,
5  PC at the close of escrow for the Property sale for the attorney
6  fees and costs owed by the Debtor to the Bereliani Law Firm, PC.
7  The Debtor and Mr. Wellington shall receive $120,000 pursuant to
8  their homestead exemption under *C.C.P.* §*704.730*, which sum shall
9  be paid from escrow when escrow closes for the sale of the
10  Property.  The check shall be made payable jointly to the Debtor
11  and Mr. Wellington and sent to the Debtor's attorney Sanaz Sarah
12  Bereliani, Esq., at the Bereliani Law Firm, PC.

13      25.  The Trustee's real estate agent, Ms. Jan Neiman and
14  Neiman Realty (Ms. Jan Neiman and Neiman Realty are hereinafter
15  collectively referred to as the "Agent".), has agreed to advance
16  the cost of the moving company to move the Debtor and Mr.
17  Wellington out of the Property if the Debtor and Mr. Wellington
18  are unable to pay the cost themselves.  The Debtor and Mr.
19  Wellington agree that, if the Agent pays the cost to move the
20  Debtor and Mr. Wellington out of the Property, then the Agent
21  shall select the moving company.  All of the parties to this
22  Stipulation agree the moving company selected by the Agent shall
23  be licensed and bonded.  Separate from and in addition to any sale
24  commission for the Agent to sell the Property that is approved by
25  the Court, the Debtor and Mr. Wellington agree the cost of the
26  moving company paid by the Agent shall be deducted from the
27  homestead exemption proceeds of $120,000 and paid to the Agent at
28  close of escrow for the Property to reimburse the Agent for costs

1 advanced to move the Debtor and Mr. Wellington out of the
2 Property.

3     26. The Debtor and Mr. Wellington waive all or any exemption
4 or other claim they have, hold, or could have claimed in and to
5 the homestead exemption proceeds paid to the Trustee, the
6 Bereliani Law Firm, PC, and the Agent in accordance with
7 paragraphs 24 and 25 above. In exchange, the Trustee waives his
8 claim to dispute the homestead exemption the Debtor and Mr.
9 Wellington claim in the Property.

10     27. Mr. Wellington also waives the provisions of 11 U.S.C.
11 §363(i) in regards to any right that he may have to purchase the
12 Property at the price at which a sale is to be consummated once
13 the Trustee obtains a buyer for the Property whose offer the
14 Trustee has accepted.

15     28. All parties agree that the sale proceeds in excess of
16 claims secured by the Property, Debtor's homestead exemption, cost
17 of sale, and real estate commissions shall be used to pay
18 creditors of the Estate in accordance with the Bankruptcy Code and
19 as permitted by the Bankruptcy Court and in accordance with
20 paragraph 30 below.

21     29. Treatment of the Debtor's Homestead Exemption: The
22 Trustee disputes the Debtor's right to claim a homestead exemption
23 as noted above in the Recitals. The issue thus arises as to how
24 to handle the dispute as the homestead exemption amount is usually
25 disbursed when escrow closes. To resolve the issue, the Trustee
26 agrees to immediately disburse $120,000 for the homestead
27 exemption when escrow closes for any sale of the Property in
28 accordance with paragraph 24 above.

30.   In exchange, the Debtor and Mr. Wellington agree to waive their homestead exemption in the amount of $55,000, plus the cost of moving the Debtor and Mr. Wellington out of the Property in accordance with paragraphs 24 and 25 above.   After disbursing $10,000 to the Bereliani Law Firm, PC and the moving costs to the Agent, the $45,000 to be paid to the Trustee in accordance with paragraph 24 above shall be held by the Trustee and subordinated and used to pay administrative and unsecured claims against the Bankruptcy Estate, but only to the extent the Property sale will produce funds insufficient to pay unsecured creditors and administrative claimholders.   Any of the funds retained by the Trustee that are not used to pay creditors shall be returned to the Debtor and Mr. Wellington when the Trustee's final report is approved by the Court and the Trustee makes distributions to creditors.

31.   Move out of the Property.   The Debtor and Mr. Wellington agree to move out of the Property within 35 days after the date this Stipulation is signed by all of the parties.   The Debtor and Mr. Wellington may take the kitchen stove and microwave oven with them, if they so choose, when they vacate the Property premises, but the refrigerator, range hood (over the stove), dishwasher, all of which are attached to the Property, and all other fixtures shall remain in the Property and shall not be removed or detached from the Property.   Other such fixtures that shall not be removed include, but are not limited to, cabinetry, counter-tops, porcelain features, ceiling fans, furnaces, air conditioners, and built-in barbeques.

32.   The Debtor and Mr. Wellington shall not cause any damage

-11-
—100—

1  to the Property other than deterioration caused by ordinary wear
2  and tear and ordinary use of the premises.  Ms. Neiman shall be
3  present when the stove is removed to make sure there is not damage
4  to the Property caused by such removal.   Any repairs to the
5  Property required as a result of the removal of the stove shall be
6  paid for by the Debtor and Mr. Wellington.

7      33.  Turnover of the Property.  The Debtor and Mr. Wellington
8  shall be required to turnover and deliver to the Trustee their
9  respective interests in and possession of the Property pursuant to
10 11 U.S.C. §542(a) and as required by Paragraph 31 within 35 days
11 after this Stipulation is signed by all of the parties.  If the
12 Debtor and/or Mr. Wellington do not turnover the Property within
13 35 days after the Stipulation is signed, the Trustee is authorized
14 to obtain a writ of possession to evict the Debtor, Mr.
15 Wellington, and each of them, from the bankruptcy court on ex
16 parte application and to utilize the U.S. Marshal Service to aid
17 in enforcement of any such order the bankruptcy court issues.

18     34.  Continuance of Hearing on Motion to Consolidate.  The
19 Motion shall be continued for 120 days from and after October 16,
20 2018 at 11:00 a.m. to a date and time convenient to the Court's
21 calendar.

22     35.  Extent of Stipulation and reservation of claims and
23 defenses.  This Stipulation pertains only to the matters and terms
24 set forth in this Stipulation and shall not affect any of the
25 rights, claims, defenses thereto, or assets, or rights to assets
26 that are held by the Debtor, Mr. Wellington, Mr. Madison, and the
27 Estate, except as specifically set forth herein.  Any and all such
28 rights are specifically preserved by the Debtor, Mr. Wellington,

1  Mr. Madison, and the Estate through the Trustee.

2      36.  Tax Implications.  Tax implications of this Stipulation,
3  if any, are the sole responsibility of each of the parties to this
4  Stipulation.

5      37.  Effective Date.  This Stipulation shall become effective
6  and binding on the Parties hereto when the Bankruptcy Court order
7  approving this Stipulation is final, except as otherwise stated
8  herein.

9      38.  Reservation of Claims to Other Assets.  Nothing
10  contained herein shall limit the Trustee's rights to any other
11  Estate assets except to the extent not previously abandoned by the
12  Trustee or as set forth in this Stipulation.

13      39.  Interpretation.  The parties acknowledge they have
14  reviewed and approved this Stipulation.  If there is a dispute
15  over the meaning of any provision in this Stipulation, this
16  Stipulation shall not be interpreted against any party to this
17  Stipulation, regardless of which drafted this Stipulation.

18      40.  Parties Bound.  This Stipulation is binding upon and
19  shall inure to the benefit of the parties herein, and their
20  respective attorneys, agents, heirs, administrators, successors,
21  assigns and executors.

22      41.  Authority and Assignment.  The parties represent and
23  warrant that they have the authority to enter into this
24  Stipulation and they have not pledged or assigned any of their
25  claims that are the subject of this Stipulation against any other
26  party to this Stipulation.

27      42.  Execution.  This Stipulation may be executed in one or
28  more counterparts each of which shall be deemed an original, but

1  all  of  which  together  shall  constitute  one  and  the  same
2  instrument.   Signatures via facsimile or PDF shall be considered
3  an original.

4       43.  **Integration.**   This Stipulation constitutes the entire
5  agreement between the parties hereto pertaining to the subject
6  matter  hereof  and  supersedes  all  prior  and  contemporaneous
7  agreements, understandings, and other negotiations between the
8  parties.   No supplement, modification, waiver of termination of
9  this agreement shall be binding unless executed in writing by the
10  parties to be bound thereby.

11      44.  **Approval.**   If  the  Court  does  not  approve  this
12  Stipulation, this Stipulation will have no force or effect.

13      45.  **Jurisdiction.**   The  parties  agree  the  United  States
14  Bankruptcy Court, Central District of California, Los Angeles
15  Division, shall have jurisdiction to resolve any controversy or
16  claim arising out of or relating to this Stipulation.

17  IT IS SO AGREED AND STIPULATED.

18

19  Dated: August 14, 2018
20                              WESLEY H. AVERY, Chapter 7 Trustee

21

22  Dated: August __, 2018
                                LETITIA LOUISE WELLINGTON, Debtor
23

24

25  Dated: August __, 2018
                                AMOS Q. WELLINGTON, Debtor's Spouse
26

27  Dated: August _14, 2018
28                              MICHAEL DURAND MADISON Sr., Creditor

    [Signatures continued on next page.]

                              -14-

1  all of which together shall constitute one and the same
2  instrument. Signatures via facsimile or PDF shall be considered
3  an original.

4      43. _Integration._ This Stipulation constitutes the entire
5  agreement between the parties hereto pertaining to the subject
6  matter hereof and supersedes all prior and contemporaneous
7  agreements, understandings, and other negotiations between the
8  parties. No supplement, modification, waiver of termination of
9  this agreement shall be binding unless executed in writing by the
10 parties to be bound thereby.

11     44. _Approval._ If the Court does not approve this
12 Stipulation, this Stipulation will have no force or effect.

13     45. _Jurisdiction._ The parties agree the United States
14 Bankruptcy Court, Central District of California, Los Angeles
15 Division, shall have jurisdiction to resolve any controversy or
16 claim arising out of or relating to this Stipulation.

17 IT IS SO AGREED AND STIPULATED.

18

19 Dated: August 14, 2018
                                  _____
20                                WESLEY H. AVERY, Chapter 7 Trustee

21
   Dated: August 21, 2018        _____
22                                LETITIA LOUISE WELLINGTON, Debtor

23

24                                _____
   Dated: August 21, 2018
25                                AMOS Q. WELLINGTON, Debtor's Spouse

26

27 Dated: August _14, 2018
                                  _____
28                                MICHAEL DURAND MADISON Sr., Creditor

   [Signatures continued on next page.]

                                -14-
                                -97-
                               -104-

1 all of which together shall constitute one and the same
2 instrument. Signatures via facsimile or PDF shall be considered
3 an original.

4    43. <u>Integration.</u> This Stipulation constitutes the entire
5 agreement between the parties hereto pertaining to the subject
6 matter hereof and supersedes all prior and contemporaneous
7 agreements, understandings, and other negotiations between the
8 parties. No supplement, modification, waiver of termination of
9 this agreement shall be binding unless executed in writing by the
10 parties to be bound thereby.

11    44. <u>Approval.</u> If the Court does not approve this
12 Stipulation, this Stipulation will have no force or effect.

13    45. <u>Jurisdiction.</u> The parties agree the United States
14 Bankruptcy Court, Central District of California, Los Angeles
15 Division, shall have jurisdiction to resolve any controversy or
16 claim arising out of or relating to this Stipulation.

17 IT IS SO AGREED AND STIPULATED.

18

19 Dated: August 14, 2018
20                         WESLEY H. AVERY, Chapter 7 Trustee

21

22 Dated: August __, 2018
                         LETITIA LOUISE WELLINGTON, Debtor

23

24

25 Dated: August __, 2018
                         AMOS Q. WELLINGTON, Debtor's Spouse

26

27 Dated: August _14, 2018
28                          MICHAEL DURAND MADISON Sr., Creditor

[Signatures continued on next page.]

-14-

1

2   Dated: August 14, 2018

3                                   JAN NEIMAN for JAN NEIMAN and NEIMAN
                                    REALTY, INC.
4

5   Approved as to Form and Content:

6

7   Dated: August 14, 2018
                                    Brett B. Curlee, Attorney for the
8                                   Chapter 7 Trustee, WESLEY H. AVERY

9

10  Dated: August 15, 2018

                                    Sanaz Sarah Bereliani, Esq., for
11                                  Bereliani Law Firm, PC, Attorney for
                                    the Debtor, LETITIA LOUISE
12                                  WELLINGTON

13

14  Dated: August 14, 2018

15                                  Stella Havkin, Esq., for Havkin &
                                    Shrago, Attorneys for Creditor,
16                                  MICHAEL DURAND MADISON, SR.

17

18

19

20

21

22

23

24

25

26

27

28

-15-

**EXHIBIT 8**

1  | BRETT B. CURLEE (SBN 151058)
   | LAW OFFICES OF BRETT CURLEE
2  | 11377 W. Olympic Blvd., Suite 200
   | Los Angeles, CA 90064
3  | Telephone: (310)203-3084
   | Facsimile: (310) 203-3071
4  | Email: Brett.Curlee@TheCurleeLawFirm.com

**FILED & ENTERED**

**OCT 03 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

5  | Attorney for the Movant and
   | Chapter 7 Trustee, WESLEY H. AVERY

6

7                    UNITED STATES BANKRUPTCY COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                         LOS ANGELES DIVISION

| In re | ) CASE NO. 2:17-bk-23651-NB |
| | ) |
| LETITIA LOUISE WELLINGTON, | ) [Chapter 7] |
| | ) |
| | ) ORDER ON MOTION BY THE |
| Debtor. | ) CHAPTER 7 TRUSTEE, WESLEY H. |
| | ) AVERY, FOR ORDER APPROVING |
| | ) COMPROMISE OF CONTROVERSY |
| | ) REGARDING STIPULATION FOR |
| | ) THE CHAPTER 7 TRUSTEE TO |
| | ) SELL THE SINGLE FAMILY |
| | ) RESIDENCE (1353 Hauser |
| | ) Boulevard, Los Angeles, CA |
| | ) 90036) AND TO CONTINUE THE |
| | ) HEARING ON THE MOTION TO |
| | ) CONSOLIDATE (Docket No. 43) |
| | ) BETWEEN THE CHAPTER 7 |
| | ) TRUSTEE, WESLEY H. AVERY, |
| | ) THE DEBTOR, LETITIA LOUISE |
| | ) WELLINGTON, THE DEBTOR'S |
| | ) SPOUSE, AMOS Q. WELLINGTON, |
| | ) AND MICHAEL DURAND MADISON, |
| | ) SR. |
| | ) |
| | ) Date: October 2, 2018 |
| | ) Time: 11:00 a.m. |
| | ) Place: Courtroom 1545 |
| | Edward R. Roybal Federal |
| | Building And Courthouse |
| | 255 E. Temple Street |
| | Los Angeles, CA 90012-3300 |

26     The Court, having reviewed the "Notice Of Motion to

27  Compromise Controversy" (Docket No. 89) (the "Notice"), the

28  "Motion to Compromise Controversy" (Docket No. 86)(the "Motion"),

1  the Memorandum Of Points And Authorities in support of the

2  Motion, and the declaration of Wesley H. Avery in support of the

3  Motion, and the documentary evidence submitted in support of the

4  Motion, and the Court having determined that there was no

5  opposition to the Motion and that the Motion was timely filed and

6  Notice was properly given, and that the Motion and evidence

7  demonstrate that the Motion should be granted, and that no

8  appearance was therefore required at the hearing on the Motion at

9  the above stated date and time,

10  IT IS HEREBY ORDERED THAT:

11      1.    The Motion is **GRANTED**;

12      2.    The "Stipulation for the Chapter 7 Trustee to Sell the

13  Single Family Residence (1353 Hauser Boulevard, Los Angeles, CA

14  90036) and to Continue the Hearing on the Motion to Consolidate

15  (Docket No. 43) Between the Chapter 7 Trustee, Wesley H. Avery,

16  the Debtor, Letitia Louise Wellington, the Debtor's Spouse, Amos

17  Q. Wellington, and Creditor Michael Durand Madison, Sr."

18  ("Stipulation"), attached to the Motion as Exhibit "1," is

19  **APPROVED**; and,

20  //

21

22

23

24

25

26

27

28

1       3.    The  Trustee  is  hereby  authorized  to  execute  all

2    documents  and  take  such  actions  as  are  reasonably  necessary  in

3    accordance  with  the  Stipulation  and  this  Court's  order  approving

4    the Motion.

5                               ###

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    Date: October 3, 2018

                          Neil W. Bason

24                              United States Bankruptcy Judge

25

26

27

28

EXHIBIT 9

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Michael Madison and Does 1-20 *Inclusive*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Amos Wellington

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 28 2018

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Central District<br><br>111 N. Hill St, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):* **BC 7 1 9 6 0 4** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kousha Berokim 270 N Canon Dr. Floor Three, Beverly Hills, CA 90210--3109933703

| | | | |
|---|---|---|---|
| DATE: **AUG 29 2018**<br>*(Fecha)* | SHERRI R. CARTER, Clerk, by **SHAUNYA BOLDEN**<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**BEROKIM & DUEL, P.C.**
Jasmine A. Duel | SBN 271872 | jasmine@berkimduel.com
Kousha Berokim | SBN 242763 | berokim@berokimduel.com
270 North Cañon Drive, Third Floor
Beverly Hills, California 90210
P: (310)846-8553
F: (310) 300-1233

Attorneys for Plaintiff Amos Wellington

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**AUG 28 2018**

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

IN THE SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES-CENTRAL DISTRICT

| | |
|---|---|
| Amos Wellington,<br><br>     Plaintiff,<br><br>v.<br><br>Michael Madison, and DOES 1 through 20, inclusive,<br><br>     Defendants. | Case Number: **BC 719604**<br><br>**VERIFIED COMPLAINT FOR:**<br><br>1. **USURY**<br>2. **QUIET TITLE**<br>3. **DECLARATORY RELIEF** |

**General Allegations**

1. Plaintiff **Amos Wellington** is an individual residing in the State of California, County of Los Angeles. (Hereinafter referred to as "Plaintiff").

926098.1 5839.050

2. Defendant **Michael Madison** is an individual residing in the State of California, County of Los Angeles. (Hereinafter referred to as "Defendant")

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of said Defendants when ascertained. Plaintiff is informed, believe and thereon allege that each of said fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and are indebted to Plaintiff as hereinafter alleged, and that Plaintiff's damages as hereinafter alleged were proximately caused by such Defendants.

4. Plaintiff is informed, believes and thereon alleges that at all times mentioned herein, each of the Defendants were the agent, servant and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting both on their own behalf and within the course and scope of such agency and employment.

5. Plaintiff is informed, believes, and upon such information and belief alleges, that each of the named Defendants are responsible in some manner for the occurrences herein alleged, and Plaintiff's damages as herein asserted were proximately caused by such Defendants. Plaintiff is informed, believes, and upon such information and belief alleges, that at all times herein mentioned each of the Defendants were the agent, employee, servant, partner, guarantor, or successor of each of the named Defendants and in doing the things herein asserted, were acting within such course and scope. Plaintiff is also informed and believes and upon such information and belief alleges that at all relevant times mentioned herein, Defendants, and each of them, were joint ventures with each, every, and all other Defendants and said Defendants were acting in furtherance of said joint venture.

6. On June 24, 2016, Amos Wellington entered into a note agreement to pay Michael Madison Sr. $96,000 plus interest at 10 percent **quarterly.** The Note was secured by a deed of trust against property commonly known as 1353 Hauser Blvd, Los Angeles, CA 90019, with the legal description of Lot: 21 Tract No: 8818 Abbreviated Description: LOT:21 TR#:8818 TRACT NO 8818 LOT 21, APN 5085-031-012, recorded with Los Angeles County Recorders Office, Instrument Number 16-0758922 BK-PG.

7. Plaintiff has performed all the promises, covenants and conditions he agreed to perform in accordance with the terms of the Notes, except for those promises, covenants and conditions executed by the acts or omission of Defendant.

## First Cause of Action for Usury

8. Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 7 above, as though the same were fully set forth herein.

9. The annual interest rate on the loan is usurious in violation of section 1(2) of Article XV of the California Constitution, which provides that the interest rate on a loan other than one primarily for personal, family, or household purposes may not exceed the greater of 10% per annum or 5% per annum plus the rate established by the Federal Reserve Bank of San Francisco on advances to member banks on the 25th day of the month proceeding the earlier of the date of execution of the contract to make the loan or forbearance, or the date of making the loan or forbearance. The latter interest rate so calculated, at all relevant times, was less than 10%, the maximum set by Section 1(2) of Article XV of the California Constitution.

10. Further, a broker did not make or arrange the subject loan; therefore, the "broker" exception to the usury laws under California *Civil Code* § 1916.1, and otherwise, does not apply to the subject transaction.

| | |
|---|---|
| 1 | 11. Plaintiffs are further entitled to recover attorney's fees against Defendant in this |
| 2 | action and pursuant to California *Civil Code* § 1717. |
| 3 | 12. As a result of Defendant's wrongful conduct as alleged herein, Plaintiffs have |
| 4 | suffered further damages, both economic and non-economic, and are seeking |
| 5 | compensation for those in this action. |
| 6 | |
| 7 | **Second Cause of Action for Quiet Title** |
| 8 | 30. Plaintiffs reallege and incorporate by reference each allegation contained in |
| 9 | Paragraphs 1 through 12 above, as though the same were fully set forth herein. |
| 10 | 31. Defendant claims some right, title or interest in or to the subject property. The |
| 11 | claims of Defendant are wholly without right. |
| 12 | 32. The Note secured by Deed of Trust recorded against the Subject Property clouds |
| 13 | the title to the Subject Property. |
| 14 | 33. As stated above, Defendant sought to collect usurious interest (12%) under the |
| 15 | Note. |
| 16 | 34. Defendant's allegation that Plaintiffs owe an amount in excess of what is |
| 17 | lawfully permissible is without any right whatsoever, and Defendant therefore |
| 18 | has no right, title, estate, lien or rightful interest in or to said real property, or any |
| 19 | part or portion thereof, adverse to Plaintiffs' interest therein. |
| 20 | 35. Therefore, Plaintiff seeks an order of the Court quieting title to the Subject |
| 21 | Property and releasing the lien recorded against the Subject Property. |
| 22 | **Third Cause of Action for Declaratory Relief** |
| 23 | 36. Plaintiff realleges and incorporate by reference each allegation contained in |
| 24 | Paragraphs 1 through 35 above, as though the same were fully set forth herein. |
| 25 | 37. The interest rate and fees specified in the Notes are usurious and should be |
| 26 | declared null and void. |
| 27 | |
| 28 | |

1   38. Further, a broker did not arrange the Notes, precluding Defendant from claiming

2       an exception to the usury law as it applies to the subject transactions.

3   39. Plaintiff desires a judicial determination of their rights and duties, and a

4       declaration that the interest rate provisions of the Notes are null and void

5       pursuant to the California Constitution, Article XV, § 1 and § 2 of the Statutes of

6       1919.

7   40. A judicial declaration is necessary and appropriate at this time under the

8       circumstances in order for Plaintiffs to ascertain their rights and duties under the

9       Notes and corresponding Deeds of Trust.

10

11      **WHEREFORE**, Plaintiffs Wellingtons prays for relief against Defendant Madison,

12  and Does 1-20, for each and each cause of action pled in this Verified Complaint, as

13  follows:

14                      **First Cause of Action for Usury**

15  1. For the assessment of damages against Defendants in an amount according to proof

16     at trial but no less than $750,000.00;

17  2. For the Plaintiffs' reasonable attorney's fees;

18  3. For an order, declaring the note to be null and void.

19  4. For an order, declaring the interest provisions of the Note null and void, and to credit

20     Plaintiff for all fees, interests, attorney fees, etc. paid, to be credited against the

21     principle amount of the Note.

22  5. For punitive damages in an amount appropriate to punish Defendant and deter others

23     from engaging in similar misconduct, but no less than $750,000.00;

24                      **Second Cause of Action for Quiet Title**

25  6. For a Judgment quieting title by way of reconveyance of Deed of Trust and

26     Assignment of Rents;

27                      **Third Cause of Action for Declaratory Relief**

28

1    7. Adjudging that the interest rate and fees provisions of the Notes are null and void

2       and have no force or effect; and that Plaintiff should get credit for all fees, interests,

3       and attorney fees, against principle.

4    8. For a Declaration and Order of the Court declaring release of the Deed of Trust

5       securing Notes;

6

7                             **All Causes of Action**

8    9. For costs of suit and attorney's fees incurred herein; and

9    10. For such other and further relief as the Court may deem just and proper.

10

11 DATED: August 27, 2018             BEROKIM & DUEL, P.C.

12

13

14

15                       By: _____

16                            KOUSHA BEROKIM
                           Attorney for Plaintiff Amos Wellington

17

18

19

20

21

22

23

24

25

26

27

28

926098.1 5839.097

6
−116−

1  **VERIFICATION**

2      I, Amos Wellington, Plaintiff in the above entitled action, certify and declare that I

3  have read the foregoing Complaint and know the contents thereof. The same is true of my

4  own knowledge, except as to those matters which are therein alleged on information and

5  belief, and as those matters, I believe it to be true.

6      I declare under penalty of perjury under the laws of the State of California that the

7  foregoing is true and correct.

8

9  Dated: August 27, 2018                    _____

10                                         Amos Wellington

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

92049X.1 5K39.0?7

BLUEBIRD OFFICE SUPPLIES (888) 477-1 www.bluebird.com

EXHIBIT 10

LAW OFFICES OF
## BRETT CURLEE

11377 WEST OLYMPIC BOULEVARD
SUITE 200
LOS ANGELES, CALIFORNIA 90064
TELEPHONE: (310) 203-3084
FACSIMILE: (310) 203-3071

September 11, 2018

**VIA FIRST CLASS U.S.**
**MAIL POSTAGE PREPAID**
**AND EMAIL**

Kousha Berokim, Esq.
Berokim & Duel, P.C.
270 North Canon Drive
Third Floor
Beverly Hills, CA 90210

Re: In re Letitia Louise Wellington, Bankr. Case No. 2:17-bk-23651-NB (Chapter 7)-Violation of the automatic stay/Demand for dismissal of lawsuit, Amos Wellington v. Michael Madison, L.A.S.C. Case No. BC719604.

Dear Mr. Berokim,

I represent the chapter 7 trustee, Mr. Wesley H. Avery ("Trustee"), in the above-referenced chapter 7 bankruptcy case. I attempted to contact you by telephone on Friday, September 7, 2018 at 2:55 p.m. to request that you immediately withdraw the above-referenced state court lawsuit that you filed on behalf of Mr. Amos Wellington. I left a telephonic message demanding the immediate dismissal of the state court lawsuit. A copy of the state court lawsuit showing that you and your firm are the attorney of record is included with this letter. You did not respond.

Mr. Wellington is the spouse of the Debtor, Ms. Letitia Louise Wellington ("Debtor") in the above-referenced chapter 7 bankruptcy estate. In the Debtor's petition, the real property located at 1353 Hauser Boulevard, Los Angeles, CA 90019 (the "Property") is listed as an asset of the Debtor's Estate.

At the 341a meeting of creditors held at 1:30 p.m. on August 23, 2018, the Debtor and Mr. Wellington both admitted that all of their assets are community property. Mr. Michael Madison's secured claim for $96,000, which you identified in your complaint and which your complaint is based upon, is a creditor of the Estate as demonstrated by the Debtor's schedules based on his $96,000 claim. The claims for usury, quiet title, and declaratory relief, which you are seeking to assert on behalf of Mr. Wellington are community property assets of the bankruptcy estate, subject to control

—118—

and administration by the Trustee. I am enclosing a copy of the Debtor's petition and the Notice of Bankruptcy filing for your review.

The automatic stay in bankruptcy prohibits acts against the bankruptcy estate or its property. [*11 U.S.C. §362(a)(2)-(4); 11 U.S.C. §541(a)(2)*] Any act to obtain possession of property of the estate, or of property from the estate, or to exercise dominion and control over property of the estate, is prohibited by the stay. [*11 U.S.C. §362(a)(3)*] Causes of action, including but not limited to, contract rights, causes of action, and claim for relief therein are assets of the bankruptcy estate. [*In re Ryerson, 739 F.2d 1423, 1425 (9thCir.1984); Smith v. Arthur Andersen LLP, 421 F.3d 989, 1002 (9thCir.2005)*] The actions taken by you, your firm, and Mr. Wellington in to bring the state court lawsuit based on contract claim belonging to the estate constitutes a violation of the automatic stay.

The Trustee has not and does not authorize you or Mr. Wellington to litigate these claims. As the state court lawsuit filed by you and Mr. Wellington violates the automatic stay, it must immediately be dismissed without prejudice otherwise the Trustee will be forced to take action.

Any attempt to persist in litigating the state court action will be met with a motion for civil contempt filed by the Trustee in the bankruptcy court to force you and Mr. Wellington to cease and desist in violating the automatic stay. The Trustee will seek actual damages, including, but not limited to attorney fees and costs against you, your firm, and Mr. Wellington to force all of you to cease and desist from prosecuting the state court action, which belongs to the bankruptcy estate. [*11 U.S.C. §105; In re Pace, 67 F.3d 187, 193-194 (9thCir.1995); In re Goodman, 991 F.2d 613, 619-620 (9thCir.1993)*]

Your immediate attention to this matter is required. Please note the bankruptcy court does not look kindly on violations of the automatic stay. From experience and by way of warning, I can advise you that the bankruptcy court does not take such matters lightly and routinely imposes sanctions which are not insubstantial. It is in the best interest of you, your firm, and Mr. Wellington to comply with the Trustee's demands before the matter is brought to the attention of the bankruptcy court.

Very truly yours,

*Brett B. Curlee*

BRETT B. CURLEE
FOR
THE LAW OFFICES OF
BRETT CURLEE

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Michael Madison and Does 1-20 *Inclusive*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Amos Wellington

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 28 2018

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Central District<br><br>111 N. Hill St, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):* **BC 7 1 9 6 0 4** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kousha Berokim 270 N Canon Dr. Floor Three, Beverly Hills, CA 90210--3109933703

| DATE: AUG 2 9 2018<br>*(Fecha)* | SHERRI R. CARTER Clerk, by<br>*(Secretario)* | SHAUNYA BOLDEN , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**BEROKIM & DUEL, P.C.**
Jasmine A. Duel | SBN 271872 | jasmine@berkimduel.com
Kousha Berokim | SBN 242763 | berokim@berokimduel.com
270 North Cañon Drive, Third Floor
Beverly Hills, California 90210
P: (310)846-8553
F: (310) 300-1233

Attorneys for Plaintiff Amos Wellington

1
2
3
4
5
6
7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 28 2018

Sherri R. Carter, Executive Officer/clerk

By Shaunya Bolden, Deputy

8       IN THE SUPERIOR COURT OF CALIFORNIA

9       COUNTY OF LOS ANGELES-CENTRAL DISTRICT

10

11

12   Amos Wellington,

13              Plaintiff,

14

15   v.

16

17

18   Michael Madison, and DOES 1 through 20, inclusive,

19              Defendants.

20

21

Case Number: **BC 7 1 9 6 0 4**

**VERIFIED COMPLAINT FOR:**

1. **USURY**
2. **QUIET TITLE**
3. **DECLARATORY RELIEF**

22

23

24              **General Allegations**

25   1.  Plaintiff **Amos Wellington** is an individual residing in the State of California,

26       County of Los Angeles. (Hereinafter referred to as "Plaintiff").

27

28

2. Defendant **Michael Madison** is an individual residing in the State of California, County of Los Angeles. (Hereinafter referred to as "Defendant")

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of said Defendants when ascertained. Plaintiff is informed, believe and thereon allege that each of said fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and are indebted to Plaintiff as hereinafter alleged, and that Plaintiff's damages as hereinafter alleged were proximately caused by such Defendants.

4. Plaintiff is informed, believes and thereon alleges that at all times mentioned herein, each of the Defendants were the agent, servant and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting both on their own behalf and within the course and scope of such agency and employment.

5. Plaintiff is informed, believes, and upon such information and belief alleges, that each of the named Defendants are responsible in some manner for the occurrences herein alleged, and Plaintiff's damages as herein asserted were proximately caused by such Defendants. Plaintiff is informed, believes, and upon such information and belief alleges, that at all times herein mentioned each of the Defendants were the agent, employee, servant, partner, guarantor, or successor of each of the named Defendants and in doing the things herein asserted, were acting within such course and scope. Plaintiff is also informed and believes and upon such information and belief alleges that at all relevant times mentioned herein, Defendants, and each of them, were joint ventures with each, every, and all other Defendants and said Defendants were acting in furtherance of said joint venture.

1       6. On June 24, 2016, Amos Wellington entered into a note agreement to pay

2          Michael Madison Sr. $96,000 plus interest at 10 percent **quarterly**. The Note

3          was secured by a deed of trust against property commonly known as 1353 Hauser

4          Blvd, Los Angeles, CA 90019, with the legal description of Lot: 21 Tract No:

5          8818 Abbreviated Description: LOT:21 TR#:8818 TRACT NO 8818 LOT 21,

6          APN 5085-031-012, recorded with Los Angeles County Recorders Office,

7          Instrument Number 16-0758922 BK-PG.

8       7. Plaintiff has performed all the promises, covenants and conditions he agreed to

9          perform in accordance with the terms of the Notes, except for those promises,

10         covenants and conditions executed by the acts or omission of Defendant.

11  **First Cause of Action for Usury**

12      8. Plaintiff realleges and incorporates by reference each allegation contained in

13         Paragraphs 1 through 7 above, as though the same were fully set forth herein.

14      9. The annual interest rate on the loan is usurious in violation of section 1(2) of

15         Article XV of the California Constitution, which provides that the interest rate on

16         a loan other than one primarily for personal, family, or household purposes may

17         not exceed the greater of 10% per annum or 5% per annum plus the rate

18         established by the Federal Reserve Bank of San Francisco on advances to

19         member banks on the 25th day of the month proceeding the earlier of the date of

20         execution of the contract to make the loan or forbearance, or the date of making

21         the loan or forbearance. The latter interest rate so calculated, at all relevant times,

22         was less than 10%, the maximum set by Section 1(2) of Article XV of the

23         California Constitution.

24     10. Further, a broker did not make or arrange the subject loan; therefore, the "broker"

25         exception to the usury laws under California *Civil Code* § 1916.1, and otherwise,

26         does not apply to the subject transaction.

27

28

1  11. Plaintiffs are further entitled to recover attorney's fees against Defendant in this

2     action and pursuant to California *Civil Code* § 1717.

3  12. As a result of Defendant's wrongful conduct as alleged herein, Plaintiffs have

4     suffered further damages, both economic and non-economic, and are seeking

5     compensation for those in this action.

6

7  **Second Cause of Action for Quiet Title**

8  30. Plaintiffs reallege and incorporate by reference each allegation contained in

9     Paragraphs 1 through 12 above, as though the same were fully set forth herein.

10 31. Defendant claims some right, title or interest in or to the subject property. The

11    claims of Defendant are wholly without right.

12 32. The Note secured by Deed of Trust recorded against the Subject Property clouds

13    the title to the Subject Property.

14 33. As stated above, Defendant sought to collect usurious interest (12%) under the

15    Note.

16 34. Defendant's allegation that Plaintiffs owe an amount in excess of what is

17    lawfully permissible is without any right whatsoever, and Defendant therefore

18    has no right, title, estate, lien or rightful interest in or to said real property, or any

19    part or portion thereof, adverse to Plaintiffs' interest therein.

20 35. Therefore, Plaintiff seeks an order of the Court quieting title to the Subject

21    Property and releasing the lien recorded against the Subject Property.

22 **Third Cause of Action for Declaratory Relief**

23 36. Plaintiff realleges and incorporate by reference each allegation contained in

24    Paragraphs 1 through 35 above, as though the same were fully set forth herein.

25 37. The interest rate and fees specified in the Notes are usurious and should be

26    declared null and void.

27

28

1    38. Further, a broker did not arrange the Notes, precluding Defendant from claiming

2        an exception to the usury law as it applies to the subject transactions.

3    39. Plaintiff desires a judicial determination of their rights and duties, and a

4        declaration that the interest rate provisions of the Notes are null and void

5        pursuant to the California Constitution, Article XV, § 1 and § 2 of the Statutes of

6        1919.

7    40. A judicial declaration is necessary and appropriate at this time under the

8        circumstances in order for Plaintiffs to ascertain their rights and duties under the

9        Notes and corresponding Deeds of Trust.

10

11    **WHEREFORE**, Plaintiffs Wellingtons prays for relief against Defendant Madison,

12  and Does 1-20, for each and each cause of action pled in this Verified Complaint, as

13  follows:

14                  **First Cause of Action for Usury**

15    1. For the assessment of damages against Defendants in an amount according to proof

16        at trial but no less than $750,000.00;

17    2. For the Plaintiffs' reasonable attorney's fees;

18    3. For an order, declaring the note to be null and void.

19    4. For an order, declaring the interest provisions of the Note null and void, and to credit

20        Plaintiff for all fees, interests, attorney fees, etc. paid, to be credited against the

21        principle amount of the Note.

22    5. For punitive damages in an amount appropriate to punish Defendant and deter others

23        from engaging in similar misconduct, but no less than $750,000.00;

24             **Second Cause of Action for Quiet Title**

25    6. For a Judgment quieting title by way of reconveyance of Deed of Trust and

26        Assignment of Rents;

27            **Third Cause of Action for Declaratory Relief**

28

1    7. Adjudging that the interest rate and fees provisions of the Notes are null and void

2       and have no force or effect; and that Plaintiff should get credit for all fees, interests,

3       and attorney fees, against principle.

4    8. For a Declaration and Order of the Court declaring release of the Deed of Trust

5       securing Notes;

6

7                                   **All Causes of Action**

8    9. For costs of suit and attorney's fees incurred herein; and

9    10. For such other and further relief as the Court may deem just and proper.

10

11   DATED: August 27, 2018                    BEROKIM & DUEL, P.C.

12

13

14

15                                       By: _____

16                                            KOUSHA BEROKIM
                                              Attorney for Plaintiff Amos Wellington
17

18

19

20

21

22

23

24

25

26

27

28

1 | VERIFICATION

2 |     I, Amos Wellington, Plaintiff in the above entitled action, certify and declare that I

3 | have read the foregoing Complaint and know the contents thereof. The same is true of my

4 | own knowledge, except as to those matters which are therein alleged on information and

5 | belief, and as those matters, I believe it to be true.

6 |     I declare under penalty of perjury under the laws of the State of California that the

7 | foregoing is true and correct.

8 |

9 | Dated: August 27, 2018

10 |                                          Amos Wellington

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

92(4)9X.1 3839.097

6
VERIFIED COMPLAINT

— 1 2 7 —

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 28 2018

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Michael Madison and Does 1-20 *Inclusive*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Amos Wellington

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Central District<br><br>111 N. Hill St, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):* **BC 719 604** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kousha Berokim 270 N Canon Dr. Floor Three, Beverly Hills, CA 90210–3109933703

| | | | |
|---|---|---|---|
| DATE: AUG 29 2018<br>*(Fecha)* | SHERRI R. CARTER Clerk, by<br>*(Secretario)* | SHAUNYA BOLDEN | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

–128–

**BEROKIM & DUEL, P.C.**
1  Jasmine A. Duel | SBN 271872 | jasmine@berkimduel.com
   Kousha Berokim | SBN 242763 | berokim@berokimduel.com
2  270 North Cañon Drive, Third Floor
   Beverly Hills, California 90210
3  P: (310)846-8553
   F: (310) 300-1233
4
   Attorneys for Plaintiff Amos Wellington
5

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**AUG 28 2018**

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

6

7

8              IN THE SUPERIOR COURT OF CALIFORNIA

9          COUNTY OF LOS ANGELES-CENTRAL DISTRICT

10

11                                    Case Number:    **BC 7 1 9 6 0 4**

12  Amos Wellington,

13          Plaintiff,

14                                    **VERIFIED COMPLAINT FOR:**

15  v.

16                                    1. **USURY**
                                      2. **QUIET TITLE**
17                                    3. **DECLARATORY RELIEF**
    Michael Madison, and DOES 1 through 20,
18  inclusive,

19          Defendants.

20

21

22

23

24                    **General Allegations**

25      1. Plaintiff **Amos Wellington** is an individual residing in the State of California,

26         County of Los Angeles. (Hereinafter referred to as "Plaintiff").

27

28

2. Defendant **Michael Madison** is an individual residing in the State of California, County of Los Angeles. (Hereinafter referred to as "Defendant")

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of said Defendants when ascertained. Plaintiff is informed, believe and thereon allege that each of said fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and are indebted to Plaintiff as hereinafter alleged, and that Plaintiff's damages as hereinafter alleged were proximately caused by such Defendants.

4. Plaintiff is informed, believes and thereon alleges that at all times mentioned herein, each of the Defendants were the agent, servant and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting both on their own behalf and within the course and scope of such agency and employment.

5. Plaintiff is informed, believes, and upon such information and belief alleges, that each of the named Defendants are responsible in some manner for the occurrences herein alleged, and Plaintiff's damages as herein asserted were proximately caused by such Defendants. Plaintiff is informed, believes, and upon such information and belief alleges, that at all times herein mentioned each of the Defendants were the agent, employee, servant, partner, guarantor, or successor of each of the named Defendants and in doing the things herein asserted, were acting within such course and scope. Plaintiff is also informed and believes and upon such information and belief alleges that at all relevant times mentioned herein, Defendants, and each of them, were joint ventures with each, every, and all other Defendants and said Defendants were acting in furtherance of said joint venture.

926098.1 5839.097

6. On June 24, 2016, Amos Wellington entered into a note agreement to pay Michael Madison Sr. $96,000 plus interest at 10 percent **quarterly**. The Note was secured by a deed of trust against property commonly known as 1353 Hauser Blvd, Los Angeles, CA 90019, with the legal description of Lot: 21 Tract No: 8818 Abbreviated Description: LOT:21 TR#:8818 TRACT NO 8818 LOT 21, APN 5085-031-012, recorded with Los Angeles County Recorders Office, Instrument Number 16-0758922 BK-PG.

7. Plaintiff has performed all the promises, covenants and conditions he agreed to perform in accordance with the terms of the Notes, except for those promises, covenants and conditions executed by the acts or omission of Defendant.

## First Cause of Action for Usury

8. Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 7 above, as though the same were fully set forth herein.

9. The annual interest rate on the loan is usurious in violation of section 1(2) of Article XV of the California Constitution, which provides that the interest rate on a loan other than one primarily for personal, family, or household purposes may not exceed the greater of 10% per annum or 5% per annum plus the rate established by the Federal Reserve Bank of San Francisco on advances to member banks on the 25th day of the month proceeding the earlier of the date of execution of the contract to make the loan or forbearance, or the date of making the loan or forbearance. The latter interest rate so calculated, at all relevant times, was less than 10%, the maximum set by Section 1(2) of Article XV of the California Constitution.

10. Further, a broker did not make or arrange the subject loan; therefore, the "broker" exception to the usury laws under California *Civil Code* § 1916.1, and otherwise, does not apply to the subject transaction.

1  11. Plaintiffs are further entitled to recover attorney's fees against Defendant in this

2     action and pursuant to California *Civil Code* § 1717.

3  12. As a result of Defendant's wrongful conduct as alleged herein, Plaintiffs have

4     suffered further damages, both economic and non-economic, and are seeking

5     compensation for those in this action.

6

7  **Second Cause of Action for Quiet Title**

8  30. Plaintiffs reallege and incorporate by reference each allegation contained in

9     Paragraphs 1 through 12 above, as though the same were fully set forth herein.

10 31. Defendant claims some right, title or interest in or to the subject property. The

11    claims of Defendant are wholly without right.

12 32. The Note secured by Deed of Trust recorded against the Subject Property clouds

13    the title to the Subject Property.

14 33. As stated above, Defendant sought to collect usurious interest (12%) under the

15    Note.

16 34. Defendant's allegation that Plaintiffs owe an amount in excess of what is

17    lawfully permissible is without any right whatsoever, and Defendant therefore

18    has no right, title, estate, lien or rightful interest in or to said real property, or any

19    part or portion thereof, adverse to Plaintiffs' interest therein.

20 35. Therefore, Plaintiff seeks an order of the Court quieting title to the Subject

21    Property and releasing the lien recorded against the Subject Property.

22 **Third Cause of Action for Declaratory Relief**

23 36. Plaintiff realleges and incorporate by reference each allegation contained in

24    Paragraphs 1 through 35 above, as though the same were fully set forth herein.

25 37. The interest rate and fees specified in the Notes are usurious and should be

26    declared null and void.

27

28

1. 38. Further, a broker did not arrange the Notes, precluding Defendant from claiming
2. an exception to the usury law as it applies to the subject transactions.
3. 39. Plaintiff desires a judicial determination of their rights and duties, and a
4. declaration that the interest rate provisions of the Notes are null and void
5. pursuant to the California Constitution, Article XV, § 1 and § 2 of the Statutes of
6. 1919.
7. 40. A judicial declaration is necessary and appropriate at this time under the
8. circumstances in order for Plaintiffs to ascertain their rights and duties under the
9. Notes and corresponding Deeds of Trust.
10.
11. **WHEREFORE**, Plaintiffs Wellingtons prays for relief against Defendant Madison,
12. and Does 1-20, for each and each cause of action pled in this Verified Complaint, as
13. follows:

14. **First Cause of Action for Usury**

15. 1. For the assessment of damages against Defendants in an amount according to proof
16. at trial but no less than $750,000.00;
17. 2. For the Plaintiffs' reasonable attorney's fees;
18. 3. For an order, declaring the note to be null and void.
19. 4. For an order, declaring the interest provisions of the Note null and void, and to credit
20. Plaintiff for all fees, interests, attorney fees, etc. paid, to be credited against the
21. principle amount of the Note.
22. 5. For punitive damages in an amount appropriate to punish Defendant and deter others
23. from engaging in similar misconduct, but no less than $750,000.00;

24. **Second Cause of Action for Quiet Title**

25. 6. For a Judgment quieting title by way of reconveyance of Deed of Trust and
26. Assignment of Rents;

27. **Third Cause of Action for Declaratory Relief**

28.

7. Adjudging that the interest rate and fees provisions of the Notes are null and void and have no force or effect; and that Plaintiff should get credit for all fees, interests, and attorney fees, against principle.

8. For a Declaration and Order of the Court declaring release of the Deed of Trust securing Notes;

### All Causes of Action

9. For costs of suit and attorney's fees incurred herein; and

10. For such other and further relief as the Court may deem just and proper.

DATED: August 27, 2018                    BEROKIM & DUEL, P.C.


By: _____
KOUSHA BEROKIM
Attorney for Plaintiff Amos Wellington

92609X.1 5839.097

1  **VERIFICATION**

2      I, Amos Wellington, Plaintiff in the above entitled action, certify and declare that I

3  have read the foregoing Complaint and know the contents thereof. The same is true of my

4  own knowledge, except as to those matters which are therein alleged on information and

5  belief, and as those matters, I believe it to be true.

6      I declare under penalty of perjury under the laws of the State of California that the

7  foregoing is true and correct.

8

9  Dated: August 27, 2018

                                                   

10                                         Amos Wellington

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States Bankruptcy Court
Central District of California

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 13 of the United States Bankruptcy Code,
entered on 11/04/2017 at 4:16 PM and filed on 11/04/2017.



**Letitia Louise Wellington**
1353 Hauser Bl
Los Angeles, CA 90019
SSN / ITIN: xxx-xx-0186

The case was filed by the debtor's attorney:          The bankruptcy trustee is:

**Sanaz S Bereliani**                                 **Wesley H Avery (TR)**
Bereliani Law Firm                                    758 E. Colorado Blvd., Suite 210
11400 W Olympic Blvd Ste 200                          Pasadena, CA 91101
Los Angeles, CA 90064                                 (626) 395-7576
818-920-8352

The case was assigned case number 2:17-bk-23651-NB to Judge Neil W. Bason.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 255 East Temple
Street,, Los Angeles, CA 90012.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Kathleen J. Campbell**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center |
|:---:|
| **Transaction Receipt** |
| 09/11/2018 12:55:28 |



— 136 —

| PACER Login: | atty151058:2800077:0 | Client Code: | |
|---|---|---|---|
| Description: | Notice of Filing | Search Criteria: | 2:17-bk-23651-NB |
| Billable Pages: | 1 | Cost: | 0.10 |

—137—

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this an amended filing

# Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/15

The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Identify Yourself**

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1.  Your full name** | | |
| Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | **Letitia** <br> First name | _____ <br> First name |
| | **Louise** <br> Middle name | _____ <br> Middle name |
| Bring your picture identification to your meeting with the trustee. | **Wellington** <br> Last name and Suffix (Sr., Jr., II, III) | _____ <br> Last name and Suffix (Sr., Jr., II, III) |

**2.  All other names you have used in the last 8 years**

Include your married or maiden names.

**3.  Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)**

xxx-xx-0186

—138—

Debtor 1    Letitia Louise Wellington _____    Case number *(if known)* _____

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4.** Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years | ☒ I have not used any business name or EINs. | ☐ I have not used any business name or EINs. |
| Include trade names and *doing business as* names | Business name(s) | Business name(s) |
|  | EINs | EINs |

**5. Where you live**

1353 Hauser Blvd
Los Angeles, CA 90036
_____
Number, Street, City, State & ZIP Code

Los Angeles
_____
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

Box 351000
Los Angeles, CA 90035
_____
Number, P.O. Box, Street, City, State & ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number, Street, City, State & ZIP Code

_____
County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**6. Why you are choosing** *this district* **to file for bankruptcy**

*Check one:*

☒ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

Debtor 1    __Letitia Louise Wellington__                                    Case number *(if known)* _____

---

**Part 2:**  **Tell the Court About Your Bankruptcy Case**

7.  **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

---

8.  **How you will pay the fee**

■ I will pay the entire fee when I file my petition. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ I need to pay the fee in installments. If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ I request that my fee be waived (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

9.  **Have you filed for bankruptcy within the last 8 years?**

■ No.

☐ Yes.

| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

---

10. **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No

☐ Yes.

| | Debtor _____ | | Relationship to you _____ |
| | District _____ | When _____ | Case number, if known _____ |
| | Debtor _____ | | Relationship to you _____ |
| | District _____ | When _____ | Case number, if known _____ |

---

11. **Do you rent your residence?**

■ No.    Go to line 12.

☐ Yes.    Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

---

Debtor 1    **Letitia Louise Wellington**                                      Case number *(if known)* _____

---

**Part 3:**   Report About Any Businesses You Own as a Sole Proprietor

12. Are you a sole proprietor
    of any full- or part-time
    business?
    
    A sole proprietorship is a
    business you operate as
    an individual, and is not a
    separate legal entity such
    as a corporation,
    partnership, or LLC.
    
    If you have more than one
    sole proprietorship, use a
    separate sheet and attach
    it to this petition.

■ **No.**     Go to Part 4.

☐ **Yes.**    Name and location of business

        Name of business, if any
        _____

        _____

        Number, Street, City, State & ZIP Code

        *Check the appropriate box to describe your business:*
        ☐     Health Care Business (as defined in 11 U.S.C. § 101(27A))
        ☐     Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
        ☐     Stockbroker (as defined in 11 U.S.C. § 101(53A))
        ☐     Commodity Broker (as defined in 11 U.S.C. § 101(6))
        ☐     None of the above

13. Are you filing under
    Chapter 11 of the
    Bankruptcy Code and are
    you a *small business
    debtor?*
    
    For a definition of *small
    business debtor,* see 11
    U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate
deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of
operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure
in 11 U.S.C. 1116(1)(B).*

■ **No.**     I am not filing under Chapter 11.

☐ **No.**     I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy
              Code.

☐ **Yes.**    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

**Part 4:**   Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

14. Do you own or have any
    property that poses or is
    alleged to pose a threat
    of imminent and
    identifiable hazard to
    public health or safety?
    Or do you own any
    property that needs
    immediate attention?
    
    *For example, do you own
    perishable goods, or
    livestock that must be fed,
    or a building that needs
    urgent repairs?*

■ **No.**

☐ **Yes.**    What is the hazard?            _____

              If immediate attention is
              needed, why is it needed?     _____

              Where is the property?        _____
                                            Number, Street, City, State & Zip Code

---

Debtor 1    __Letitia Louise Wellington_____    Case number *(if known)* _____

| Part 5: | Explain Your Efforts to Receive a Briefing About Credit Counseling |
|---|---|

15. **Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

- ☑ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

  Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

- ☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

  Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

- ☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

  To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

  Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
  If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

  Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

- ☐ I am not required to receive a briefing about credit counseling because of:

  - ☐ **Incapacity.**
    I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  - ☐ **Disability.**
    My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  - ☐ **Active duty.**
    I am currently on active military duty in a military combat zone.

  If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

- ☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

  Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

- ☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

  Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

- ☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

  To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

  Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

  If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

  Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

- ☐ I am not required to receive a briefing about credit counseling because of:

  - ☐ **Incapacity.**
    I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  - ☐ **Disability.**
    My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  - ☐ **Active duty.**
    I am currently on active military duty in a military combat zone.

  If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

—142—

Debtor 1    Letitia Louise Wellington _____    Case number *(if known)* _____

| **Part 6:** | Answer These Questions for Reporting Purposes |
|---|---|

16. What kind of debts do you have?

    16a. Are your debts primarily consumer debts? *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

      ☐ No. Go to line 16b.

      ☑ Yes. Go to line 17.

    16b. Are your debts primarily business debts? *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

      ☐ No. Go to line 16c.

      ☐ Yes. Go to line 17.

    16c. State the type of debts you owe that are not consumer debts or business debts

_____

_____

17. Are you filing under Chapter 7?

    ☑ No.    I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

    ☐ Yes.    I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

      ☐ No

      ☐ Yes

18. How many Creditors do you estimate that you owe?

| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

19. How much do you estimate your assets to be worth?

| ☐ $0 - $50,000 | ☑ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
|---|---|---|
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

20. How much do you estimate your liabilities to be?

| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
|---|---|---|
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☑ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| **Part 7:** | Sign Below |
|---|---|

For you

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Letitia Louise Wellington
_____    _____
Letitia Louise Wellington    Signature of Debtor 2
Signature of Debtor 1

Executed on    November 4, 2017          Executed on    _____
          MM / DD / YYYY                    MM / DD / YYYY

–143–

Debtor 1   __Letitia Louise Wellington_____   Case number *(if known)* _____

For your attorney, if you are represented by one

If you are not represented by an attorney, you do not need to file this page.

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

__/s/ Scott Kosner_____          Date    __November  4, 2017_____
Signature of Attorney for Debtor                           MM / DD / YYYY

__Scott Kosner_____
Printed name

__Law Offices of Tyson Takeuchi_____
Firm name

__1055 Wilshire Blvd__
__Suite 850__
__Los Angeles, CA 90017_____
Number, Street, City, State & ZIP Code

Contact phone   __213-637-1566_____        Email address    __tyson@tysonfirm.com_____

__172379_____
Bar number & State

— 144 —

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    none

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    None

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    None

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    None

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at   Los Angeles, CA                    , California.

Date:          November  4, 2017

/s/ Letitia Louise Wellington

Letitia Louise Wellington
**Signature of Debtor**


**Signature of Joint Debtor**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Letitia Louise Wellington** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **CENTRAL DISTRICT OF CALIFORNIA** | | |
| Case number (if known) | _____ | | |

☐ Check if this is an amended filing

# Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

|  | | **Your assets** **Value of what you own** |
|---|---|---|
| 1. | Schedule A/B: Property (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B............................................................................... | $    1,200,000.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B..................................................................... | $    4,876.00 |
| | 1c. Copy line 63, Total of all property on Schedule A/B............................................................................... | $    1,204,876.00 |

### Part 2:    Summarize Your Liabilities

|  | | **Your liabilities** **Amount you owe** |
|---|---|---|
| 2. | Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D) 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D*... | $    814,614.00 |
| 3. | Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 106E/F) 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................. | $    0.00 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............................ | $    0.00 |
| | **Your total liabilities** | $    814,614.00 |

### Part 3:    Summarize Your Income and Expenses

| 4. | Schedule I: Your Income (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I*.................................................................... | $    4,457.00 |
|---|---|---|
| 5. | Schedule J: Your Expenses (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J*............................................................................ | $    4,550.00 |

### Part 4:    Answer These Questions for Administrative and Statistical Records

6.  Are you filing for bankruptcy under Chapters 7, 11, or 13?

☐  No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

☒  Yes

7.  What kind of debt do you have?

☒  Your debts are primarily consumer debts. *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐  Your debts are not primarily consumer debts. You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum    Summary of Your Assets and Liabilities and Certain Statistical Information    page 1 of 2

Debtor 1   **Letitia Louise Wellington** _____   Case number *(if known)* _____

8.  From the *Statement of Your Current Monthly Income*: Copy your total current monthly income from Official Form
    122A-1 Line 11; OR, Form 122B Line 11; OR, Form 122C-1 Line 14.

    $              2,300.00

9.  Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $              0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $              0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $              0.00 |
| 9d. Student loans. (Copy line 6f.) | $              0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $              0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$              0.00 |
| 9g. Total. Add lines 9a through 9f. | $              0.00 |

| Fill in this information to identify your case and this filing: | |
|---|---|

| Debtor 1 | **Letitia Louise Wellington** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | _____ | | |

☐ Check if this is an amended filing

# Official Form 106A/B
# Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

☑ Yes. Where is the property?

| 1.1 | | | What is the property? Check all that apply | |
|---|---|---|---|---|

**1353 Hauser Blvd**
Street address, if available, or other description

**What is the property? Check all that apply**

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $1,200,000.00 | $1,200,000.00 |

**Los Angeles    CA    90036-0000**
City         State      ZIP Code

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**DEED OF TRUST**

☐ Check if this is community property (see instructions)

**Los Angeles**
County

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.................................................=>

| $1,200,000.00 |
|---|

**Part 2:** Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☑ No
☐ Yes

---

Official Form 106A/B                    Schedule A/B: Property                    page 1

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1    Letitia Louise Wellington                                    Case number (if known) _____

4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
    Examples: Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
   .pages you have attached for Part 2. Write that number here.............................................................=>        $0.00

**Part 3:    Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?          Current value of the
                                                                                           portion you own?
                                                                                           Do not deduct secured
                                                                                           claims or exemptions.

6. Household goods and furnishings
    Examples: Major appliances, furniture, linens, china, kitchenware
    ☐ No
    ■ Yes. Describe.....

| misc. household furnishings | $1,500.00 |

7. Electronics
    Examples: Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices
             including cell phones, cameras, media players, games
    ☐ No
    ■ Yes. Describe.....

| misc. electronics | $1,000.00 |

8. Collectibles of value
    Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections;
             other collections, memorabilia, collectibles
    ■ No
    ☐ Yes. Describe.....

9. Equipment for sports and hobbies
    Examples: Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools;
             musical instruments
    ■ No
    ☐ Yes. Describe.....

10. Firearms
    Examples: Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes. Describe.....

11. Clothes
    Examples: Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes. Describe.....

| misc. clothing | $1,000.00 |

12. Jewelry
    Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ■ Yes. Describe.....

| misc. jewelry | $1,000.00 |

Debtor 1    Letitia Louise Wellington _____    Case number *(if known)* _____

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ■ No
    ☐ Yes. Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ■ No
    ☐ Yes. Give specific information.....

15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
    for Part 3. Write that number here ............................................................................

|  |
|---|
| **$4,500.00** |

| **Part 4:** | Describe Your Financial Assets |
|---|---|

Do you own or have any legal or equitable interest in any of the following?    Current value of the portion you own? Do not deduct secured claims or exemptions.

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ■ No
    ☐ Yes...........................................................................................

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
    ☐ No
    ■ Yes........................                  Institution name:

|  |  |  |  |
|---|---|---|---|
| 17.1. | checking | **Union Bank** | **$220.00** |

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes.................                  Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ■ No
    ☐ Yes. Give specific information about them...................
    Name of entity:                  % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them
    Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ☐ No
    ■ Yes. List each account separately.
    Type of account:                  Institution name:

|  |  |  |
|---|---|---|
| Pension | **Union Bank - 156 a month** | **$156.00** |

~ 150 ~

Debtor 1    **Letitia Louise Wellington**                                   Case number *(if known)* _____

22. **Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No
☐ Yes. .....................                        Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
■ No
☐ Yes............        Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
■ No
☐ Yes............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property** (other than anything listed in line 1), and rights or powers exercisable for your benefit
■ No
☐ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
■ No
☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
■ No
☐ Yes. Give specific information about them...

**Money or property owed to you?**                                   Current value of the
portion you own?
Do not deduct secured
claims or exemptions.

28. **Tax refunds owed to you**
■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......
_____

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
■ No
☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
benefits; unpaid loans you made to someone else
■ No
☐ Yes. Give specific information..

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
■ No
☐ Yes. Name the insurance company of each policy and list its value.
                Company name:                        Beneficiary:            Surrender or refund
value:

32. **Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
someone has died.
■ No
☐ Yes. Give specific information..

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

~151~

Debtor 1    **Letitia Louise Wellington**                                    Case number *(if known)* _____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples: Accidents, employment disputes, insurance claims, or rights to sue*
   ■ No
   ☐ Yes.  Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
   ■ No
   ☐ Yes.  Describe each claim.........

**35. Any financial assets you did not already list**
   ■ No
   ☐ Yes.  Give specific information..

**36.   Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**.................................................................................................... | **$376.00**

---

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

**37. Do you own or have any legal or equitable interest in any business-related property?**
   ■ No. Go to Part 6.
   ☐ Yes.  Go to line 38.

---

**Part 6:**  Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
   If you own or have an interest in farmland, list it in Part 1.

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
   ■ No. Go to Part 7.
   ☐ Yes.  Go to line 47.

---

**Part 7:**  Describe All Property You Own or Have an Interest in That You Did Not List Above

**53. Do you have other property of any kind you did not already list?**
   *Examples: Season tickets, country club membership*
   ■ No
   ☐ Yes. Give specific information.........

**54.   Add the dollar value of all of your entries from Part 7. Write that number here**  ..................................... | **$0.00**

---

**Part 8:**  List the Totals of Each Part of this Form

| | | |
|---|---:|---:|
| 55.   Part 1: Total real estate, line 2 ........................................................................................................................ | | **$1,200,000.00** |
| 56.   Part 2: Total vehicles, line 5 | $0.00 | |
| 57.   Part 3: Total personal and household items, line 15 | $4,500.00 | |
| 58.   Part 4: Total financial assets, line 36 | $376.00 | |
| 59.   Part 5: Total business-related property, line 45 | $0.00 | |
| 60.   Part 6: Total farm- and fishing-related property, line 52 | $0.00 | |
| 61.   Part 7: Total other property not listed, line 54          + | $0.00 | |
| 62.   Total personal property. Add lines 56 through 61... | $4,876.00 |   Copy personal property total    $4,876.00 |
| 63.   Total of all property on Schedule A/B. Add line 55 + line 62 | | **$1,204,876.00** |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Letitia Louise Wellington** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | _____ | | |

☐ Check if this is an amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt
4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:**    Identify the Property You Claim as Exempt

1. Which set of exemptions are you claiming? *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own <br> Copy the value from *Schedule A/B* | Amount of the exemption you claim <br> *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| misc. household furnishings <br> Line from *Schedule A/B*: **6.1** | $1,500.00 | ■ $1,500.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(3) |
| misc. electronics <br> Line from *Schedule A/B*: **7.1** | $1,000.00 | ■ $1,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(3) |
| misc. clothing <br> Line from *Schedule A/B*: **11.1** | $1,000.00 | ■ $1,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(3) |
| misc. jewelry <br> Line from *Schedule A/B*: **12.1** | $1,000.00 | ■ $1,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(4) |

3. Are you claiming a homestead exemption of more than $160,375?
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

      ☐ No

      ☐ Yes

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

–153–

Debtor 1    **Letitia Louise Wellington** _____    Case number (if known) _____

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Letitia Louise Wellington |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | **Column A** Amount of claim Do not deduct the value of collateral. | **Column B** Value of collateral that supports this claim | **Column C** Unsecured portion If any |
|---|---|---|---|---|
| **2.1** Michael Durand Madison, SR | Describe the property that secures the claim: | $96,000.00 | $1,200,000.00 | $0.00 |
| Creditor's Name | 1353 Hauser Blvd Los Angeles, CA 90036  Los Angeles County | | | |
| 10736 Jefferson Blvd #633 Culver City, CA 90230 | As of the date you file, the claim is: Check all that apply. ☐ Contingent ■ Unliquidated ■ Disputed | | | |
| Number, Street, City, State & Zip Code | | | | |
| **Who owes the debt?** Check one. ■ Debtor 1 only ☐ Debtor 2 only ☐ Debtor 1 and Debtor 2 only ☐ At least one of the debtors and another ☐ Check if this claim relates to a community debt | **Nature of lien.** Check all that apply. ■ An agreement you made (such as mortgage or secured car loan) ☐ Statutory lien (such as tax lien, mechanic's lien) ☐ Judgment lien from a lawsuit ☐ Other (including a right to offset) _____ | | | |
| Date debt was incurred  06/29/2016 | Last 4 digits of account number    69SG | | | |

| | | | | |
|---|---|---|---|---|
| **2.2** Rushmore Loan Management Services | Describe the property that secures the claim: | $718,614.00 | $1,200,000.00 | $0.00 |
| Creditor's Name | 1353 Hauser Blvd Los Angeles, CA 90036  Los Angeles County | | | |
| PO Box 52708 Irvine, CA 92619-2708 | As of the date you file, the claim is: Check all that apply. ☐ Contingent ☐ Unliquidated ☐ Disputed | | | |
| Number, Street, City, State & Zip Code | | | | |
| **Who owes the debt?** Check one. ■ Debtor 1 only ☐ Debtor 2 only ☐ Debtor 1 and Debtor 2 only ☐ At least one of the debtors and another ☐ Check if this claim relates to a community debt | **Nature of lien.** Check all that apply. ■ An agreement you made (such as mortgage or secured car loan) ☐ Statutory lien (such as tax lien, mechanic's lien) ☐ Judgment lien from a lawsuit ☐ Other (including a right to offset) _____ | | | |

Official Form 106D                    Schedule D: Creditors Who Have Claims Secured by Property                    page 1 of 2

| Debtor 1 | Letitia Louise Wellington | | | Case number (if know) | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

Date debt was incurred **05/19/2008**          Last 4 digits of account number     **0018**

Add the dollar value of your entries in Column A on this page. Write that number here:          **$814,614.00**

If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:          **$814,614.00**

**Part 2:     List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

~156~

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Letitia Louise Wellington** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | **CENTRAL DISTRICT OF CALIFORNIA** |
| Case number (if known) | |

☐ Check if this is an amended filing

# Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:   List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**

   ■ No. Go to Part 2.

   ☐ Yes.

### Part 2:   List All of Your NONPRIORITY Unsecured Claims

3. **Do any creditors have nonpriority unsecured claims against you?**

   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ■ Yes.

4. List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | | Total claim |
|---|---|---|---|
| **4.1** | | Last 4 digits of account number _____ | $0.00 |
| | **Equifax** | | |
| | Nonpriority Creditor's Name | | |
| | PO Box 740241 | When was the debt incurred? _____ | |
| | Atlanta, GA 30374-0241 | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | |

Who incurred the debt? Check one.

■ Debtor 1 only            ☐ Contingent

☐ Debtor 2 only            ☐ Unliquidated

☐ Debtor 1 and Debtor 2 only    ☐ Disputed

☐ At least one of the debtors and another    Type of NONPRIORITY unsecured claim:

☐ Check if this claim is for a community debt        ☐ Student loans

Is the claim subject to offset?    ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No            ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes          ■ Other. Specify _____

Debtor 1    Letitia Louise Wellington                                          Case number (if know) _____

---

| 4.2 | **Equifax** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name

PO Box 144717
Orlando, FL 32814

When was the debt incurred?    _____

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

| 4.3 | **Equifax Info Services LLC** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name

Box 740256
Atlanta, GA 30374-0256

When was the debt incurred?    _____

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

| 4.4 | **Experian** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name

475 Anton Blvd
Costa Mesa, CA 92626-7037

When was the debt incurred?    _____

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

Debtor 1   Letitia Louise Wellington _____    Case number (if know) _____

---

| 4.5 | **Experian** _____ Nonpriority Creditor's Name | Last 4 digits of account number _____ | | $0.00 |

**NCAC**
**PO Box 9556**
**Allen, TX 75013** _____
Number Street City State Zip Code

When was the debt incurred?    _____

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

Is the claim subject to offset?

■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

| 4.6 | **Experian** _____ Nonpriority Creditor's Name | Last 4 digits of account number _____ | | $0.00 |

**NCAC**
**PO Box 9556**
**Allen, TX 75013-9556** _____
Number Street City State Zip Code

When was the debt incurred?    _____

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

Is the claim subject to offset?

■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

| 4.7 | **Experian** _____ Nonpriority Creditor's Name | Last 4 digits of account number _____ | | $0.00 |

**Profile Management**
**PO Box 9558**
**Allen, TX 75013-9558** _____
Number Street City State Zip Code

When was the debt incurred?    _____

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

Is the claim subject to offset?

■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

—159—

Debtor 1   Letitia Louise Wellington                                              Case number (if know) _____

| 4.8 | Franchise Tax Board | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name
**Bankruptcy Section MS A340**
**PO Box 2952**
**Sacramento, CA 95812-2952**
Number Street City State Zip Code

When was the debt incurred?      _____

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

☑ Debtor 1 only                                    ☐ Contingent
☐ Debtor 2 only                                    ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                       ☐ Disputed
☐ At least one of the debtors and another          Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a community           ☐ Student loans
debt                                               ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?                    report as priority claims
☑ No                                               ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                              ☑ Other. Specify _____

| 4.9 | Franchise Tax Board | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name
**PO Box 942867**
**Sacramento, CA 94267-0001**
Number Street City State Zip Code

When was the debt incurred?      _____

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

☑ Debtor 1 only                                    ☐ Contingent
☐ Debtor 2 only                                    ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                       ☐ Disputed
☐ At least one of the debtors and another          Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a community           ☐ Student loans
debt                                               ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?                    report as priority claims
☑ No                                               ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                              ☑ Other. Specify _____

| 4.10 | Internal Revenue Service | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name
**Insolvency I Stop 5022**
**300 N Los Angeles St Ste 4062**
**Los Angeles, CA 90012-3313**
Number Street City State Zip Code

When was the debt incurred?      _____

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

☑ Debtor 1 only                                    ☐ Contingent
☐ Debtor 2 only                                    ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                       ☐ Disputed
☐ At least one of the debtors and another          Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a community           ☐ Student loans
debt                                               ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?                    report as priority claims
☑ No                                               ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                              ☑ Other. Specify _____

Debtor 1   Letitia Louise Wellington _____   Case number *(if know)* _____

| 4.1 1 | **Internal Revenue Service** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name

**PO Box 21126**
**Philadelphia, PA 19114-0326**

Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

| 4.1 2 | **Internal Revenue Service** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name

**PO Box 660002**
**Dallas, TX 75266-0002**

Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

| 4.1 3 | **Internal Revenue Service** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name

**Centralized Insolvency Operation**
**Po Box 21126**
**Philadelphia, PA 19114-0326**

Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

Debtor 1    Letitia Louise Wellington _____    Case number (if know) _____

| 4.1 4 | **Trans Union Corporation** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name
**Attn: Public Records Department**
**555 W Adams St.**
**Chicago, IL 60661**
Number Street City State Zip Code

Who incurred the debt? Check one.

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

☒ No
☐ Yes

When was the debt incurred?    _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify _____

| 4.1 5 | **TransUnion Consumer Relations** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name
**PO Box 2000**
**Chester, PA 19022**
Number Street City State Zip Code

Who incurred the debt? Check one.

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

☒ No
☐ Yes

When was the debt incurred?    _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify _____

---

**Part 3:**    List Others to Be Notified About a Debt That You Already Listed

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

**Part 4:**    Add the Amounts for Each Type of Unsecured Claim

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  |  |  |  | Total Claim |
|---|---|---|---|---|
| Total claims from Part 1 | 6a. | Domestic support obligations | 6a. | $    0.00 |
|  | 6b. | Taxes and certain other debts you owe the government | 6b. | $    0.00 |
|  | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $    0.00 |
|  | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. | $    0.00 |
|  | 6e. | Total Priority. Add lines 6a through 6d. | 6e. | $    0.00 |
|  |  |  |  | Total Claim |
|  | 6f. | Student loans | 6f. | $    0.00 |
| Total claims from Part 2 | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $    0.00 |

− 162 −

Debtor 1    Letitia Louise Wellington _____    Case number (if know) _____

| | | | | | |
|---|---|---|---|---|---|
| 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ | 0.00 | |
| 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | 0.00 | |
| | | | | | |
| 6j. | Total Nonpriority. Add lines 6f through 6i. | 6j. | $ | 0.00 | |

.

—163—

Fill in this information to identify your case:

| Debtor 1 | **Letitia Louise Wellington** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    **CENTRAL DISTRICT OF CALIFORNIA**

Case number
(if known)    _____

☐ Check if this is an
amended filing

# Official Form 106G

## Schedule G: Executory Contracts and Unexpired Leases

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. Do you have any executory contracts or unexpired leases?

   ■ **No.** Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.

   ☐ **Yes.** Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone). See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
| Name, Number, Street, City, State and ZIP Code | |

**2.1**
Name _____

Number    Street _____

City _____ State _____ ZIP Code _____

**2.2**
Name _____

Number    Street _____

City _____ State _____ ZIP Code _____

**2.3**
Name _____

Number    Street _____

City _____ State _____ ZIP Code _____

**2.4**
Name _____

Number    Street _____

City _____ State _____ ZIP Code _____

**2.5**
Name _____

Number    Street _____

City _____ State _____ ZIP Code _____

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

— 164 —

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Letitia Louise Wellington** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | |
| (if known) | |

☐ Check if this is an
   amended filing

# Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors.** Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.

*Column 1:* **Your codebtor**
Name, Number, Street, City, State and ZIP Code

*Column 2:* **The creditor to whom you owe the debt**
Check all schedules that apply:

| 3.1 | |
|---|---|
| | Name |

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

Number    Street
City           State        ZIP Code

| 3.2 | |
|---|---|
| | Name |

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

Number    Street
City           State        ZIP Code

| Fill in this information to identify your case: | |
| --- | --- |
| Debtor 1 | **Letitia Louise Wellington** |
| Debtor 2
(Spouse, if filing) | |
| United States Bankruptcy Court for the: | **CENTRAL DISTRICT OF CALIFORNIA** |
| Case number
(If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

# Official Form 106I

## Schedule I: Your Income                                                    12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. Fill in your employment information.

|  | | Debtor 1 | Debtor 2 or non-filing spouse |
| --- | --- | --- | --- |
| If you have more than one job, attach a separate page with information about additional employers. | Employment status | ■ Employed
☐ Not employed | ■ Employed
☐ Not employed |
| Include part-time, seasonal, or self-employed work. | Occupation | retired | Used car dealer |
| | Employer's name | | Blan-Well Auto Sales |
| Occupation may include student or homemaker, if it applies. | Employer's address | | 8000 S Vermont Ave
Los Angeles, CA 90044 |
| | How long employed there? | since 2006 | 30 years |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
| --- | --- | --- | --- |
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 0.00 | $ 0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. $ 0.00 | $ 0.00 |

Debtor 1   **Letitia Louise Wellington**  _____   Case number *(if known)*  _____

|  |  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ 0.00 | $ 0.00 |

**5.** List all payroll deductions:

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ 0.00 |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. | Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. | Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. | Other deductions. Specify: _____ | 5h.+ | $ 0.00  + | $ 0.00 |

**6.** Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h.     6.     $ 0.00     $ 0.00

**7.** Calculate total monthly take-home pay. Subtract line 6 from line 4.     7.     $ 0.00     $ 0.00

**8.** List all other income regularly received:

| 8a. | Net income from rental property and from operating a business, profession, or farm <br> Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 2,300.00 |
|---|---|---|---|---|
| 8b. | Interest and dividends | 8b. | $ 0.00 | $ 0.00 |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive <br> Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | Unemployment compensation | 8d. | $ 0.00 | $ 0.00 |
| 8e. | Social Security | 8e. | $ 980.00 | $ 1,021.00 |
| 8f. | Other government assistance that you regularly receive <br> Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. <br> Specify: _____ | 8f. | $ 0.00 | $ 0.00 |
| 8g. | Pension or retirement income | 8g. | $ 0.00 | $ 156.00 |
| 8h. | Other monthly income. Specify: _____ | 8h.+ | $ 0.00  + | $ 0.00 |

**9.** Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h.     9.     $ 980.00     $ 3,477.00

**10.** Calculate monthly income. Add line 7 + line 9.     10.   $ 980.00   + $ 3,477.00   = $ 4,457.00
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

**11.** State all other regular contributions to the expenses that you list in *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____     11.   +$ 0.00

**12.** Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies     12.   $ 4,457.00

Combined
monthly income

**13.** Do you expect an increase or decrease within the year after you file this form?

■ No.
☐ Yes. Explain: _____

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Letitia Louise Wellington** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | **CENTRAL DISTRICT OF CALIFORNIA** |
| Case number (if known) | |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses                                              12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   Describe Your Household

1.   Is this a joint case?

☒ No. Go to line 2.
☐ Yes. Does Debtor 2 live in a separate household?

☐ No
☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.   Do you have dependents?   ☒ No

| Do not list Debtor 1 and Debtor 2.<br>Do not state the dependents names. | ☐ Yes. | Fill out this information for each dependent.............. | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|---|---|
| | | | _____ | _____ | ☐ No<br>☐ Yes |
| | | | _____ | _____ | ☐ No<br>☐ Yes |
| | | | _____ | _____ | ☐ No<br>☐ Yes |
| | | | _____ | _____ | ☐ No<br>☐ Yes |

3.   Do your expenses include expenses of people other than yourself and your dependents?    ☒ No   ☐ Yes

**Part 2:**   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | **Your expenses** |
|---|---|---|

| | | | |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4.  $ | 3,100.00 |
| | If not included in line 4: | | |
| 4a. | Real estate taxes | 4a.  $ | 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b.  $ | 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c.  $ | 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d.  $ | 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5.  $ | 0.00 |

−168−

Debtor 1   __Letitia Louise Wellington_____     Case number (if known)   _____

| | | | | |
|---|---|---|---|---|
| 6. | Utilities: | | | |
| | 6a. | Electricity, heat, natural gas | 6a. | $ 200.00 |
| | 6b. | Water, sewer, garbage collection | 6b. | $ 100.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ 300.00 |
| | 6d. | Other. Specify: | 6d. | $ 0.00 |
| 7. | Food and housekeeping supplies | | 7. | $ 400.00 |
| 8. | Childcare and children's education costs | | 8. | $ 0.00 |
| 9. | Clothing, laundry, and dry cleaning | | 9. | $ 100.00 |
| 10. | Personal care products and services | | 10. | $ 0.00 |
| 11. | Medical and dental expenses | | 11. | $ 50.00 |
| 12. | Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. | $ 200.00 |
| 13. | Entertainment, clubs, recreation, newspapers, magazines, and books | | 13. | $ 0.00 |
| 14. | Charitable contributions and religious donations | | 14. | $ 0.00 |
| 15. | Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. | $ 0.00 |
| | 15b. | Health insurance | 15b. | $ 0.00 |
| | 15c. | Vehicle insurance | 15c. | $ 100.00 |
| | 15d. | Other insurance. Specify: | 15d. | $ 0.00 |
| 16. | Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. | $ 0.00 |
| 17. | Installment or lease payments: | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. | $ 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. | $ 0.00 |
| | 17c. | Other. Specify: | 17c. | $ 0.00 |
| | 17d. | Other. Specify: | 17d. | $ 0.00 |
| 18. | Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I). | | 18. | $ 0.00 |
| 19. | Other payments you make to support others who do not live with you. Specify: | | 19. | $ 0.00 |
| 20. | Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income. | | | |
| | 20a. | Mortgages on other property | 20a. | $ 0.00 |
| | 20b. | Real estate taxes | 20b. | $ 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. | $ 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. | $ 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. | $ 0.00 |
| 21. | Other: Specify: | | 21. | +$ 0.00 |

| | | | |
|---|---|---|---|
| 22. | Calculate your monthly expenses | | |
| | 22a. Add lines 4 through 21. | $ | 4,550.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 4,550.00 |
| 23. | Calculate your monthly net income. | | |
| | 23a. Copy line 12 (your combined monthly income) from Schedule I. | 23a. $ | 4,457.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 4,550.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. $ | -93.00 |

24.  Do you expect an increase or decrease in your expenses within the year after you file this form?
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.     | Explain here: |

— 169 —

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | Letitia Louise Wellington | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | |
| Case number (if known) | | |

☐ Check if this is an amended filing

## Official Form 106Dec
# Declaration About an Individual Debtor's Schedules                    12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes. Name of person _____      **Attach** Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X /s/ Letitia Louise Wellington                              X _____
Letitia Louise Wellington                                      Signature of Debtor 2
Signature of Debtor 1

Date  November 4, 2017                                      Date _____

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Letitia Louise Wellington** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an
amended filing

# Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy          4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Give Details About Your Marital Status and Where You Lived Before

1.    What is your current marital status?

■ Married
☐ Not married

2.    During the last 3 years, have you lived anywhere other than where you live now?

■ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|

3.    Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory? (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

■ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

4.    Did you have any income from employment or from operating a business during this year or the two previous calendar years?
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ☐ Wages, commissions, bonuses, tips | $50,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

Debtor 1    Letitia Louise Wellington _____    Case number *(if known)* _____

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and<br>exclusions) | Sources of income<br>Check all that apply. | Gross income<br>(before deductions<br>and exclusions) |
| For last calendar year:<br>(January 1 to December 31, 2016 ) | ☐ Wages, commissions,<br>bonuses, tips | $50,000.00 | ☐ Wages, commissions,<br>bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |
| For the calendar year before that:<br>(January 1 to December 31, 2015 ) | ☐ Wages, commissions,<br>bonuses, tips | $50,000.00 | ☐ Wages, commissions,<br>bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

5.    Did you receive any other income during this year or the two previous calendar years?
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐    No
■    Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income<br>Describe below. | Gross income from<br>each source<br>(before deductions and<br>exclusions) | Sources of income<br>Describe below. | Gross income<br>(before deductions<br>and exclusions) |
| From January 1 of current year until<br>the date you filed for bankruptcy: | social security and<br>pension | $22,000.00 | | |
| For last calendar year:<br>(January 1 to December 31, 2016 ) | social security and<br>pension | $24,000.00 | | |
| For the calendar year before that:<br>(January 1 to December 31, 2015 ) | social security and<br>pension | $24,000.00 | | |

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

6.    Are either Debtor 1's or Debtor 2's debts primarily consumer debts?
☐    No.    Neither Debtor 1 nor Debtor 2 has primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?
☐    No.    Go to line 7.
☐    Yes    List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
* Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

■    Yes.    Debtor 1 or Debtor 2 or both have primarily consumer debts.
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

■    No.    Go to line 7.
☐    Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

Debtor 1    __Letitia Louise Wellington__                                            Case number *(if known)* _____

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

7. Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?
   *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

   ■ **No**
   ☐ **Yes.** List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?
   Include payments on debts guaranteed or cosigned by an insider.

   ■ **No**
   ☐ **Yes.** List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

**Part 4:**    Identify Legal Actions, Repossessions, and Foreclosures

9. Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?
   List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

   ■ **No**
   ☐ **Yes.** Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|

10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?
    Check all that apply and fill in the details below.

    ■ **No.** Go to line 11.
    ☐ **Yes.** Fill in the information below.

| Creditor Name and Address | Describe the Property Explain what happened | Date | Value of the property |
|---|---|---|---|

11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?
    ■ **No**
    ☐ **Yes.** Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?

    ■ **No**
    ☐ **Yes**

Official Form 107                Statement of Financial Affairs for Individuals Filing for Bankruptcy                page 3

Debtor 1    Letitia Louise Wellington _____    Case number *(if known)* _____

---

**Part 5:**    List Certain Gifts and Contributions

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

    ☑ No
    ☐ Yes. Fill in the details for each gift.

    | Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
    |---|---|---|---|
    | Person to Whom You Gave the Gift and Address: | | | |

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

    ☑ No
    ☐ Yes. Fill in the details for each gift or contribution.

    | Gifts or contributions to charities that total more than $600 | Describe what you contributed | Dates you contributed | Value |
    |---|---|---|---|
    | Charity's Name | | | |
    | Address (Number, Street, City, State and ZIP Code) | | | |

---

**Part 6:**    List Certain Losses

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

    ☑ No
    ☐ Yes. Fill in the details.

    | Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
    |---|---|---|---|

---

**Part 7:**    List Certain Payments or Transfers

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
    Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

    ☐ No
    ☑ Yes. Fill in the details.

    | Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
    |---|---|---|---|
    | Law Offices of Tyson Takeuchi<br>1055 Wilshire Blvd<br>Suite 850<br>Los Angeles, CA 90017<br>tyson@tysonfirm.com | Attorney Fees | 11-3-2017 | $1,190.00 |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
    Do not include any payment or transfer that you listed on line 16.

    ☑ No
    ☐ Yes. Fill in the details.

    | Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
    |---|---|---|---|

---

Debtor 1    Letitia Louise Wellington                                    Case number *(if known)*

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☑ No
☐ Yes. Fill in the details.

| Person Who Received Transfer Address | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

Person's relationship to you

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary? (These are often called *asset-protection devices*.)**

☑ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☑ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address *(Number, Street, City, State and ZIP Code)* | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☑ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address *(Number, Street, City, State and ZIP Code)* | Who else had access to it? Address *(Number, Street, City, State and ZIP Code)* | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☑ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address *(Number, Street, City, State and ZIP Code)* | Who else has or had access to it? Address *(Number, Street, City, State and ZIP Code)* | Describe the contents | Do you still have it? |
|---|---|---|---|

**Part 9:    Identify Property You Hold or Control for Someone Else**

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

☑ No
☐ Yes. Fill in the details.

| Owner's Name Address *(Number, Street, City, State and ZIP Code)* | Where is the property? *(Number, Street, City, State and ZIP Code)* | Describe the property | Value |
|---|---|---|---|

**Part 10:    Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

☑ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or

Official Form 107                Statement of Financial Affairs for Individuals Filing for Bankruptcy                page 5

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1    **Letitia Louise Wellington**                                    Case number (*if known*)

toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

- ■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

- ■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

    ■ **No**
    ☐ **Yes. Fill in the details.**

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you<br>know it | Date of notice |
| --- | --- | --- | --- |

25.  **Have you notified any governmental unit of any release of hazardous material?**

    ■ **No**
    ☐ **Yes. Fill in the details.**

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you<br>know it | Date of notice |
| --- | --- | --- | --- |

26.  **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

    ■ **No**
    ☐ **Yes. Fill in the details.**

| Case Title<br>Case Number | Court or agency<br>Name<br>**Address** (Number, Street, City,<br>State and ZIP Code) | Nature of the case | Status of the<br>case |
| --- | --- | --- | --- |

  **Part 11:**  Give Details About Your Business or Connections to Any Business

27.  **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

    ■ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

    ☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

    ☐ A partner in a partnership

    ☐ An officer, director, or managing executive of a corporation

    ☐ An owner of at least 5% of the voting or equity securities of a corporation

  ☐ No. None of the above applies. Go to Part 12.

  ■ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>**Address**<br>(Number, Street, City and State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
| --- | --- | --- |
| **Blan Well Auto Sales**<br>**8000 S. Vermont Avenue**<br>**Los Angeles, CA 90044** | auto sales | EIN:<br><br>From-To    last 30 years |

Debtor 1    Letitia Louise Wellington                                    Case number (if known) _____

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

   ■  No
   ☐  Yes. Fill in the details below.

   | Name | Date Issued |
   |---|---|
   | **Address** | |
   | (Number, Street, City, State and ZIP Code) | |

**Part 12:   Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Letitia Louise Wellington
_____                       _____
**Letitia Louise Wellington**                         **Signature of Debtor 2**
**Signature of Debtor 1**

Date   **November 4, 2017**                            Date   _____
_____

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* **(Official Form 107)?**
■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Central District of California

In re  **Letitia Louise Wellington** _____   Case No. _____
                                    Debtor(s)                    Chapter   **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **6,000.00** |
| Prior to the filing of this statement I have received | $ | **0.00** |
| Balance Due | $ | **6,000.00** |

2.  The source of the compensation paid to me was:

   ■ Debtor        ☐ Other (specify):

3.  The source of compensation to be paid to me is:

   ■ Debtor        ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d.  [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

## CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**November  4, 2017** _____     **/s/ Scott Kosner** _____
_Date_                                       **Scott Kosner 172379**
                                             _Signature of Attorney_
                                             **Law Offices of Tyson Takeuchi**
                                             **1055 Wilshire Blvd**
                                             **Suite 850**
                                             **Los Angeles, CA 90017**
                                             **213-637-1566  Fax: 888-977-6310**
                                             **tyson@tysonfirm.com**
                                             _Name of law firm_

| Fill in this information to identify your case: | Check as directed in lines 17 and 21: |
|---|---|

**Fill in this information to identify your case:**

Debtor 1    Letitia Louise Wellington

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number
(if known)

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

■ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

■ 3. The commitment period is 3 years.

☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1
## Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period
<span style="float:right">12/15</span>

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

| Part 1: | Calculate Your Average Monthly Income |
|---|---|

1. What is your marital and filing status? Check one only.
   ☐ Not married. Fill out Column A, lines 2-11.
   ■ Married. Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  |  | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | Your gross wages, salary, tips, bonuses, overtime, and commissions (before all payroll deductions). | $ 0.00 | $ 0.00 |
| 3. | Alimony and maintenance payments. Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ 0.00 |
| 4. | All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support. Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ 0.00 |

5. Net income from operating a business, profession, or farm

|  | Debtor 1 | Debtor 2 |  |  |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | $ 12,000.00 |  |  |
| Ordinary and necessary operating expenses | -$ 0.00 | -$ 9,700.00 |  |  |
| Net monthly income from a business, profession, or farm | $ 0.00 | $ 2,300.00 | Copy here -> $ 0.00 | $ 2,300.00 |

6. Net income from rental and other real property   Debtor 1

|  | Debtor 1 |  |  |
|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 |  |  |
| Ordinary and necessary operating expenses | -$ 0.00 |  |  |
| Net monthly income from rental or other real property | $ 0.00 | Copy here -> $ 0.00 | $ 0.00 |

Debtor 1 __Letitia Louise Wellington_____     Case number *(if known)* _____

|  | | Column A<br>Debtor 1 | | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|---|
| 7. | Interest, dividends, and royalties | $        0.00 | $ | 0.00 |
| 8. | Unemployment compensation | $        0.00 | $ | 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

| For you | $ | 980.00 |
|---|---|---|
| For your spouse | $ | 1,021.00 |

| | | | | | |
|---|---|---|---|---|---|
| 9. | Pension or retirement income. Do not include any amount received that was a benefit under the Social Security Act. | $        0.00 | $ | 0.00 |

10. Income from all other sources not listed above. Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

| | | | | |
|---|---|---|---|---|
| _____ | $        0.00 | $ | 0.00 |
| _____ | $        0.00 | $ | 0.00 |
| Total amounts from separate pages, if any. | +  $        0.00 | $ | 0.00 |

| 11. | Calculate your total average monthly income. Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B. | $    0.00 | +  $   2,300.00 | =  $   2,300.00 |
|---|---|---|---|---|

Total average monthly income

### Part 2:   Determine How to Measure Your Deductions from Income

| 12. Copy your total average monthly income from line 11. | $   2,300.00 |
|---|---|

13. Calculate the marital adjustment. Check one:

☐ You are not married. Fill in 0 below.

☐ You are married and your spouse is filing with you. Fill in 0 below.

■ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

| _____ | $ _____ |
|---|---|
| _____ | $ _____ |
| _____ | +$ _____ |

| Total | $    0.00 | Copy here=> | -        0.00 |
|---|---|---|---|

| 14. Your current monthly income. Subtract line 13 from line 12. | $   2,300.00 |
|---|---|

15. Calculate your current monthly income for the year. Follow these steps:

| 15a. Copy line 14 here=> | $   2,300.00 |
|---|---|
| Multiply line 15a by 12 (the number of months in a year). | x 12 |
| 15b. The result is your current monthly income for the year for this part of the form. ................................. | $   27,600.00 |

Debtor 1    Letitia Louise Wellington _____    Case number (if known) _____

---

**16. Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live.    **CA**

16b. Fill in the number of people in your household.    **2**

16c. Fill in the median family income for your state and size of household. ...............    $ __**70,245.00**__

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

**17. How do the lines compare?**

17a. ■ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3)*. Go to Part 3. Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

17b. ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3)*. Go to Part 3 and fill out *Calculation of Your Disposable Income* (Official Form 122C-2). On line 39 of that form, copy your current monthly income from line 14 above.

| Part 3: | Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4) |
|---|---|

**18.** Copy your total average monthly income from line 11 . ...............    $ __**2,300.00**__

**19.** Deduct the marital adjustment if it applies. If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a.    -$ __**0.00**__

19b. Subtract line 19a from line 18.    $ __**2,300.00**__

**20.** Calculate your current monthly income for the year. Follow these steps:

20a. Copy line 19b ...............    $ __**2,300.00**__

Multiply by 12 (the number of months in a year).    x **12**

20b. The result is your current monthly income for the year for this part of the form    $ __**27,600.00**__

20c. Copy the median family income for your state and size of household from line 16c ...............    $ __**70,245.00**__

**21. How do the lines compare?**

■ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years*. Go to Part 4.

☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years*. Go to Part 4.

| Part 4: | Sign Below |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X **/s/ Letitia Louise Wellington** _____
Letitia Louise Wellington
Signature of Debtor 1

Date **November 4, 2017** _____
MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

---

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Scott Kosner**<br>**1055 Wilshire Blvd**<br>**Suite 850**<br>**Los Angeles, CA 90017**<br>**213-637-1566 Fax: 888-977-6310**<br>**California State Bar Number: 172379**<br>tyson@tysonfirm.com | |

☐  *Debtor(s) appearing without an attorney*

■  *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>     **Letitia Louise Wellington** | **CASE NO.:**<br><br>**CHAPTER: 13** |
|---|---|
| | **VERIFICATION OF MASTER**<br>**MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |
| Debtor(s). | |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __3__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: __November 4, 2017__

Date: _____

Date: __November 4, 2017__

/s/ Letitia Louise Wellington
Signature of Debtor 1

_____
Signature of Debtor 2 (joint debtor) ) (if applicable)

/s/ Scott Kosner
Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                      **F 1007-1.MAILING.LIST.VERIFICATION**

−182−

Letitia Louise Wellington
Box 351000
Los Angeles, CA 90035


Scott Kosner
Law Offices of Tyson Takeuchi
1055 Wilshire Blvd
Suite 850
Los Angeles, CA 90017


Equifax
PO Box 740241
Atlanta, GA 30374-0241


Equifax
PO Box 144717
Orlando, FL 32814


Equifax Info Services LLC
Box 740256
Atlanta, GA 30374-0256


Experian
475 Anton Blvd
Costa Mesa, CA 92626-7037


Experian
NCAC
PO Box 9556
Allen, TX 75013


Experian
NCAC
PO Box 9556
Allen, TX 75013-9556

Experian
Profile Management
PO Box 9558
Allen, TX 75013-9558


Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952


Franchise Tax Board
PO Box 942867
Sacramento, CA 94267-0001


Internal Revenue Service
Insolvency I Stop 5022
300 N Los Angeles St Ste 4062
Los Angeles, CA 90012-3313


Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114-0326


Internal Revenue Service
PO Box 660002
Dallas, TX 75266-0002


Internal Revenue Service
Centralized Insolvency Operation
Po Box 21126
Philadelphia, PA 19114-0326


Michael Durand Madison, SR
10736 Jefferson Blvd #633
Culver City, CA 90230

Rushmore Loan Management Services
PO Box 52708
Irvine, CA 92619-2708


Trans Union Corporation
Attn: Public Records Department
555 W Adams St.
Chicago, IL 60661


TransUnion Consumer Relations
PO Box 2000
Chester, PA 19022

EXHIBIT 11

---------- Forwarded message ---------

From: **Brett Curlee** <brett.curlee@thecurleelawfirm.com>

Date: Tue, Sep 11, 2018 at 12:59 PM

Subject: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

To: berokim@berokimduel.com <berokim@berokimduel.com>

Dear Mr. Berokim:

Please see the attached letter regarding the above lawsuit that your firm filed on behalf of your client, Mr. Amos Wellington.

Please respond as soon as possible.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

| | |
|---|---|
| **From:** | Kousha Berokim <berokim@berokimduel.com> |
| **Sent:** | Wednesday, September 12, 2018 3:45 PM |
| **To:** | Brett Curlee |
| **Subject:** | Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit |
| **Attachments:** | Berokim.ltr.9.11.18.pdf; Complaint.StateCourtAction.filed.8.28.18.pdf; N-BankruptcyCaseFiling.11.4.17.pdf; Petition.Filed.11.4.17.pdf |

Mr. Curlee

Thank you for your 9/11/18 letter.

I will further review, discuss with my client, and let you know.

However, as preliminary issue, I have two questions.

1-Has the trustee pursued, or going to pursue, the usury claims against Madison's claim secured by the Wellington residence?

2-I appreciate your position that the Wellington residence is part of the 'debtor's estate'.

Yet, only the second cause of action for 'quiet title' and third cause of action for 'declaratory relief' apply to the the Wellington residence which was used as collateral.

However, as to the first cause of action, the usury claim, specifically as to legal damages, and as to a determination as to the balance of the loan, it is a claim that belongs to non-debtor Amos Wellington, aside from Letitia Wellington's bankruptcy.

Are you agreeable to Amos Wellington filing a first amended complaint, only pursuing the usury claims to the extent of determining his legal damages and the balance of the note, without referencing or seeking remedies as to the underlying deed of trust and the Wellington residence?

Please let me know.

Thank you

--
Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233
BEROKIM@BEROKIMDUEL.COM

— 187—

**Brett Curlee**

Hello Mr. Berokim:

See my responses below.

Thanks,
BRETT B. CURLEE
LAW OFFICES OF BRETT CURLEE
11377 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Phone: (310) 203-3084
Fax: (310) 203-3071
Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Wednesday, September 12, 2018 3:45 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Subject:** Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

Thank you for your 9/11/18 letter.

You are welcome.

I will further review, discuss with my client, and let you know.

However, as preliminary issue, I have two questions.

1-Has the trustee pursued, or going to pursue, the usury claims against Madison's claim secured by the Wellington residence?

Yes, the Trustee will utilize the usury claims and pursue them either through adversary proceeding, claim objection, or settlement. He reserves all rights regarding such claims and does not authorize the prosecution of such claims by you or your client.

2-I appreciate your position that the Wellington residence is part of the 'debtor's estate'.

Agreed.

—188—

1

Yet, only the second cause of action for 'quiet title' and third cause of action for 'declaratory relief' apply to the the Wellington residence which was used as collateral.

However, as to the first cause of action, the usury claim, specifically as to legal damages, and as to a determination as to the balance of the loan, it is a claim that belongs to non-debtor Amos Wellington, aside from Letitia Wellington's bankruptcy.

The assets of the bankruptcy estate include all rights, claims, and caused of action as defined in 11 U.S.C. Section 541. The Usury claims arise as a result of a contract between the Debtor and Mr. Wellington on the one hand, and Mr. Madison on the other. The Hauser residence is an asset of the estate as are any claims arising from contracts entered into by Mr. and Mrs. Wellington that pertain to property of the estate. The adjudication of contract issues that pertain to estate assets, including usury claims are properly undertaken by the Chapter 7 Trustee in the bankruptcy court, which has exclusive jurisdiction over estate property. The assets of the Debtor and Mr. Wellington are community property, all of which belong to the bankruptcy estate. Any damages recovered on the usury claims are community property and hence assets of the estate. The Trustee claims all such causes of action in the state court complaint and will resolve them inside of bankruptcy.

Are you agreeable to Amos Wellington filing a first amended complaint, only pursuing the usury claims to the extent of determining his legal damages and the balance of the note, without referencing or seeking remedies as to the underlying deed of trust and the Wellington residence?

No. The claims belong to the estate. Mr. Wellington must stand down from pursuing all such claims and dismiss his state court action. Please dismiss the state court action without prejudice.


Please let me know.

Thank you


--
Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233
BEROKIM@BEROKIMDUEL.COM


---------- Forwarded message ---------
From: **Brett Curlee** <brett.curlee@thecurleelawfirm.com>
Date: Tue, Sep 11, 2018 at 12:59 PM
Subject: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit
To: berokim@berokimduel.com <berokim@berokimduel.com>


Dear Mr. Berokim:

Please see the attached letter regarding the above lawsuit that your firm filed on behalf of your client, Mr. Amos Wellington.

Please respond as soon as possible.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**Brett Curlee**

| | |
|---|---|
| **From:** | Brett Curlee |
| **Sent:** | Thursday, September 20, 2018 12:30 PM |
| **To:** | 'Kousha Berokim' |
| **Subject:** | FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit |
| **Attachments:** | Berokim.ltr.9.20.18.pdf |

Dear Mr. Berokim:

Attached hereto is my second letter demanding that you and your client, Mr. Amos Q. Wellington, immediately dismiss the above-referenced matter.

Thanks,
BRETT B. CURLEE
LAW OFFICES OF BRETT CURLEE
11377 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Phone: (310) 203-3084
Fax: (310) 203-3071
Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Brett Curlee
**Sent:** Friday, September 14, 2018 7:59 AM
**To:** 'Kousha Berokim' <berokim@berokimduel.com>
**Subject:** RE: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Hello Mr. Berokim:

See my responses below.

Thanks,
BRETT B. CURLEE
LAW OFFICES OF BRETT CURLEE
11377 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Phone: (310) 203-3084
Fax: (310) 203-3071
Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Wednesday, September 12, 2018 3:45 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Subject:** Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

Thank you for your 9/11/18 letter.

You are welcome.

I will further review, discuss with my client, and let you know.

However, as preliminary issue, I have two questions.

1-Has the trustee pursued, or going to pursue, the usury claims against Madison's claim secured by the Wellington residence?

Yes, the Trustee will utilize the usury claims and pursue them either through adversary proceeding, claim objection, or settlement. He reserves all rights regarding such claims and does not authorize the prosecution of such claims by you or your client.

2-I appreciate your position that the Wellington residence is part of the 'debtor's estate'.

Agreed.

Yet, only the second cause of action for 'quiet title' and third cause of action for 'declaratory relief' apply to the the Wellington residence which was used as collateral.

However, as to the first cause of action, the usury claim, specifically as to legal damages, and as to a determination as to the balance of the loan, it is a claim that belongs to non-debtor Amos Wellington, aside from Letitia Wellington's bankruptcy.

The assets of the bankruptcy estate include all rights, claims, and caused of action as defined in 11 U.S.C. Section 541. The Usury claims arise as a result of a contract between the Debtor and Mr. Wellington on the one hand, and Mr. Madison on the other. The Hauser residence is an asset of the estate as are any claims arising from contracts entered into by Mr. and Mrs. Wellington that pertain to property of the estate. The adjudication of contract issues that pertain to estate assets, including usury claims are properly undertaken by the Chapter 7 Trustee in the bankruptcy court, which has exclusive jurisdiction over estate property. The assets of the Debtor and Mr. Wellington are community property, all of which belong to the bankruptcy estate. Any damages recovered on the usury claims are community property and hence assets of the estate. The Trustee claims all such causes of action in the state court complaint and will resolve them inside of bankruptcy.

Are you agreeable to Amos Wellington filing a first amended complaint, only pursuing the usury claims to the extent of determining his legal damages and the balance of the note, without referencing or seeking remedies as to the underlying deed of trust and the Wellington residence?

No. The claims belong to the estate. Mr. Wellington must stand down from pursuing all such claims and dismiss his state court action. Please dismiss the state court action without prejudice.

Please let me know.

Thank you

-192-

--

Kousha Berokim

BEROKIM & DUEL P.C.

*attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233
BEROKIM@BEROKIMDUEL.COM

---------- Forwarded message ---------
From: **Brett Curlee** <brett.curlee@thecurleelawfirm.com>
Date: Tue, Sep 11, 2018 at 12:59 PM
Subject: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit
To: berokim@berokimduel.com <berokim@berokimduel.com>

Dear Mr. Berokim:

Please see the attached letter regarding the above lawsuit that your firm filed on behalf of your client, Mr. Amos Wellington.

Please respond as soon as possible.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**Brett Curlee**

Mr. Curlee

I have discussed this matter with my client , considered your letter, and spoken to bankruptcy counsel. We would finalize our decision next week.

Do you have a few minutes to speak Monday afternoon?


--
Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233
BEROKIM@BEROKIMDUEL.COM


On Thu, Sep 20, 2018 at 12:29 PM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

Dear Mr. Berokim:


Attached hereto is my second letter demanding that you and your client, Mr. Amos Q. Wellington, immediately dismiss the above-referenced matter.


Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084           — 194 —

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Brett Curlee
**Sent:** Friday, September 14, 2018 7:59 AM
**To:** 'Kousha Berokim' <berokim@berokimduel.com>
**Subject:** RE: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Hello Mr. Berokim:

See my responses below.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Wednesday, September 12, 2018 3:45 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Subject:** Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

−195−

Mr. Curlee

Thank you for your 9/11/18 letter.

You are welcome.

I will further review, discuss with my client, and let you know.

However, as preliminary issue, I have two questions.

1-Has the trustee pursued, or going to pursue, the usury claims against Madison's claim secured by the Wellington residence?

Yes, the Trustee will utilize the usury claims and pursue them either through adversary proceeding, claim objection, or settlement. He reserves all rights regarding such claims and does not authorize the prosecution of such claims by you or your client.

2-I appreciate your position that the Wellington residence is part of the 'debtor's estate'.

Agreed.

Yet, only the second cause of action for 'quiet title' and third cause of action for 'declaratory relief' apply to the the Wellington residence which was used as collateral.

However, as to the first cause of action, the usury claim, specifically as to legal damages, and as to a determination as to the balance of the loan, it is a claim that belongs to non-debtor Amos Wellington, aside from Letitia Wellington's bankruptcy.

The assets of the bankruptcy estate include all rights, claims, and caused of action as defined in 11 U.S.C. Section 541. The Usury claims arise as a result of a contract between the Debtor and Mr. Wellington on the one hand, and Mr. Madison on the other. The Hauser residence is an asset of the estate as are any claims arising from contracts entered into by Mr. and Mrs. Wellington that pertain to property of the estate. The adjudication of contract issues that pertain to estate assets, including usury claims are properly undertaken by the Chapter 7 Trustee in the bankruptcy court, which has exclusive jurisdiction over estate property. The assets of the Debtor and Mr. Wellington are community property, all of which belong to the bankruptcy estate. Any damages recovered on the usury claims are community property and hence assets of the estate. The Trustee claims all such causes of action in the state court complaint and will resolve them inside of bankruptcy.

Are you agreeable to Amos Wellington filing a first amended complaint, only pursuing the usury claims to the extent of determining his legal damages and the balance of the note, without referencing or seeking remedies as to the underlying deed of trust and the Wellington residence?

No. The claims belong to the estate. Mr. Wellington must stand down from pursuing all such claims and dismiss his state court action. Please dismiss the state court action without prejudice.

Please let me know.

Thank you

--

Kousha Berokim
BEROKIM & DUEL P.C.
*Attorneys at law*

270 NORTH CANON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233

BEROKIM@BEROKIMDUEL.COM

--------- Forwarded message ---------
From: **Brett Curlee** <brett.curlee@thecurleelawfirm.com>
Date: Tue, Sep 11, 2018 at 12:59 PM      — 197 —

Subject: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit
To: berokim@berokimduel.com <berokim@berokimduel.com>


Dear Mr. Berokim:


Please see the attached letter regarding the above lawsuit that your firm filed on behalf of your client, Mr. Amos Wellington.


Please respond as soon as possible.


Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

| | |
|---|---|
| **From:** | Brett Curlee |
| **Sent:** | Thursday, September 27, 2018 11:23 AM |
| **To:** | Kousha Berokim |
| **Subject:** | Re: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit |

Mr. Berokim,

I will be out of town starting tomorrow throughMonday. I can speak with you this afternoon at your convenience.

Thanks,

Brett Curlee


Sent from my T-Mobile 4G LTE Device

-------- Original message --------
From: Kousha Berokim <berokim@berokimduel.com>
Date: 9/27/18 10:32 AM (GMT-08:00)
To: Brett Curlee <brett.curlee@thecurleelawfirm.com>
Cc: Kousha Berokim <berokim@berokimduel.com>
Subject: Re: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

I have discussed this matter with my client , considered your letter, and spoken to bankruptcy counsel. We would finalize our decision next week.

Do you have a few minutes to speak Monday afternoon?


--
Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233
BEROKIM@BEROKIMDUEL.COM


On Thu, Sep 20, 2018 at 12:29 PM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

~ 199 ~

Dear Mr. Berokim:

Attached hereto is my second letter demanding that you and your client, Mr. Amos Q. Wellington, immediately dismiss the above-referenced matter.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Brett Curlee
**Sent:** Friday, September 14, 2018 7:59 AM
**To:** 'Kousha Berokim' <berokim@berokimduel.com>
**Subject:** RE: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Hello Mr. Berokim:

See my responses below.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Wednesday, September 12, 2018 3:45 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Subject:** Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

Thank you for your 9/11/18 letter.

You are welcome.

I will further review, discuss with my client, and let you know.

However, as preliminary issue, I have two questions.

1-Has the trustee pursued, or going to pursue, the usury claims against Madison's claim secured by the Wellington residence?

Yes, the Trustee will utilize the usury claims and pursue them either through adversary proceeding, claim objection, or settlement. He reserves all rights regarding such claims and does not authorize the prosecution of such claims by you or your client.

— 201 —

2-I appreciate your position that the Wellington residence is part of the 'debtor's estate'.

Agreed.

Yet, only the second cause of action for 'quiet title' and third cause of action for 'declaratory relief' apply to the the Wellington residence which was used as collateral.

However, as to the first cause of action, the usury claim, specifically as to legal damages, and as to a determination as to the balance of the loan, it is a claim that belongs to non-debtor Amos Wellington, aside from Letitia Wellington's bankruptcy.

The assets of the bankruptcy estate include all rights, claims, and caused of action as defined in 11 U.S.C. Section 541. The Usury claims arise as a result of a contract between the Debtor and Mr. Wellington on the one hand, and Mr. Madison on the other. The Hauser residence is an asset of the estate as are any claims arising from contracts entered into by Mr. and Mrs. Wellington that pertain to property of the estate. The adjudication of contract issues that pertain to estate assets, including usury claims are properly undertaken by the Chapter 7 Trustee in the bankruptcy court, which has exclusive jurisdiction over estate property. The assets of the Debtor and Mr. Wellington are community property, all of which belong to the bankruptcy estate. Any damages recovered on the usury claims are community property and hence assets of the estate. The Trustee claims all such causes of action in the state court complaint and will resolve them inside of bankruptcy.

Are you agreeable to Amos Wellington filing a first amended complaint, only pursuing the usury claims to the extent of determining his legal damages and the balance of the note, without referencing or seeking remedies as to the underlying deed of trust and the Wellington residence?

No. The claims belong to the estate. Mr. Wellington must stand down from pursuing all such claims and dismiss his state court action. Please dismiss the state court action without prejudice.

Please let me know.

Thank you

--

Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CANON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233

BEROKIM@BEROKIMDUEL.COM

---------- Forwarded message ---------
From: **Brett Curlee** <brett.curlee@thecurleelawfirm.com>
Date: Tue, Sep 11, 2018 at 12:59 PM
Subject: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit
To: berokim@berokimduel.com <berokim@berokimduel.com>

Dear Mr. Berokim:

Please see the attached letter regarding the above lawsuit that your firm filed on behalf of your client, Mr. Amos Wellington.

Please respond as soon as possible.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

−203−

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

| From: | Kousha Berokim <berokim@berokimduel.com> |
| Sent: | Thursday, September 27, 2018 3:11 PM |
| To: | Brett Curlee |
| Cc: | Kousha Berokim |
| Subject: | Re: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit |

Hello

I apologize but I'm stuck in a deposition today. Can we speak Tuesday afternoon?

--
Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233
BEROKIM@BEROKIMDUEL.COM

On Thu, Sep 27, 2018 at 11:23 AM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:
Mr. Berokim,

I will be out of town starting tomorrow throughMonday. I can speak with you this afternoon at your convenience.

Thanks,

Brett Curlee


Sent from my T-Mobile 4G LTE Device

-------- Original message --------
From: Kousha Berokim <berokim@berokimduel.com>
Date: 9/27/18 10:32 AM (GMT-08:00)
To: Brett Curlee <brett.curlee@thecurleelawfirm.com>
Cc: Kousha Berokim <berokim@berokimduel.com>
Subject: Re: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

I have discussed this matter with my client , considered your letter, and spoken to bankruptcy counsel. We would finalize our decision next week.

Do you have a few minutes to speak Monday afternoon?


--
Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233
BEROKIM@BEROKIMDUEL.COM


On Thu, Sep 20, 2018 at 12:29 PM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

Dear Mr. Berokim:


Attached hereto is my second letter demanding that you and your client, Mr. Amos Q. Wellington, immediately dismiss the above-referenced matter.


Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com


**From:** Brett Curlee
**Sent:** Friday, September 14, 2018 7:59 AM
**To:** 'Kousha Berokim' <berokim@berokimduel.com>

~206~

**Subject:** RE: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Hello Mr. Berokim:

See my responses below.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Wednesday, September 12, 2018 3:45 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Subject:** Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

Thank you for your 9/11/18 letter.

You are welcome.

$-207-$

I will further review, discuss with my client, and let you know.

However, as preliminary issue, I have two questions.

1-Has the trustee pursued, or going to pursue, the usury claims against Madison's claim secured by the Wellington residence?

Yes, the Trustee will utilize the usury claims and pursue them either through adversary proceeding, claim objection, or settlement. He reserves all rights regarding such claims and does not authorize the prosecution of such claims by you or your client.

2-I appreciate your position that the Wellington residence is part of the 'debtor's estate'.

Agreed.

Yet, only the second cause of action for 'quiet title' and third cause of action for 'declaratory relief' apply to the the Wellington residence which was used as collateral.

However, as to the first cause of action, the usury claim, specifically as to legal damages, and as to a determination as to the balance of the loan, it is a claim that belongs to non-debtor Amos Wellington, aside from Letitia Wellington's bankruptcy.

The assets of the bankruptcy estate include all rights, claims, and caused of action as defined in 11 U.S.C. Section 541. The Usury claims arise as a result of a contract between the Debtor and Mr. Wellington on the one hand, and Mr. Madison on the other. The Hauser residence is an asset of the estate as are any claims arising from contracts entered into by Mr. and Mrs. Wellington that pertain to property of the estate. The adjudication of contract issues that pertain to estate assets, including usury claims are properly undertaken by the Chapter 7 Trustee in the bankruptcy court, which has exclusive jurisdiction over estate property. The assets of the Debtor and Mr. Wellington are community property, all of which belong to the bankruptcy estate. Any damages recovered on the usury claims are community property and hence assets of the estate. The Trustee claims all such causes of action in the state court complaint and will resolve them inside of bankruptcy.

Are you agreeable to Amos Wellington filing a first amended complaint, only pursuing the usury claims to the extent of determining his legal damages and the balance of the note, without referencing or seeking remedies as to the underlying deed of trust and the Wellington residence?

No. The claims belong to the estate. Mr. Wellington must stand down from pursuing all such claims and dismiss his state court action. Please dismiss the state court action without prejudice.

Please let me know.

Thank you

--

Kousha Berokim
BEROKIM & DUEL P.C.
*Attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233

BEROKIM@BEROKIMDUEL.COM

---------- Forwarded message ---------
From: **Brett Curlee** <brett.curlee@thecurleelawfirm.com>
Date: Tue, Sep 11, 2018 at 12:59 PM
Subject: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit
To: berokim@berokimduel.com <berokim@berokimduel.com>

Dear Mr. Berokim:

Please see the attached letter regarding the above lawsuit that your firm filed on behalf of your client, Mr. Amos Wellington.

Please respond as soon as possible.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

| | |
|---|---|
| **From:** | Brett Curlee |
| **Sent:** | Thursday, September 27, 2018 3:27 PM |
| **To:** | 'Kousha Berokim' |
| **Subject:** | RE: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit |

Yes.

After 4:00 p.m.  Please call my cell phone.  I have hearings so, if I do not pick up, I will call back.

Please advise that you will take no action in regards to the state court action until we have spoken.

I must once again advise, that proceeding with the lawsuit violates the automatic stay.  It will have to be dismissed without prejudice.

Thanks,
BRETT B. CURLEE
LAW OFFICES OF BRETT CURLEE
11377 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Phone: (310) 203-3084
Fax: (310) 203-3071
Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com


**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Thursday, September 27, 2018 3:11 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Cc:** Kousha Berokim <berokim@berokimduel.com>
**Subject:** Re: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Hello

I apologize but I'm stuck in a deposition today. Can we speak Tuesday afternoon?


--
Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233
BEROKIM@BEROKIMDUEL.COM

On Thu, Sep 27, 2018 at 11:23 AM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

Mr. Berokim,

I will be out of town starting tomorrow throughMonday. I can speak with you this afternoon at your convenience.

Thanks,

Brett Curlee


Sent from my T-Mobile 4G LTE Device

-------- Original message --------
From: Kousha Berokim <berokim@berokimduel.com>
Date: 9/27/18 10:32 AM (GMT-08:00)
To: Brett Curlee <brett.curlee@thecurleelawfirm.com>
Cc: Kousha Berokim <berokim@berokimduel.com>
Subject: Re: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

I have discussed this matter with my client , considered your letter, and spoken to bankruptcy counsel. We would finalize our decision next week.

Do you have a few minutes to speak Monday afternoon?


--
Kousha Berokim
BEROKIM & DUEL P.C.
*Attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233
BEROKIM@BEROKIMDUEL.COM


On Thu, Sep 20, 2018 at 12:29 PM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

Dear Mr. Berokim:


Attached hereto is my second letter demanding that you and your client, Mr. Amos Q. Wellington, immediately dismiss the above-referenced matter.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

---

**From:** Brett Curlee
**Sent:** Friday, September 14, 2018 7:59 AM
**To:** 'Kousha Berokim' <berokim@berokimduel.com>
**Subject:** RE: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Hello Mr. Berokim:

See my responses below.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Wednesday, September 12, 2018 3:45 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Subject:** Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit


Mr. Curlee


Thank you for your 9/11/18 letter.


You are welcome.


I will further review, discuss with my client, and let you know.


However, as preliminary issue, I have two questions.


1-Has the trustee pursued, or going to pursue, the usury claims against Madison's claim secured by the Wellington residence?


Yes, the Trustee will utilize the usury claims and pursue them either through adversary proceeding, claim objection, or settlement. He reserves all rights regarding such claims and does not authorize the prosecution of such claims by you or your client.


2-I appreciate your position that the Wellington residence is part of the 'debtor's estate'.


Agreed.

Yet, only the second cause of action for 'quiet title' and third cause of action for 'declaratory relief' apply to the the Wellington residence which was used as collateral.

However, as to the first cause of action, the usury claim, specifically as to legal damages, and as to a determination as to the balance of the loan, it is a claim that belongs to non-debtor Amos Wellington, aside from Letitia Wellington's bankruptcy.

The assets of the bankruptcy estate include all rights, claims, and caused of action as defined in 11 U.S.C. Section 541. The Usury claims arise as a result of a contract between the Debtor and Mr. Wellington on the one hand, and Mr. Madison on the other. The Hauser residence is an asset of the estate as are any claims arising from contracts entered into by Mr. and Mrs. Wellington that pertain to property of the estate. The adjudication of contract issues that pertain to estate assets, including usury claims are properly undertaken by the Chapter 7 Trustee in the bankruptcy court, which has exclusive jurisdiction over estate property. The assets of the Debtor and Mr. Wellington are community property, all of which belong to the bankruptcy estate. Any damages recovered on the usury claims are community property and hence assets of the estate. The Trustee claims all such causes of action in the state court complaint and will resolve them inside of bankruptcy.

Are you agreeable to Amos Wellington filing a first amended complaint, only pursuing the usury claims to the extent of determining his legal damages and the balance of the note, without referencing or seeking remedies as to the underlying deed of trust and the Wellington residence?

No. The claims belong to the estate. Mr. Wellington must stand down from pursuing all such claims and dismiss his state court action. Please dismiss the state court action without prejudice.

Please let me know.

Thank you

--

Kousha Berokim

BEROKIM & DUEL P.C.

*Attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233

BEROKIM@BEROKIMDUEL.COM

---------- Forwarded message ---------
From: **Brett Curlee** <brett.curlee@thecurleelawfirm.com>
Date: Tue, Sep 11, 2018 at 12:59 PM
Subject: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit
To: berokim@berokimduel.com <berokim@berokimduel.com>

Dear Mr. Berokim:

Please see the attached letter regarding the above lawsuit that your firm filed on behalf of your client, Mr. Amos Wellington.

Please respond as soon as possible.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**Brett Curlee**

Dear Mr. Berokim:

As I have previously advised you, Letitia Louise Wellington has filed bankruptcy. The causes of action that you have set forth in the complaint in the above-referenced state court action belong to Mrs. Wellington's bankruptcy estate. You and your client are in violation of the automatic stay which bars creditors or parties in interest from exercising control over assets that belong to the bankruptcy estate.

This will confirm that I have not received a telephone call from you per our prior emails below and my telephone call today. Nor have I received written confirmation that you will be dismissing the above-referenced lawsuit.

Today at 1:26 p.m. I called to advise you that you and your client must immediately provide written or telephonic confirmation that the above-referenced lawsuit was dismissed or will be dismissed immediately. You have not returned my telephone call. Nor have you dismissed the lawsuit as the chapter 7 trustee demanded pursuant to my prior correspondence dated September 20, 2018 giving you until September 25, 2018 to dismiss the above-referenced lawsuit.

If I have not received written confirmation from you by the close business today, as set forth in my telephonic message, by 5:30 p.m., then the Trustee will proceed with an adversary action in the bankruptcy court to enjoin you and your client from further efforts to prosecute the above-referenced state court action and to hold you and Mr. Wellington in contempt.

Please also note that the Trustee will seek to recover his attorney fees and costs from you and Mr. Wellington to enforce the Estate's claims the causes of action in the state court complaint. Again, I urge you to strongly consider your position vis-a-vie the rights of the Estate.

No further warning will be given before the adversary action is commenced.

Thanks,
BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE
11377 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Phone: (310) 203-3084
Fax: (310) 203-3071
Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Brett Curlee
**Sent:** Thursday, September 27, 2018 3:27 PM
**To:** 'Kousha Berokim' <berokim@berokimduel.com>
**Subject:** RE: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Yes.

After 4:00 p.m. Please call my cell phone. I have hearings so, if I do not pick up, I will call back.

Please advise that you will take no action in regards to the state court action until we have spoken.

I must once again advise, that proceeding with the lawsuit violates the automatic stay. It will have to be dismissed without prejudice.

Thanks,
BRETT B. CURLEE
LAW OFFICES OF BRETT CURLEE
11377 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Phone: (310) 203-3084
Fax: (310) 203-3071
Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Thursday, September 27, 2018 3:11 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Cc:** Kousha Berokim <berokim@berokimduel.com>
**Subject:** Re: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Hello

I apologize but I'm stuck in a deposition today. Can we speak Tuesday afternoon?

--

−48−

Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233
BEROKIM@BEROKIMDUEL.COM

On Thu, Sep 27, 2018 at 11:23 AM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

Mr. Berokim,

I will be out of town starting tomorrow throughMonday. I can speak with you this afternoon at your convenience.

Thanks,

Brett Curlee


Sent from my T-Mobile 4G LTE Device

-------- Original message --------
From: Kousha Berokim <berokim@berokimduel.com>
Date: 9/27/18 10:32 AM (GMT-08:00)
To: Brett Curlee <brett.curlee@thecurleelawfirm.com>
Cc: Kousha Berokim <berokim@berokimduel.com>
Subject: Re: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

I have discussed this matter with my client , considered your letter, and spoken to bankruptcy counsel. We would finalize our decision next week.

Do you have a few minutes to speak Monday afternoon?


--
Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233
BEROKIM@BEROKIMDUEL.COM


On Thu, Sep 20, 2018 at 12:29 PM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

Dear Mr. Berokim:

Attached hereto is my second letter demanding that you and your client, Mr. Amos Q. Wellington, immediately dismiss the above-referenced matter.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Brett Curlee
**Sent:** Friday, September 14, 2018 7:59 AM
**To:** 'Kousha Berokim' <berokim@berokimduel.com>
**Subject:** RE: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Hello Mr. Berokim:

See my responses below.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

~ 220~

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Wednesday, September 12, 2018 3:45 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Subject:** Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

Thank you for your 9/11/18 letter.

You are welcome.

I will further review, discuss with my client, and let you know.

However, as preliminary issue, I have two questions.

1-Has the trustee pursued, or going to pursue, the usury claims against Madison's claim secured by the Wellington residence?

Yes, the Trustee will utilize the usury claims and pursue them either through adversary proceeding, claim objection, or settlement. He reserves all rights regarding such claims and does not authorize the prosecution of such claims by you or your client.

- 221 -

2-I appreciate your position that the Wellington residence is part of the 'debtor's estate'.

Agreed.

Yet, only the second cause of action for 'quiet title' and third cause of action for 'declaratory relief' apply to the the Wellington residence which was used as collateral.

However, as to the first cause of action, the usury claim, specifically as to legal damages, and as to a determination as to the balance of the loan, it is a claim that belongs to non-debtor Amos Wellington, aside from Letitia Wellington's bankruptcy.

The assets of the bankruptcy estate include all rights, claims, and caused of action as defined in 11 U.S.C. Section 541. The Usury claims arise as a result of a contract between the Debtor and Mr. Wellington on the one hand, and Mr. Madison on the other. The Hauser residence is an asset of the estate as are any claims arising from contracts entered into by Mr. and Mrs. Wellington that pertain to property of the estate. The adjudication of contract issues that pertain to estate assets, including usury claims are properly undertaken by the Chapter 7 Trustee in the bankruptcy court, which has exclusive jurisdiction over estate property. The assets of the Debtor and Mr. Wellington are community property, all of which belong to the bankruptcy estate. Any damages recovered on the usury claims are community property and hence assets of the estate. The Trustee claims all such causes of action in the state court complaint and will resolve them inside of bankruptcy.

Are you agreeable to Amos Wellington filing a first amended complaint, only pursuing the usury claims to the extent of determining his legal damages and the balance of the note, without referencing or seeking remedies as to the underlying deed of trust and the Wellington residence?

No. The claims belong to the estate. Mr. Wellington must stand down from pursuing all such claims and dismiss his state court action. Please dismiss the state court action without prejudice.

Please let me know.

Thank you

—222—

--

Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233

BEROKIM@BEROKIMDUEL.COM

---------- Forwarded message ---------
From: **Brett Curlee** <brett.curlee@thecurleelawfirm.com>
Date: Tue, Sep 11, 2018 at 12:59 PM
Subject: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit
To: berokim@berokimduel.com <berokim@berokimduel.com>

Dear Mr. Berokim:

Please see the attached letter regarding the above lawsuit that your firm filed on behalf of your client, Mr. Amos Wellington.

Please respond as soon as possible.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

~223~

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

| | |
|---|---|
| **From:** | Kousha Berokim <berokim@berokimduel.com> |
| **Sent:** | Wednesday, October 10, 2018 7:13 PM |
| **To:** | Brett Curlee |
| **Cc:** | Kousha Berokim |
| **Subject:** | Re: FW: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit |

Mr. Curlee

The law suit has not been served; I expect for the action to be dismissed later this week.

--
Kousha Berokim

BEROKIM & DUEL P.C.

*Attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233
BEROKIM@BEROKIMDUEL.COM

On Fri, Oct 5, 2018 at 4:17 PM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

Dear Mr. Berokim:

As I have previously advised you, Letitia Louise Wellington has filed bankruptcy. The causes of action that you have set forth in the complaint in the above-referenced state court action belong to Mrs. Wellington's bankruptcy estate. You and your client are in violation of the automatic stay which bars creditors or parties in interest from exercising control over assets that belong to the bankruptcy estate.

This will confirm that I have not received a telephone call from you per our prior emails below and my telephone call today. Nor have I received written confirmation that you will be dismissing the above-referenced lawsuit.

Today at 1:26 p.m. I called to advise you that you and your client must immediately provide written or telephonic confirmation that the above-referenced lawsuit was dismissed or will be dismissed immediately. You have not returned my telephone call. Nor have you dismissed the lawsuit as the chapter 7 trustee demanded pursuant to my prior correspondence dated September 20, 2018 giving you until September 25, 2018 to dismiss the above-referenced lawsuit.

If I have not received written confirmation from you by the close business today, as set forth in my telephonic message, by 5:30 p.m., then the Trustee will proceed with an adversary action in the bankruptcy court to enjoin you and your client from further efforts to prosecute the above-referenced state court action and to hold you and Mr. Wellington in contempt.

Please also note that the Trustee will seek to recover his attorney fees and costs from you and Mr. Wellington to enforce the Estate's claims the causes of action in the state court complaint. Again, I urge you to strongly consider your position vis-a-vie the rights of the Estate.

No further warning will be given before the adversary action is commenced.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Brett Curlee
**Sent:** Thursday, September 27, 2018 3:27 PM
**To:** 'Kousha Berokim' <berokim@berokimduel.com>
**Subject:** RE: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Yes.

After 4:00 p.m. Please call my cell phone. I have hearings so, if I do not pick up, I will call back.

Please advise that you will take no action in regards to the state court action until we have spoken.

I must once again advise, that proceeding with the lawsuit violates the automatic stay. It will have to be dismissed without prejudice.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Thursday, September 27, 2018 3:11 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Cc:** Kousha Berokim <berokim@berokimduel.com>    — 227—

**Subject:** Re: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Hello

I apologize but I'm stuck in a deposition today. Can we speak Tuesday afternoon?

--

Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233

BEROKIM@BEROKIMDUEL.COM

On Thu, Sep 27, 2018 at 11:23 AM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

Mr. Berokim,

I will be out of town starting tomorrow throughMonday. I can speak with you this afternoon at your convenience.

Thanks,

Brett Curlee

Sent from my T-Mobile 4G LTE Device

-------- Original message --------

From: Kousha Berokim <berokim@berokimduel.com>

Date: 9/27/18 10:32 AM (GMT-08:00)

To: Brett Curlee <brett.curlee@thecurleelawfirm.com>

Cc: Kousha Berokim <berokim@berokimduel.com>

Subject: Re: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

I have discussed this matter with my client , considered your letter, and spoken to bankruptcy counsel. We would finalize our decision next week.

Do you have a few minutes to speak Monday afternoon?

--

Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CANON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233

BEROKIM@BEROKIMDUEL.COM

On Thu, Sep 20, 2018 at 12:29 PM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

Dear Mr. Berokim:


Attached hereto is my second letter demanding that you and your client, Mr. Amos Q. Wellington, immediately dismiss the above-referenced matter.


Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com




**From:** Brett Curlee
**Sent:** Friday, September 14, 2018 7:59 AM
**To:** 'Kousha Berokim' <berokim@berokimduel.com>
**Subject:** RE: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit


Hello Mr. Berokim:


See my responses below.

$-230-$

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com>

**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Wednesday, September 12, 2018 3:45 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Subject:** Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

Thank you for your 9/11/18 letter.

You are welcome.

I will further review, discuss with my client, and let you know.

However, as preliminary issue, I have two questions.

1-Has the trustee pursued, or going to pursue, the usury claims against Madison's claim secured by the Wellington residence?

Yes, the Trustee will utilize the usury claims and pursue them either through adversary proceeding, claim objection, or settlement. He reserves all rights regarding such claims and does not authorize the prosecution of such claims by you or your client.

2-I appreciate your position that the Wellington residence is part of the 'debtor's estate'.

Agreed.

Yet, only the second cause of action for 'quiet title' and third cause of action for 'declaratory relief' apply to the the Wellington residence which was used as collateral.

However, as to the first cause of action, the usury claim, specifically as to legal damages, and as to a determination as to the balance of the loan, it is a claim that belongs to non-debtor Amos Wellington, aside from Letitia Wellington's bankruptcy.

The assets of the bankruptcy estate include all rights, claims, and caused of action as defined in 11 U.S.C. Section 541. The Usury claims arise as a result of a contract between the Debtor and Mr. Wellington on the one hand, and Mr. Madison on the other. The Hauser residence is an asset of the estate as are any claims arising from contracts entered into by Mr. and Mrs. Wellington that pertain to property of the estate. The adjudication of contract issues that pertain to estate assets, including usury claims are properly undertaken by the Chapter 7 Trustee in the bankruptcy court, which has exclusive jurisdiction over estate property. The assets of the Debtor and Mr. Wellington are community property, all of which belong to the bankruptcy estate. Any damages recovered on the usury claims are community property and hence assets of the estate. The Trustee claims all such causes of action in the state court complaint and will resolve them inside of bankruptcy.

Are you agreeable to Amos Wellington filing a first amended complaint, only pursuing the usury claims to the extent of determining his legal damages and the balance of the note, without referencing or seeking remedies as to the underlying deed of trust and the Wellington residence?

No. The claims belong to the estate. Mr. Wellington must stand down from pursuing all such claims and dismiss his state court action. Please dismiss the state court action without prejudice.

Please let me know.


Thank you


--

Kousha Berokim
BEROKIM & DUEL P.C.
*Attorneys at law*

270 NORTH CANON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233

BEROKIM@BEROKIMDUEL.COM


---------- Forwarded message ---------
From: **Brett Curlee** <brett.curlee@thecurleelawfirm.com>
Date: Tue, Sep 11, 2018 at 12:59 PM
Subject: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit
To: berokim@berokimduel.com <berokim@berokimduel.com>


Dear Mr. Berokim:


Please see the attached letter regarding the above lawsuit that your firm filed on behalf of your client, Mr. Amos Wellington.


Please respond as soon as possible.


Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE          — 233 —

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**Brett Curlee**

Mr. Berokim:

I checked online and determined the complaint in the above-referenced lawsuit was served and the Defendant has filed an answer.

Nevertheless, as soon as this matter is dismissed by the end of this week, please provide a copy of the dismissal.

Please note the dismissal must be without prejudice.

Thanks,
BRETT B. CURLEE
LAW OFFICES OF BRETT CURLEE
11377 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Phone: (310) 203-3084
Fax: (310) 203-3071
Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com>


**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Wednesday, October 10, 2018 7:13 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Cc:** Kousha Berokim <berokim@berokimduel.com>
**Subject:** Re: FW: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

The law suit has not been served; I expect for the action to be dismissed later this week.


--
Kousha Berokim
BEROKIM & DUEL P.C.
*Attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233
BEROKIM@BEROKIMDUEL.COM

On Fri, Oct 5, 2018 at 4:17 PM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

Dear Mr. Berokim:

As I have previously advised you, Letitia Louise Wellington has filed bankruptcy. The causes of action that you have set forth in the complaint in the above-referenced state court action belong to Mrs. Wellington's bankruptcy estate. You and your client are in violation of the automatic stay which bars creditors or parties in interest from exercising control over assets that belong to the bankruptcy estate.

This will confirm that I have not received a telephone call from you per our prior emails below and my telephone call today. Nor have I received written confirmation that you will be dismissing the above-referenced lawsuit.

Today at 1:26 p.m. I called to advise you that you and your client must immediately provide written or telephonic confirmation that the above-referenced lawsuit was dismissed or will be dismissed immediately. You have not returned my telephone call. Nor have you dismissed the lawsuit as the chapter 7 trustee demanded pursuant to my prior correspondence dated September 20, 2018 giving you until September 25, 2018 to dismiss the above-referenced lawsuit.

If I have not received written confirmation from you by the close business today, as set forth in my telephonic message, by 5:30 p.m., then the Trustee will proceed with an adversary action in the bankruptcy court to enjoin you and your client from further efforts to prosecute the above-referenced state court action and to hold you and Mr. Wellington in contempt.

Please also note that the Trustee will seek to recover his attorney fees and costs from you and Mr. Wellington to enforce the Estate's claims the causes of action in the state court complaint. Again, I urge you to strongly consider your position vis-a-vie the rights of the Estate.

No further warning will be given before the adversary action is commenced.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Brett Curlee
**Sent:** Thursday, September 27, 2018 3:27 PM
**To:** 'Kousha Berokim' <berokim@berokimduel.com>
**Subject:** RE: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Yes.

After 4:00 p.m. Please call my cell phone. I have hearings so, if I do not pick up, I will call back.

Please advise that you will take no action in regards to the state court action until we have spoken.

I must once again advise, that proceeding with the lawsuit violates the automatic stay. It will have to be dismissed without prejudice.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Thursday, September 27, 2018 3:11 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Cc:** Kousha Berokim <berokim@berokimduel.com>
**Subject:** Re: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Hello

I apologize but I'm stuck in a deposition today. Can we speak Tuesday afternoon?

--

Kousha Berokim
BEROKIM & DUEL P.C.
*Attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233

BEROKIM@BEROKIMDUEL.COM

On Thu, Sep 27, 2018 at 11:23 AM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

Mr. Berokim,

I will be out of town starting tomorrow throughMonday. I can speak with you this afternoon at your convenience.

Thanks,

Brett Curlee

Sent from my T-Mobile 4G LTE Device

-------- Original message --------

From: Kousha Berokim <berokim@berokimduel.com>

Date: 9/27/18 10:32 AM (GMT-08:00)

To: Brett Curlee <brett.curlee@thecurleelawfirm.com>

Cc: Kousha Berokim <berokim@berokimduel.com>

Subject: Re: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

I have discussed this matter with my client , considered your letter, and spoken to bankruptcy counsel. We would finalize our decision next week.

— 239 —

Do you have a few minutes to speak Monday afternoon?

--

Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233

BEROKIM@BEROKIMDUEL.COM

On Thu, Sep 20, 2018 at 12:29 PM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

Dear Mr. Berokim:

Attached hereto is my second letter demanding that you and your client, Mr. Amos Q. Wellington, immediately dismiss the above-referenced matter.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Brett Curlee
**Sent:** Friday, September 14, 2018 7:59 AM
**To:** 'Kousha Berokim' <berokim@berokimduel.com>
**Subject:** RE: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Hello Mr. Berokim:

See my responses below.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Wednesday, September 12, 2018 3:45 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Subject:** Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

Thank you for your 9/11/18 letter.

You are welcome.

I will further review, discuss with my client, and let you know.

However, as preliminary issue, I have two questions.

1-Has the trustee pursued, or going to pursue, the usury claims against Madison's claim secured by the Wellington residence?

Yes, the Trustee will utilize the usury claims and pursue them either through adversary proceeding, claim objection, or settlement. He reserves all rights regarding such claims and does not authorize the prosecution of such claims by you or your client.

2-I appreciate your position that the Wellington residence is part of the 'debtor's estate'.

Agreed.

Yet, only the second cause of action for 'quiet title' and third cause of action for 'declaratory relief' apply to the the Wellington residence which was used as collateral.

However, as to the first cause of action, the usury claim, specifically as to legal damages, and as to a determination as to the balance of the loan, it is a claim that belongs to non-debtor Amos Wellington, aside from Letitia Wellington's bankruptcy.

The assets of the bankruptcy estate include all rights, claims, and caused of action as defined in 11 U.S.C. Section 541. The Usury claims arise as a result of a contract between the Debtor and Mr. Wellington on the one hand, and Mr. Madison on the other. The Hauser residence is an asset of the estate as are any claims arising from contracts entered into by Mr. and Mrs. Wellington that pertain to property of the estate. The adjudication of contract issues that pertain to estate assets, including usury claims are properly undertaken by the Chapter 7 Trustee in the

bankruptcy court, which has exclusive jurisdiction over estate property. The assets of the Debtor and Mr. Wellington are community property, all of which belong to the bankruptcy estate. Any damages recovered on the usury claims are community property and hence assets of the estate. The Trustee claims all such causes of action in the state court complaint and will resolve them inside of bankruptcy.

Are you agreeable to Amos Wellington filing a first amended complaint, only pursuing the usury claims to the extent of determining his legal damages and the balance of the note, without referencing or seeking remedies as to the underlying deed of trust and the Wellington residence?

No. The claims belong to the estate. Mr. Wellington must stand down from pursuing all such claims and dismiss his state court action. Please dismiss the state court action without prejudice.

Please let me know.

Thank you

--

Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CANON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233

BEROKIM@BEROKIMDUEL.COM

---------- Forwarded message ---------
From: **Brett Curlee** <brett.curlee@thecurleelawfirm.com>
Date: Tue, Sep 11, 2018 at 12:59 PM
Subject: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit
To: berokim@berokimduel.com <berokim@berokimduel.com>

Dear Mr. Berokim:

Please see the attached letter regarding the above lawsuit that your firm filed on behalf of your client, Mr. Amos Wellington.

Please respond as soon as possible.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

| | |
|---|---|
| **From:** | Brett Curlee |
| **Sent:** | Thursday, October 18, 2018 1:00 PM |
| **To:** | 'Kousha Berokim' |
| **Subject:** | FW: FW: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604- Demand to cease and desist from prosecuting state court lawsuit |

Mr. Berokim:

I first advised you on September 7, 2018 on behalf of my client, Wesley H. Avery ("Trustee"), that you and your client needed to dismiss the above-referenced state court lawsuit as it seeks to prosecute legal claims that belong to the bankruptcy estate of In re Letitia Louise Wellington, 2:17-bk-23651-NB (Chapter 7). The Trustee has been most generous in allowing you time to dismiss that lawsuit, but you have failed to comply despite his repeated warnings.

Contrary to your prior representations, it now appears from the Court docket that you and your client are proceeding with litigation as the Defendant has filed an answer and a Case Management Conference is now schedules for December 10, 2018 at 8:30 a.m. in Department 32 at 111 North Hills Street, Los Angeles, CA 90012.

This is your last warning: Immediately dismiss the above-referenced state court lawsuit without prejudice.

If I have not received evidence that the state court action has been dismissed by **5:00 p.m. on Monday October 22, 2018**, the Trustee will proceed to take action in the bankruptcy court to protect the Estate from having its assets dissipated, including, but not limited to holding you and your client in contempt of court for failing and refusing the dismiss the state court lawsuit. The Trustee will seek attorney fees and costs as sanctions against you and your client for violating the automatic stay and to protect the assets of the Estate.

Please note that the Bankruptcy Court do not take violations of the automatic stay lightly, particularly in cases such as this where the Trustee has given you every opportunity to comply with his instructions.

Thanks,
BRETT B. CURLEE
LAW OFFICES OF BRETT CURLEE
11377 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Phone: (310) 203-3084
Fax: (310) 203-3071
Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com>

---

**From:** Brett Curlee
**Sent:** Thursday, October 11, 2018 11:15 AM
**To:** 'Kousha Berokim' <berokim@berokimduel.com>
**Subject:** RE: FW: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Berokim:

I checked online and determined the complaint in the above-referenced lawsuit was served and the Defendant has filed an answer.

Nevertheless, as soon as this matter is dismissed by the end of this week, please provide a copy of the dismissal.

Please note the dismissal must be without prejudice.

Thanks,
BRETT B. CURLEE
LAW OFFICES OF BRETT CURLEE
11377 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Phone: (310) 203-3084
Fax: (310) 203-3071
Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Wednesday, October 10, 2018 7:13 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Cc:** Kousha Berokim <berokim@berokimduel.com>
**Subject:** Re: FW: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

The law suit has not been served; I expect for the action to be dismissed later this week.


--
Kousha Berokim
BEROKIM & DUEL P.C.
Attorneys at law

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233
BEROKIM@BEROKIMDUEL.COM

On Fri, Oct 5, 2018 at 4:17 PM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

Dear Mr. Berokim:


As I have previously advised you, Letitia Louise Wellington has filed bankruptcy. The causes of action that you have set forth in the complaint in the above-referenced state court action belong to Mrs. Wellington's bankruptcy estate. You and your client are in violation of the automatic stay which bars creditors or parties in interest from exercising control over assets that belong to the bankruptcy estate.


This will confirm that I have not received a telephone call from you per our prior emails below and my telephone call today. Nor have I received written confirmation that you will be dismissing the above-referenced lawsuit.


Today at 1:26 p.m. I called to advise you that you and your client must immediately provide written or telephonic confirmation that the above-referenced lawsuit was dismissed or will be dismissed immediately. You have not returned my telephone call. Nor have you dismissed the lawsuit as the chapter 7 trustee demanded pursuant to my prior correspondence dated September 20, 2018 giving you until September 25, 2018 to dismiss the above-referenced lawsuit.


If I have not received written confirmation from you by the close business today, as set forth in my telephonic message, by 5:30 p.m., then the Trustee will proceed with an adversary

action in the bankruptcy court to enjoin you and your client from further efforts to prosecute the above-referenced state court action and to hold you and Mr. Wellington in contempt.

Please also note that the Trustee will seek to recover his attorney fees and costs from you and Mr. Wellington to enforce the Estate's claims the causes of action in the state court complaint. Again, I urge you to strongly consider your position vis-a-vie the rights of the Estate.

No further warning will be given before the adversary action is commenced.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

.

From: Brett Curlee
Sent: Thursday, September 27, 2018 3:27 PM
To: 'Kousha Berokim' <berokim@berokimduel.com>
Subject: RE: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Yes.

After 4:00 p.m. Please call my cell phone. I have hearings so, if I do not pick up, I will call back.


Please advise that you will take no action in regards to the state court action until we have spoken.


I must once again advise, that proceeding with the lawsuit violates the automatic stay. It will have to be dismissed without prejudice.


Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com



**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Thursday, September 27, 2018 3:11 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Cc:** Kousha Berokim <berokim@berokimduel.com>
**Subject:** Re: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit


Hello


I apologize but I'm stuck in a deposition today. Can we speak Tuesday afternoon?

--

Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233

BEROKIM@BEROKIMDUEL.COM

On Thu, Sep 27, 2018 at 11:23 AM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

Mr. Berokim,

I will be out of town starting tomorrow throughMonday. I can speak with you this afternoon at your convenience.

Thanks,

Brett Curlee

Sent from my T-Mobile 4G LTE Device

-------- Original message --------

From: Kousha Berokim <berokim@berokimduel.com>

Date: 9/27/18 10:32 AM (GMT-08:00)

To: Brett Curlee <brett.curlee@thecurleelawfirm.com>

Cc: Kousha Berokim <berokim@berokimduel.com>

Subject: Re: FW: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

I have discussed this matter with my client , considered your letter, and spoken to bankruptcy counsel. We would finalize our decision next week.

Do you have a few minutes to speak Monday afternoon?

--

Kousha Berokim
BEROKIM & DUEL P.C.
*attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233

BEROKIM@BEROKIMDUEL.COM

On Thu, Sep 20, 2018 at 12:29 PM Brett Curlee <brett.curlee@thecurleelawfirm.com> wrote:

Dear Mr. Berokim:

Attached hereto is my second letter demanding that you and your client, Mr. Amos Q. Wellington, immediately dismiss the above-referenced matter.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

---

**From:** Brett Curlee
**Sent:** Friday, September 14, 2018 7:59 AM
**To:** 'Kousha Berokim' <berokim@berokimduel.com>
**Subject:** RE: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Hello Mr. Berokim:

See my responses below.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

**From:** Kousha Berokim [mailto:berokim@berokimduel.com]
**Sent:** Wednesday, September 12, 2018 3:45 PM
**To:** Brett Curlee <brett.curlee@thecurleelawfirm.com>
**Subject:** Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit

Mr. Curlee

Thank you for your 9/11/18 letter.

You are welcome.

I will further review, discuss with my client, and let you know.

However, as preliminary issue, I have two questions.

1-Has the trustee pursued, or going to pursue, the usury claims against Madison's claim secured by the Wellington residence?

Yes, the Trustee will utilize the usury claims and pursue them either through adversary proceeding, claim objection, or settlement. He reserves all rights regarding such claims and does not authorize the prosecution of such claims by you or your client.

2-I appreciate your position that the Wellington residence is part of the 'debtor's estate'.

Agreed.

Yet, only the second cause of action for 'quiet title' and third cause of action for 'declaratory relief' apply to the the Wellington residence which was used as collateral.

However, as to the first cause of action, the usury claim, specifically as to legal damages, and as to a determination as to the balance of the loan, it is a claim that belongs to non-debtor Amos Wellington, aside from Letitia Wellington's bankruptcy.

The assets of the bankruptcy estate include all rights, claims, and caused of action as defined in 11 U.S.C. Section 541. The Usury claims arise as a result of a contract between the Debtor and Mr. Wellington on the one hand, and Mr. Madison on the other. The Hauser residence is an asset of the estate as are any claims arising from contracts entered into by Mr. and Mrs. Wellington that pertain to property of the estate. The adjudication of contract issues that pertain to estate assets, including usury claims are properly undertaken by the Chapter 7 Trustee in the bankruptcy court, which has exclusive jurisdiction over estate property. The assets of the Debtor and Mr. Wellington are community property, all of which belong to the bankruptcy estate. Any damages recovered on the usury claims are community property and hence assets of the estate. The Trustee claims all such causes of action in the state court complaint and will resolve them inside of bankruptcy.

Are you agreeable to Amos Wellington filing a first amended complaint, only pursuing the usury claims to the extent of determining his legal damages and the balance of the note, without referencing or seeking remedies as to the underlying deed of trust and the Wellington residence?

No. The claims belong to the estate. Mr. Wellington must stand down from pursuing all such claims and dismiss his state court action. Please dismiss the state court action without prejudice.

Please let me know.

Thank you

--

Kousha Berokim

BEROKIM & DUEL P.C.

*Attorneys at law*

270 NORTH CAÑON DRIVE, THIRD FLOOR, BEVERLY HILLS, CA 90210
PHONE 310.846.8553 FAX 310.300.1233

BEROKIM@BEROKIMDUEL.COM

---------- Forwarded message ---------
From: **Brett Curlee** <brett.curlee@thecurleelawfirm.com>
Date: Tue, Sep 11, 2018 at 12:59 PM
Subject: Amos Wellington v. Michael Madison, et. al., L.A.S.C. Case No. BC719604-Demand to cease and desist from prosecuting state court lawsuit
To: berokim@berokimduel.com <berokim@berokimduel.com>

Dear Mr. Berokim:

Please see the attached letter regarding the above lawsuit that your firm filed on behalf of your client, Mr. Amos Wellington.

Please respond as soon as possible.

Thanks,

BRETT B. CURLEE

LAW OFFICES OF BRETT CURLEE

11377 W. Olympic Blvd., Suite 200

Los Angeles, CA 90064

Phone: (310) 203-3084

Fax: (310) 203-3071

Brett.Curlee@TheCurleeLawFirm.com<mailto:Brett.Curlee@TheCurleeLawFirm.com

EXHIBIT 12

LAW OFFICES OF
# BRETT CURLEE

11377 WEST OLYMPIC BOULEVARD
SUITE 200
LOS ANGELES, CALIFORNIA 90064
TELEPHONE: (310) 203-3084
FACSIMILE: (310) 203-3071

September 20, 2018

## VIA FIRST CLASS U.S.
## MAIL POSTAGE PREPAID
## AND EMAIL

Kousha Berokim, Esq.
Berokim & Duel, P.C.
270 North Canon Drive
Third Floor
Beverly Hills, CA 90210

Re: In re Letitia Louise Wellington, Bankr. Case No. 2:17-bk-23651-NB (Chapter 7)-Violation of the automatic stay/Demand for dismissal of lawsuit, Amos Wellington v. Michael Madison, L.A.S.C. Case No. BC719604.

Dear Mr. Berokim,

As you know, I represent the chapter 7 trustee, Mr. Wesley H. Avery ("Trustee"), in the above-referenced chapter 7 bankruptcy case. I previously wrote to you on September 11, 2018 demanding that you and your client, Mr. Amos Wellington, immediately dismiss that certain state court action entitled, Amos Wellington v. Michael Madison, L.A.S.C. No. BC 719604 ("State Court Action") as the complaint alleges claim and causes of action for usury, quiet title, and declaratory relief, all of which are assets of the above-referenced bankruptcy estate. This letter constitutes my second demand by the Trustee that the State Court Action be immediately dismissed.

To reiterate, the automatic stay in bankruptcy prohibits acts against the bankruptcy estate or its property. [*11 U.S.C. §362(a)(2)-(4); 11 U.S.C. §541(a)(2)*] Any act to obtain possession of property of the estate, or of property from the estate, or to exercise dominion and control over property of the estate, is prohibited by the stay. [*11 U.S.C. §362(a)(3)*] Causes of action, including but not limited to, contract rights, causes of action, and claim for relief therein are assets of the bankruptcy estate. [*In re Ryerson, 739 F.2d 1423, 1425 (9thCir.1984); Smith v. Arthur Andersen LLP, 421 F.3d 989, 1002 (9thCir.2005)*] The actions taken by you, your firm, and Mr. Wellington in bring the State Court Action based on contract claims belonging to the estate which pertain to the Debtor's residence and which were entered into by the Debtor constitutes a violation of the automatic stay.

The Trustee has not and does not authorize you or Mr. Wellington to litigate all or any of the claims or causes of action in the State Court Action.

As I previously warned you, any attempt to persist in litigating the State Court Action will be met with a motion for civil contempt filed by the Trustee in the bankruptcy court to force you and Mr. Wellington to cease and desist in violating the automatic stay. The Trustee will seek actual damages, including, but not limited to, attorney fees and costs against you, your firm, and Mr. Wellington to force all of you to cease and desist from prosecuting the State Court Action, which belongs to the bankruptcy estate. [*11 U.S.C. §105; In re Pace, 67 F.3d 187, 193-194 (9ᵗʰCir.1995); In re Goodman, 991 F.2d 613, 619-620 (9ᵗʰCir.1993)*]

<u>You and your client have 5 days, until September 25, 2018 to dismiss the State Court Action without prejudice.</u>  If the State Court Action is not dismissed by that date, the Trustee will proceed to take legal action against you and Mr. Amos Wellington for violating the automatic stay.

Please immediately provide a copy of the notice of dismissal of the State Court Action without Prejudice.

Your immediate attention to this matter is required.

Very truly yours,

*[signature]*

BRETT B. CURLEE
FOR
THE LAW OFFICES OF
BRETT CURLEE

**EXHIBIT 13**

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** BC719604
AMOS WELLINGTON VS MICHAEL MADISON

**Filing Courthouse:** Stanley Mosk Courthouse

**Filing Date:** 08/29/2018
**Case Type:** Wrongful Termination (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**12/10/2018** at 08:30 AM in Department 32 at 111 North Hill Street, Los Angeles, CA 90012
Case Management Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

HAVKIN STELLA A. ESQ. - Attorney for Defendant

MADISON MICHAEL - Defendant

WELLINGTON AMOS - Plaintiff

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)

**10/04/2018** Notice of Case Management Conference
Filed by Clerk

**10/02/2018** DEFENDANT'S ANSWER TO COMPLAINT

**10/02/2018** Answer
Filed by Michael Madison (Defendant)

**08/29/2018** NOTICE OF CASE ASSIGNMENT

**08/29/2018** COMPLAINT

- 258-

**08/29/2018** SUMMONS

**08/29/2018** Complaint
Filed by Amos Wellington (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)
None

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Register of Actions (Listed in descending order)

**10/04/2018** Notice of Case Management Conference
Filed by Clerk

**10/02/2018** Answer
Filed by Michael Madison (Defendant)

**10/02/2018** DEFENDANT'S ANSWER TO COMPLAINT

**08/29/2018** NOTICE OF CASE ASSIGNMENT

**08/29/2018** SUMMONS

**08/29/2018** COMPLAINT

**08/29/2018** Complaint
Filed by Amos Wellington (Plaintiff)

-259-

EXHIBIT 14

Law Offices Of Brett Curlee
11377 West Olympic Boulevard
Suite 200
Los Angeles, CA  90064


Invoice submitted to:
Mr. Wesley H. Avery
Chapter 7 Trustee
758 E. Colorado Blvd. Ste. 210
Pasadena, CA 91101-2105
USA


September 21, 2018
In Reference To:  In re Letitia Louise Wellington, Bankr. Case No. 2:17-bk-23651-NB
                 (Chapter 7)-Chapter 7 Trustee representation

Invoice #11271


        Professional Services

                                                        Hrs/Rate      Amount



| | | | Hrs/Rate | Amount |
|---|---|---|---|---|

| Date | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/10/2018 | BBC | Review<br>Research case law re: Chapter 7 Trustee's recovery of attorney fees and costs to enforce the automatic stay via contempt proceedings. | 1.00<br>350.00/hr | 350.00 |
| 9/11/2018 | BBC | Draft<br>Draft letter to attorney Kousha Berokim re: demand for dismissal of state court action filed by Mr. Wellington. | 1.00<br>350.00/hr | 350.00 |
| 9/20/2018 | BBC | Draft<br>Draft 2nd demand letter to Counsel Kousha Berokim, Esq. re: demand dismissal of the lawsuit filed in Los Angeles Superior Court on behalf of Amos Q. Wellington as it violates the automatic stay. | 0.50<br>350.00/hr | 175.00 |



For professional services rendered

Additional Charges :

Qty/Price

| | Qty/Price | Amount |
|---|---|---|

| | | Qty/Price | Amount |
|---|---|---|---|
| 9/11/2018 | $Copying<br>Copy letter and documents to send to attorney Kousha Berokim. | 120<br>0.18 | 21.60 |
| | $Postage<br>Postage to mail letter and documents to attorney Kousha Berokim. | 1<br>2.89 | 2.89 |
| 9/20/2018 | $Copying<br>Copy 2nd letter to Kousha Berokim re: violation of the automatic stay. | 4<br>0.18 | 0.72 |
| | $Postage<br>Postage to mail 2nd letter to Kousha Berokim re: violation of the automatic stay. | 1<br>0.49 | 0.49 |

Total costs

Total amount of this bill

Previous balance

Balance due

Law Offices Of Brett Curlee
11377 West Olympic Boulevard
Suite 200
Los Angeles, CA 90064


Invoice submitted to:
Mr. Wesley H. Avery
Chapter 7 Trustee
758 E. Colorado Blvd. Ste. 210
Pasadena, CA 91101-2105
USA


October 30, 2018
In Reference To: In re Letitia Louise Wellington, Bankr. Case No. 2:17-bk-23651-NB
(Chapter 7)-Chapter 7 Trustee representation

Invoice #11282


### Professional Services

| | Hrs/Rate | Amount |
|---|---|---|



| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/5/2018 BBC | Draft | | 0.40 | 140.00 |
| | Draft email to the state court attorney for Amos Wellington re: dismissing state court lawsuit. | | 350.00/hr | |
| 10/11/2018 BBC | Draft | | 0.30 | 105.00 |
| | Draft email to the state court attorney, requesting evidence that the state court action for usury has been dismissed. | | 350.00/hr | |

- 263

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/18/2018 | BBC | Draft<br>Draft email to attorney Kousha Berokim re: demand by the Chapter 7 Trustee that the state court lawsuit filed by Amos Wellington be dismissed. | 0.50<br>350.00/hr | 175.00 |
| 10/28/2018 | BBC | Draft<br>Draft Motion for Contempt. | 3.00<br>350.00/hr | 1,050.00 |
| 10/29/2018 | BBC | Draft<br>Complete Drafting Motion for Contempt of Court. | 2.00<br>350.00/hr | 700.00 |
| 10/30/2018 | BBC | Revise<br>Revise Motion for Contempt of Court. | 1.50<br>350.00/hr | 525.00 |
| | BBC | Draft<br>Draft Notice of Motion for Contempt of Court. | 0.40<br>350.00/hr | 140.00 |
| | BBC | Attend Hearing<br>Attend Hearing on Motion for Contempt.  (Estimated) | 2.50<br>350.00/hr | 875.00 |
| | BBC | Draft<br>Draft Order to Show Cause re: Contempt. | 0.80<br>350.00/hr | 280.00 |

For professional services rendered ▌▌▌ ▌▌▌▌▌

Additional Charges :

| | Qty/Price |
|---|---|

▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

| | | Qty/Price | |
|---|---|---|---|
| 10/30/2018 | $Copying<br>Copy of Motion for Contempt of Court.  (Estimated) | 1<br>40.00 | 40.00 |
| | $Postage<br>Postage to mail Notice of Motion and Motion for Contempt of Court. (Estimated) | 1<br>30.00 | 30.00 |
| | $Parking<br>Parking to Attend Hearing on Motion for Contempt. (Estimated) | 1<br>8.00 | 8.00 |

Total costs ▌▌▌▌

Total amount of this bill ▌▌▌▌▌

Previous balance ▌▌▌▌

Amount

Balance due

Law Offices Of Brett Curlee
11377 West Olympic Boulevard
Suite 200
Los Angeles, CA 90064


Invoice submitted to:
Mr. Wesley H. Avery
Chapter 7 Trustee
758 E. Colorado Blvd. Ste. 210
Pasadena, CA 91101-2105
USA


September 21, 2018
In Reference To: In re Letitia Louise Wellington, Bankr. Case No. 2:17-bk-23651-NB
(Chapter 7)-Chapter 7 Trustee representation

Invoice #11271


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/24/2018 | BBC | Telephone Conf.<br>Telephone conference with the attorney for the Debtor re: Stipulation to Sell the Hauser Property. | 1.00<br>350.00/hr | 350.00 |
| 8/9/2018 | BBC | Revise<br>Revise Stipulation to Sell the Hauser Property. | 2.00<br>350.00/hr | 700.00 |
| 8/14/2018 | BBC | Telephone Conf.<br>Telephone conference with the Debtor's attorney re: final changes to the stipulation. | 0.20<br>350.00/hr | 70.00 |
|  | BBC | Revise<br>Revise Stipulation to sell the Hauser Property. | 0.20<br>350.00/hr | 70.00 |
| 8/15/2018 | BBC | Telephone Conf.<br>Telephone conference with the Debtor's attorney re: refusal of the Debtor and her spouse to sign the stipulation to sell the Hauser Property. | 0.20<br>350.00/hr | 70.00 |
| 8/16/2018 | BBC | Telephone Conf.<br>Telephone conference with Counsel for Mr. Madison re: refusal of the Debtor and her spouse to sing stipulation to sell the Hauser Property. | 0.20<br>350.00/hr | 70.00 |
|  | BBC | Draft<br>Draft email to the Debtor's attorney re: proceeding with the marketing and sale of the Hauser Property. | 0.30<br>350.00/hr | 105.00 |
|  | BBC | Draft<br>Draft email to the Debtor's attorney re: Requirement that the Debtor appear at the continued 341a creditors meeting on August 23, 2018. | 0.40<br>350.00/hr | 140.00 |

— 266 —

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/23/2018 | BBC | Attend Hearing<br>Attend Continued 341a creditors meeting to question Debtor. | 3.00<br>350.00/hr | 1,050.00 |
| 8/31/2018 | BBC | Telephone Conf.<br>Telephone conference with the Debtor's attorney re: Debtor's vehicles,<br>mortgage information, move out date, documents to be produced. | 0.20<br>350.00/hr | 70.00 |
| 9/3/2018 | BBC | Draft<br>Draft Motion to Compromise Controversy re: Hauser Property. | 3.00<br>350.00/hr | 1,050.00 |
| | BBC | Revise<br>Revise 9019 Motion re: Hauser Property. | 1.00<br>350.00/hr | 350.00 |
| | BBC | Draft<br>Draft Notice of 9019 Motion re: Hauser Property. | 0.30<br>350.00/hr | 105.00 |
| 9/10/2018 | BBC | Review<br>Research case law re: Chapter 7 Trustee's recovery of attorney fees<br>and costs to enforce the automatic stay via contempt proceedings. | 1.00<br>350.00/hr | 350.00 |
| 9/11/2018 | BBC | Draft<br>Draft letter to attorney Kousha Berokim re: demand for dismissal of<br>state court action filed by Mr. Wellington. | 1.00<br>350.00/hr | 350.00 |
| 9/20/2018 | BBC | Draft<br>Draft 2nd demand letter to Counsel Kousha Berokim, Esq. re: demand<br>dismissal of the lawsuit filed in Los Angeles Superior Court on behalf<br>of Amos Q. Wellington as it violates the automatic stay. | 0.50<br>350.00/hr | 175.00 |
| | BBC | Review<br>Review document produced by the Debtor at the 341a creditors<br>meeting on August 23, 2018. | 2.00<br>350.00/hr | 700.00 |
| | BBC | Draft<br>Draft email to the Debtor re: additional documents to be produced for<br>continued 341a creditors meeting on October 11, 2018. | 0.60<br>350.00/hr | 210.00 |

| | | |
|---|---|---|
| For professional services rendered | 17.10 | $5,985.00 |

Additional Charges :

| | | | Qty/Price | |
|---|---|---|---|---|
| 8/23/2018 | $Parking<br>Parking for the Continued 341a creditors meeting. | | 1<br>15.00 | 15.00 |
| 9/4/2018 | $Copying<br>Copy Notice of 9019 Motion re: Hauser Property. | | 300<br>0.18 | 54.00 |
| | $Copying<br>Copy Motion to Compromise Controversy re: Hauser Property. | | 117<br>0.18 | 21.06 |

| | Qty/Price | Amount |
|---|---|---|
| 9/4/2018 $Postage<br>Postage to mail 9019 Motion to the Debtor and her Spouse. | 2<br>1.84 | 3.68 |
| $Postage<br>Postage to mail Notice of 9019 Motion to Creditors. | 22<br>0.68 | 14.96 |
| 9/11/2018 $Copying<br>Copy letter and documents to send to attorney Kousha Berokim. | 120<br>0.18 | 21.60 |
| $Postage<br>Postage to mail letter and documents to attorney Kousha Berokim. | 1<br>2.89 | 2.89 |
| 9/20/2018 $Copying<br>Copy 2nd letter to Kousha Berokim re: violation of the automatic stay. | 4<br>0.18 | 0.72 |
| $Postage<br>Postage to mail 2nd letter to Kousha Berokim re: violation of the automatic stay. | 1<br>0.49 | 0.49 |

| | |
|---|---|
| Total costs | $134.40 |
| Total amount of this bill | $6,119.40 |
| Previous balance | $5,232.32 |
| Balance due | $11,351.72 |

Law Offices Of Brett Curlee
11377 West Olympic Boulevard
Suite 200
Los Angeles, CA 90064


Invoice submitted to:
Mr. Wesley H. Avery
Chapter 7 Trustee
758 E. Colorado Blvd. Ste. 210
Pasadena, CA 91101-2105
USA


October 30, 2018
In Reference To:  In re Letitia Louise Wellington, Bankr. Case No. 2:17-bk-23651-NB
(Chapter 7)-Chapter 7 Trustee representation

Invoice #11282


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/1/2018 | BBC | Telephone Conf.<br>Telephone conference with the Debtor's real estate agent re: status of the Debtor and her spouse moving out of the Hauser Property. | 0.20<br>350.00/hr | 70.00 |
|  | BBC | Draft<br>Draft email to the Chapter 7 Trustee re: status of the Debtor and her spouse moving out of the Hauser Property. | 0.30<br>350.00/hr | 105.00 |
|  | BBC | Draft<br>Draft Order on 9019 Motion. | 0.30<br>350.00/hr | 105.00 |
| 10/4/2018 | BBC | Miscellaneous<br>Draft email re: analysis of equity in the 1353 Hauser Property. | 0.30<br>350.00/hr | 105.00 |
|  | BBC | Telephone Conf.<br>Telephone conference with the chapter 7 trustee re: taking 1353 Hauser off the market for a few weeks. | 0.10<br>350.00/hr | 35.00 |
|  | BBC | Telephone Conf.<br>Telephone conference with the Chapter 7 Trustee's real estate agent re: authorization to take the 1353 Hauser Property off the market for a few weeks. | 0.10<br>350.00/hr | 35.00 |
| 10/5/2018 | BBC | Draft<br>Draft email to the state court attorney for Amos Wellington re: dismissing state court lawsuit. | 0.40<br>350.00/hr | 140.00 |
| 10/11/2018 | BBC | Draft<br>Draft email to the state court attorney, requesting evidence that the state court action for usury has been dismissed. | 0.30<br>350.00/hr | 105.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/18/2018 | BBC | Draft<br>Draft email to attorney Kousha Berokim re: demand by the Chapter 7 Trustee that the state court lawsuit filed by Amos Wellington be dismissed. | 0.50<br>350.00/hr | 175.00 |
| 10/28/2018 | BBC | Draft<br>Draft Motion for Contempt. | 3.00<br>350.00/hr | 1,050.00 |
| 10/29/2018 | BBC | Draft<br>Complete Drafting Motion for Contempt of Court. | 2.00<br>350.00/hr | 700.00 |
| 10/30/2018 | BBC | Revise<br>Revise Motion for Contempt of Court. | 1.50<br>350.00/hr | 525.00 |
| | BBC | Draft<br>Draft Notice of Motion for Contempt of Court. | 0.40<br>350.00/hr | 140.00 |
| | BBC | Attend Hearing<br>Attend Hearing on Motion for Contempt.  (Estimated) | 2.50<br>350.00/hr | 875.00 |
| | BBC | Draft<br>Draft Order to Show Cause re: Contempt. | 0.80<br>350.00/hr | 280.00 |
| | | For professional services rendered | 12.70 | $4,445.00 |

Additional Charges :

| | | | Qty/Price | |
|---|---|---|---|---|
| 10/1/2018 | $Copying<br>Copy Notice of Lodgment of Order Approving 9019 Motion. | | 14<br>0.18 | 2.52 |
| | $Postage<br>Postage to mail Notice of Lodgment of 9019 Motion. | | 1<br>0.47 | 0.47 |
| 10/30/2018 | $Copying<br>Copy of Motion for Contempt of Court.  (Estimated) | | 1<br>40.00 | 40.00 |
| | $Postage<br>Postage to mail Notice of Motion and Motion for Contempt of Court. (Estimated) | | 1<br>30.00 | 30.00 |
| | $Parking<br>Parking to Attend Hearing on Motion for Contempt. (Estimated) | | 1<br>8.00 | 8.00 |
| | Total costs | | | $80.99 |
| | Total amount of this bill | | | $4,525.99 |
| | Previous balance | | | $11,351.72 |

|                | Amount       |
|----------------|--------------|
| Balance due    | $15,877.71   |

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Law Offices of Brett Curlee, 11377 West Olympic Boulevard, Suite 200, Los Angeles, CA 90064.

A true and correct copy of the foregoing document entitled: MOTION FOR ISSUANCE OF ORDER DIRECTING AMOS Q. WELLINGTON, KOUSHA BEROKIM, AND BEROKIM & DUEL P.C. TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CIVIL CONTEMPT OF COURT (FRBP 9020); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF BRETT B. CURLEE AND WESLEY H. AVERY IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 1, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Chapter 7 Trustee: Wesley H Avery (TR)    wes@averytrustee.com, C117@ecfcbis.com;lucy@averytrustee.com;alexandria@averytrustee.com
- Attorney for the Chapter 7 Trustee: Brett B Curlee    brett.curlee@thecurleelawfirm.com
- Attorney for the Debtor: Sanaz S Bereliani    berelianilaw@gmail.com, chris@berelianilaw.com;r48595@notify.bestcase.com
- Creditor's Attorney: Michael F Chekian    mike@cheklaw.com
- Creditor's Attorney: Stella A Havkin    stella@havkinandshrago.com, havkinlaw@earthlink.net;r49306@notify.bestcase.com
- Creditor's Attorney: Merdaud Jafarnia    bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- United States Trustee: United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Creditor's Attorney: Kristin A Zilberstein    ecfnotifications@ghidottilaw.com

**2. SERVED BY UNITED STATES MAIL**: On November 1, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Amos Q. Wellington
1353 Hauser Boulevard
Los Angeles, CA 90039

Amos Q. Wellington
PO Box 351000
Los Angeles, CA 90035

//
//

- 272 -

1   Kousha Berokim, Esq.
    Berokim & Duel, P.C.
2   270 North Canon Drive, Third Floor
    Beverly Hills, CA 90210
3
    Berokim & Duel, P.C.
4   C/O Kousha Berokim, Esq.
    270 North Canon Drive, Third Floor
5   Beverly Hills, CA 90210

6
                                    ☐   Service information continued on attached page
7
    **3.     SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE**
8   **TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant
    to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following
9   persons and/or entities by personal delivery, overnight mail service, or (for those who
    consented in writing to such service method), by facsimile transmission and/or email as
10  follows.   Listing the judge here constitutes a declaration that personal delivery on, or
    overnight mail to, the judge will be completed no later than 24 hours after the document
11  is filed.
                                    ☐   Service information continued on attached page
12
    I declare under penalty of perjury under the laws of the United States that the foregoing
13  is true and correct.

14  November 1, 2018          Brett B. Curlee              *Signature*
    *Date*                    *Printed Name*

15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 273 -